UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------x

GEORGE W. BROWN,

                    Plaintiff,

          -against-

THE BROOKDALE HOSPITAL MEDICAL CENTER,
SANJEEV RAJPAL, M.D., CLASS SURGERY
BROOKLYN GROUP, P.C., THE MOUNT SINAI
HOSPITAL, HOWARD CHOI, M.D., DANIELLE
PERRET, M.D., BRIAN RIORDAN, M.D., NEW
FRANKLIN REHABILITATION & HEALTH CARE
FACILITY, LLC, FRANKLIN CENTER FOR
REHABILITATION & NURSING, INC., FRANKLIN
CENTER FOR REHABILITATION & NURSING,
ISRAEL SHERMAN, WILLIAM DUKE, M.D.,
HILLSIDE MANOR COMPREHENSIVE CARE
CENTER, and THE NEW YORK HOSPITAL
MEDICAL CENTER OF QUEENS,

                    Defendants.

------------------------------------------x

**ANSWER**

08 CV 1093

JURY TRIAL DEMANDED

        Defendant NEW FRANKLIN REHABILITATION & HEALTH CARE FACILITY, LLC, sued herein incorrectly as NEW FRANKLIN REHABILITATION & HEALTH CARE FACILITY, LLC, FRANKLIN CENTER FOR REHABILITATION & NURSING, INC., FRANKLIN CENTER FOR REHABILITATION & NURSING, by its attorneys, KOPFF, NARDELLI & DOPF LLP, answers the plaintiff's Complaint as follows, upon information and belief:

        1.    Denies each and every allegation contained in the paragraphs of the Complaint designated "2", "3", "4", "7", "80" and "81".

        2.    Denies knowledge or information sufficient to form a belief as to each and every allegation contained in the paragraphs of the Complaint designated "1", "5", "6", "8", "9", "10", "11", "13",

{A0268407.DOC}

1

"30", "31", "32", "37", "38", "39", "40", "41", "42", "43", "44", "45", "46", "47", "48", "49", "50", "51", "52", "53", "54", "55", "56", "57", "58", "59", "60", "61", "62", "63", "64", "65", "66", "67", "68", "69", "70", "71", "72", "73", "74", "75", "76", "77", "78" and "79".

<u>AS TO THE FIRST ALLEGED CAUSE OF ACTION</u>

3.    Defendant repeats and reiterates each denial and every denial of knowledge or information sufficient to form a belief as to each of the allegations of the Complaint reiterated and realleged by the plaintiff in the paragraph of the Complaint designated "82".

4.    Denies knowledge or information sufficient to form a belief as to each and every allegation contained in the paragraphs of the Complaint designated "83", "84", "90", "91", "92" and "97".

5.    Denies each and every allegation contained in the paragraphs of the Complaint designated "85", "86", "87", "88", "89", "93", "94", "95" and "96".

<u>AS TO THE SECOND ALLEGED CAUSE OF ACTION</u>

6.    Defendant repeats and reiterates each denial and every denial of knowledge or information sufficient to form a belief as to each of the allegations of the Complaint reiterated and realleged by the plaintiff in the paragraph of the Complaint designated "98".

7.    Denies knowledge or information sufficient to form a belief as to each and every allegation contained in the paragraph of the Complaint designated "99".

{A0268407.DOC}

8.    Denies each and every allegation contained in the paragraphs of the Complaint designated "100", "101", "102", "103", "104", "105", "106", "107" and "108".

<u>AS TO THE THIRD ALLEGED CAUSE OF ACTION</u>

9.    Defendant repeats and reiterates each denial and every denial of knowledge or information sufficient to form a belief as to each of the allegations of the Complaint reiterated and realleged by the plaintiff in the paragraph of the Complaint designated "109".

10.    Denies knowledge or information sufficient to form a belief as to each and every allegation contained in the paragraphs of the Complaint designated "110", "113" and "117".

11.    Denies each and every allegation contained in the paragraphs of the Complaint designated "111", "112", "114", "115", "116", "118" and "119".

<u>AS TO THE FOURTH ALLEGED CAUSE OF ACTION</u>

12.    Defendant repeats and reiterates each denial and every denial of knowledge or information sufficient to form a belief as to each of the allegations of the Complaint reiterated and realleged by the plaintiff in the paragraph of the Complaint designated "120".

13.    Denies knowledge or information sufficient to form a belief as to each and every allegation contained in the paragraphs of the Complaint designated "121", "122", "123", "124", "125", "126", "127", "128" and "129".

{A0268407.DOC}

14.    Denies knowledge or information sufficient to form a belief as to each and every allegation contained in the paragraph of the Complaint designated "130".

### AS TO THE FIFTH ALLEGED CAUSE OF ACTION

15.    Defendant repeats and reiterates each denial and every denial of knowledge or information sufficient to form a belief as to each of the allegations of the Complaint reiterated and realleged by the plaintiff in the paragraph of the Complaint designated "131".

16.    Denies knowledge or information sufficient to form a belief as to each and every allegation contained in the paragraphs of the Complaint designated "132", "133", "134", "135", "136", "137", "138", "139", "140", "141" and "142".

### AS TO THE SIXTH ALLEGED CAUSE OF ACTION

17.    Defendant repeats and reiterates each denial and every denial of knowledge or information sufficient to form a belief as to each of the allegations of the Complaint reiterated and realleged by the plaintiff in the paragraph of the Complaint designated "143".

18.    Denies knowledge or information sufficient to form a belief as to each and every allegation contained in the paragraphs of the Complaint designated "144", "145", "146", "147", "148", "149", "150", "151", "152" and "153".

### AS TO THE SEVENTH ALLEGED CAUSE OF ACTION

19.    Defendant repeats and reiterates each denial and every denial of knowledge or information sufficient to form a belief as to

{A0268407.DOC}

4

each of the allegations of the Complaint reiterated and realleged by the plaintiff in the paragraph of the Complaint designated "154".

20.    Denies knowledge or information sufficient to form a belief as to each and every allegation contained in the paragraphs of the Complaint designated "155", "156", "157", "158", "159", "160" and "165".

21.    Denies each and every allegation contained in the paragraphs of the Complaint designated "161", "162", "163" and "164".

<u>AS TO THE EIGHTH ALLEGED CAUSE OF ACTION</u>

22.    Defendant repeats and reiterates each denial and every denial of knowledge or information sufficient to form a belief as to each of the allegations of the Complaint reiterated and realleged by the plaintiff in the paragraph of the Complaint designated "166".

23.    Denies knowledge or information sufficient to form a belief as to each and every allegation contained in the paragraphs of the Complaint designated "167", "168", "169", "170", "171", "172" and "177".

24.    Denies each and every allegation contained in the paragraphs of the Complaint designated "173", "174", "175" and "176".

<u>DAMAGES</u>

25.    Denies each and every allegation contained in the paragraph of the Complaint designated "178".

{A0268407.DOC}

CERTIFICATE OF MERIT

26.    Denies knowledge or information sufficient to form a belief as to each and every allegation contained in the paragraph of the Complaint designated "179".

AS AND FOR A FIRST AFFIRMATIVE DEFENSE, DEFENDANT
NEW FRANKLIN REHABILITATION & HEALTH CARE
FACILITY, LLC ALLEGES UPON INFORMATION AND BELIEF:

27.    That proper service of process was never effectuated upon the defendant in accordance with the New York Civil Practice Law and Rules, Section 311, and this Court lacks personal jurisdiction over the defendant.

AS AND FOR A SECOND AFFIRMATIVE DEFENSE, DEFENDANT
NEW FRANKLIN REHABILITATION & HEALTH CARE
FACILITY, LLC ALLEGES UPON INFORMATION AND BELIEF:

28.    Whatever injuries plaintiff may have sustained at the time and place alleged in the Complaint were caused in whole or in part or were contributed to by the culpable conduct and want of care on the part of the plaintiff and without any negligence or fault or want of care on the part of the defendant and that any award will thereby be proportionately diminished or barred.

AS AND FOR A THIRD AFFIRMATIVE DEFENSE, DEFENDANT
NEW FRANKLIN REHABILITATION & HEALTH CARE
FACILITY, LLC ALLEGES UPON INFORMATION AND BELIEF:

29.    Whatever non-economic injuries plaintiff may have sustained as a result of the wrongdoing alleged in the Complaint will be limited as to the answering defendant by Article 16 of the New York State Civil Practice Law and Rules.

{A0268407.DOC}

AS AND FOR A FOURTH AFFIRMATIVE DEFENSE, DEFENDANT
NEW FRANKLIN REHABILITATION & HEALTH CARE
FACILITY, LLC ALLEGES UPON INFORMATION AND BELIEF:

30.  Any damages awarded to plaintiff are subject to a set off pursuant to CPLR 4545, to the extent plaintiff received any reimbursement of his damages through any collateral source provider including but not limited to insurer, Workers' Compensation or Social Security/Disability.

WHEREFORE, defendant NEW FRANKLIN REHABILITATION & HEALTH CARE FACILITY, LLC demands judgment dismissing the Complaint herein, together with the costs and disbursements of this action.

Dated:    New York, New York
          March 25, 2008

                              Yours, etc.,

                              KOPFF, NARDELLI & DOPF LLP

                    By:  _____
                              Victor C. Piacentile (1539)
                              Attorneys for Defendant
                              NEW  FRANKLIN  REHABILITATION  &
                              HEALTH CARE FACILITY, LLC
                              440 Ninth Avenue
                              15th Floor
                              New York, New York 10001
                              (212) 244-2999

TO:   LEAHEY & JOHNSON, PC
      Attorneys for Plaintiff
      120 Wall Street, Suite 2220
      New York, New York  10005
      (212) 269-7308

      MARTIN CLEARWATER & BELL
      Attorneys for Defendant
      THE BROOKDALE HOSPITAL MEDICAL CENTER
      220 East 42nd Street
      New York, New York  10017

{A0268407.DOC}

7

BELAIR & EVANS, LLP
Attorneys for Defendant
SANJEEV RAJPAL, M.D.
61 Broadway - Suite 1320
New York, New York  10006
(212) 344-3900

CLASS SURGERY BROOKLYN GROUP, P.C.
Defendant
1633 Remsen Street
Brooklyn, New York  11236

THE MOUNT SINAI HOSPITAL
Defendant
One Gustave L. Levy Place
New York, New York  10029

HOWARD CHOI, M.D.
Defendant
One Gustave L. Levy Place
New York, New York  10029

DANIELLE PERRET, M.D.
Defendant
One Gustave L. Levy Place
New York, New York  10029

BRIAN RIORDAN, M.D.
Defendant
One Gustave L. Levy Place
New York, New York  10029

FUREY, FUREY, LEVERAGE, MANZIONE
WILLIAMS & DARLINGTON, P.C.
Attorneys For Defendant
HILLSIDE MANOR COMPREHENSIVE CARE CENTER
600 Front Street
Hempstead, New York  11550-4494
(516) 538-2500

THE NEW YORK HOSPITAL MEDICAL CENTER OF QUEENS
Defendant
56-45 Main Street
Flushing, New York

{A0268407.DOC}

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------x

GEORGE W. BROWN,

                    Plaintiff,                      DEMAND FOR
                                                    INTERROGATORIES

         -against-

THE BROOKDALE HOSPITAL MEDICAL CENTER,
SANJEEV RAJPAL, M.D., CLASS SURGERY
BROOKLYN GROUP, P.C., THE MOUNT SINAI
HOSPITAL, HOWARD CHOI, M.D., DANIELLE
PERRET, M.D., BRIAN RIORDAN, M.D., NEW
FRANKLIN REHABILITATION & HEALTH CARE
FACILITY, LLC, FRANKLIN CENTER FOR
REHABILITATION & NURSING, INC., FRANKLIN
CENTER FOR REHABILITATION & NURSING,
ISRAEL SHERMAN, WILLIAM DUKE, M.D.,
HILLSIDE MANOR COMPREHENSIVE CARE
CENTER, and THE NEW YORK HOSPITAL
MEDICAL CENTER OF QUEENS,

                    Defendants.

----------------------------------------x

C O U N S E L :

         PLEASE TAKE NOTICE, that pursuant to Rule 33 of the Federal

Rules of Civil Procedure, the plaintiff is required to serve upon the

undersigned attorneys for defendant NEW FRANKLIN REHABILITATION & HEALTH

CARE FACILITY, LLC, sued herein incorrectly as NEW FRANKLIN

REHABILITATION & HEALTH CARE FACILITY, LLC, FRANKLIN CENTER FOR

REHABILITATION & NURSING, INC., FRANKLIN CENTER FOR REHABILITATION &

NURSING, in writing and duly sworn to by the plaintiff, within the time

specified in said Rule and each answer to be set forth completely and

fully as required by said Rule, individual answers to the

Interrogatories hereinafter set forth.

{A0268407.DOC}

1

PLEASE TAKE FURTHER NOTICE, that these Interrogatories are deemed to be continuing up to and including the first day of trial of this action. The Demand is hereby made upon the plaintiff that he serve upon the undersigned attorneys for defendant, written amended answers to Interrogatories containing any information obtained by him concerning the subject matter of these Interrogatories which is obtained subsequent to the service and filing of the original answer to these Interrogatories.

1.    State the full name and last known address, giving the street, street number, city and state of every person known to plaintiff or plaintiff's attorneys who has any relevant knowledge regarding the facts and/or circumstances of the claim against the defendant in this case, or of the alleged injuries including all medical witnesses and other persons having any knowledge thereto. If any of the witnesses listed above or who might be used at the trial are related to plaintiff or to each other, please state the nature of such relationship.

2.    Compute and itemize in complete detail any and all monies expended or expenses incurred for the medical care, hospital, doctors, nurses, x-rays, laboratory work, and medicines, in connection with the injury alleged herein, and include:

(a)    The total amount of each bill;

(b)    The person to whom such amount was paid; and

(c)    The service or thing for which the bill was rendered.

3.    Compute and itemize each category of damages, such as any and all other losses and expenses which are not otherwise set forth

{A0268407.DOC}

2

above, including any and all monies which it is anticipated will be expended in the future in connection with the injuries complained of, giving the name and address of each person, firm or corporation to be paid, the amount of each anticipated payment and the nature of the service to be rendered or thing for which such payments are anticipated.

4. State and acknowledge the existence of any medical, psychiatric or psychological and hospital records or documents pertaining to plaintiff which are or may be relevant to the claims and injuries alleged in the Complaint of this action. For each such relevant document set forth above, state:

(a) The custodian of each document;

(b) The location of each document; and

(c) A general description of each document including any document or record identification number of each document.

5. State and list any and all other relevant physical evidence pertaining to plaintiff and/or the injuries alleged in the Complaint, including but not limited to:

(a) All x-ray films pertaining to plaintiff;

(b) All written instructions or other documents received by plaintiff in connection with her medical care;

(c) All electronically recorded conversations between plaintiff and defendants;

(d) Any and all photographs, films or videotapes of plaintiff;

{A0268407.DOC}

3

(e)    Any other physical evidence not enumerated above.

6.    For each species of physical evidence set forth above, state:

(a)    The custodian of each item of physical evidence;

(b)    The location of each item of physical evidence; and

(c)    The general description for each item of physical evidence, as well as any identifying number, letter or information for each item of physical evidence.

7.    Set forth all residence address(es) of plaintiff for the last ten years, including the dates of residence at the enumerated address(es).

Dated:    New York, New York
          March 25, 2008

                                        Yours, etc.,

                                        KOPFF, NARDELLI & DOPF LLP

                          By:    _____
                                 Victor C. Piacentile (1539)
                                 Attorney for Defendant
                                 NEW   FRANKLIN   REHABILITATION   &
                                 HEALTH CARE FACILITY, LLC
                                 440 Ninth Avenue
                                 15th Floor
                                 New York, New York 10001
                                 (212) 244-2999

TO:    LEAHEY & JOHNSON, PC
       Attorneys for Plaintiff
       120 Wall Street, Suite 2220
       New York, New York  10005
       (212) 269-7308

{A0268407.DOC}

4

MARTIN CLEARWATER & BELL
Attorneys for Defendant
THE BROOKDALE HOSPITAL MEDICAL CENTER
220 East 42nd Street
New York, New York  10017

SANJEEV RAJPAL, M.D.
Defendant
1633 Remsen Street
Brooklyn, New York  11236

CLASS SURGERY BROOKLYN GROUP, P.C.
Defendant
1633 Remsen Street
Brooklyn, New York  11236

THE MOUNT SINAI HOSPITAL
Defendant
One Gustave L. Levy Place
New York, New York  10029

HOWARD CHOI, M.D.
Defendant
One Gustave L. Levy Place
New York, New York  10029

DANIELLE PERRET, M.D.
Defendant
One Gustave L. Levy Place
New York, New York  10029

BRIAN RIORDAN, M.D.
Defendant
One Gustave L. Levy Place
New York, New York  10029

HILLSIDE MANOR COMPREHENSIVE CARE CENTER
Defendant
118-11 Hillside Avenue
Hollis, New York  11243

THE NEW YORK HOSPITAL MEDICAL CENTER OF QUEENS
Defendant
56-45 Main Street
Flushing, New York

{A0268407.DOC}

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------x

GEORGE W. BROWN,

                        Plaintiff,

        -against-

THE BROOKDALE HOSPITAL MEDICAL CENTER,
SANJEEV RAJPAL, M.D., CLASS SURGERY
BROOKLYN GROUP, P.C., THE MOUNT SINAI
HOSPITAL, HOWARD CHOI, M.D., DANIELLE
PERRET, M.D., BRIAN RIORDAN, M.D., NEW
FRANKLIN REHABILITATION & HEALTH CARE
FACILITY, LLC, FRANKLIN CENTER FOR
REHABILITATION & NURSING, INC., FRANKLIN
CENTER FOR REHABILITATION & NURSING,
ISRAEL SHERMAN, WILLIAM DUKE, M.D.,
HILLSIDE MANOR COMPREHENSIVE CARE
CENTER, and THE NEW YORK HOSPITAL
MEDICAL CENTER OF QUEENS,

                      Defendants.

-----------------------------------------x

**RULE 7.1 STATEMENT**

Case No.: 08 CV 1093

**JURY TRIAL
DEMANDED**

        Pursuant to Rule 7.1 of the local rules of the US District Court for the Southern and Eastern Districts of New York and to enable Judges and Magistrate Judges of the Court to evaluate possible disqualifications or recusal, the undersigned counsel for NEW FRANKLIN REHABILITATION & HEALTH CARE FACILITY, LLC, sued herein incorrectly as NEW FRANKLIN REHABILITATION & HEALTH CARE FACILITY, LLC, FRANKLIN CENTER FOR REHABILITATION & NURSING, INC., FRANKLIN CENTER FOR REHABILITATION & NURSING (a private non-governmental party), certifies that the following are corporate parents, affiliates and/or subsidiaries of said party which are publicly held: **NONE.**

Dated:    New York, New York
          March 25, 2008

{A0268407.DOC}

Yours, etc.,

KOPFF, NARDELLI & DOPF LLP

By:  _____

Victor C. Piacentile
Attorneys for Defendant
NEW FRANKLIN REHABILITATION &
HEALTH CARE FACILITY, LLC
440 Ninth Avenue
15th Floor
New York, New York 10001
(212) 244-2999

TO:   LEAHEY & JOHNSON, PC
      Attorneys for Plaintiff
      120 Wall Street, Suite 2220
      New York, New York  10005
      (212) 269-7308

      MARTIN CLEARWATER & BELL
      Attorneys for Defendant
      THE BROOKDALE HOSPITAL MEDICAL CENTER
      220 East 42nd Street
      New York, New York  10017

      BELAIR & EVANS, LLP
      Attorneys for Defendant
      SANJEEV RAJPAL, M.D.
      61 Broadway – Suite 1320
      New York, New York  10006
      (212) 344-3900

      CLASS SURGERY BROOKLYN GROUP, P.C.
      Defendant
      1633 Remsen Street
      Brooklyn, New York  11236

      THE MOUNT SINAI HOSPITAL
      Defendant
      One Gustave L. Levy Place
      New York, New York  10029

      HOWARD CHOI, M.D.
      Defendant
      One Gustave L. Levy Place
      New York, New York  10029

{A0268407.DOC}

DANIELLE PERRET, M.D.
Defendant
One Gustave L. Levy Place
New York, New York  10029

BRIAN RIORDAN, M.D.
Defendant
One Gustave L. Levy Place
New York, New York  10029

FUREY, FUREY, LEVERAGE, MANZIONE
WILLIAMS & DARLINGTON, P.C.
Attorneys For Defendant
HILLSIDE MANOR COMPREHENSIVE CARE CENTER
600 Front Street
Hempstead, New York  11550-4494
(516) 538-2500

THE NEW YORK HOSPITAL MEDICAL CENTER OF QUEENS
Defendant
56-45 Main Street
Flushing, New York

{A0268407.DOC}

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------x

GEORGE W. BROWN,

                          Plaintiff,

          -against-

THE BROOKDALE HOSPITAL MEDICAL CENTER,
SANJEEV RAJPAL, M.D., CLASS SURGERY
BROOKLYN GROUP, P.C., THE MOUNT SINAI
HOSPITAL, HOWARD CHOI, M.D., DANIELLE
PERRET, M.D., BRIAN RIORDAN, M.D., NEW
FRANKLIN REHABILITATION & HEALTH CARE
FACILITY, LLC, FRANKLIN CENTER FOR
REHABILITATION & NURSING, INC., FRANKLIN
CENTER FOR REHABILITATION & NURSING,
ISRAEL SHERMAN, WILLIAM DUKE, M.D.,
HILLSIDE MANOR COMPREHENSIVE CARE
CENTER, and THE NEW YORK HOSPITAL
MEDICAL CENTER OF QUEENS,

                        Defendants.

----------------------------------------x

**ANSWER**

08 CV 1093

JURY TRIAL DEMANDED

        Defendant ISRAEL SHERMAN, by his attorneys, KOPFF, NARDELLI &

DOPF LLP, answers the plaintiff's Complaint as follows, upon information

and belief:

        1.    Denies  each  and  every  allegation  contained  in  the

paragraphs of the Complaint designated "2", "3", "4", "7", "80" and

"81".

        2.    Denies knowledge or information sufficient to form a

belief as to each and every allegation contained in the paragraphs of

the Complaint designated "1", "5", "6", "8", "9", "10", "11", "13",

"18", "19", "20", "21", "22", "23", "24", "25", "26", "27", "28", "29",

"30", "31", "32", "37", "38", "39", "40", "41", "42", "43", "44", "45",

"46", "47", "48", "49", "50", "51", "52", "53", "54", "55", "56", "57",

{A0268437.DOC}

"58", "59", "60", "61", "62", "63", "64", "65", "66", "67", "68", "69", "70", "71", "72", "73", "74", "75", "76", "77", "78" and "79".

<u>AS TO THE FIRST ALLEGED CAUSE OF ACTION</u>

3.    Defendant repeats and reiterates each denial and every denial of knowledge or information sufficient to form a belief as to each of the allegations of the Complaint reiterated and realleged by the plaintiff in the paragraph of the Complaint designated "82".

4.    Denies knowledge or information sufficient to form a belief as to each and every allegation contained in the paragraphs of the Complaint designated "83", "84", "90", "91", "92" and "97".

5.    Denies each and every allegation contained in the paragraphs of the Complaint designated "85", "86", "87", "88", "89", "93", "94", "95" and "96".

<u>AS TO THE SECOND ALLEGED CAUSE OF ACTION</u>

6.    Defendant repeats and reiterates each denial and every denial of knowledge or information sufficient to form a belief as to each of the allegations of the Complaint reiterated and realleged by the plaintiff in the paragraph of the Complaint designated "98".

7.    Denies knowledge or information sufficient to form a belief as to each and every allegation contained in the paragraph of the Complaint designated "99".

8.    Denies each and every allegation contained in the paragraphs of the Complaint designated "100", "101", "102", "103", "104", "105", "106", "107" and "108".

A0268437.DOC}

AS TO THE THIRD ALLEGED CAUSE OF ACTION

     9.   Defendant repeats and reiterates each denial and every denial of knowledge or information sufficient to form a belief as to each of the allegations of the Complaint reiterated and realleged by the plaintiff in the paragraph of the Complaint designated "109".

     10.   Denies knowledge or information sufficient to form a belief as to each and every allegation contained in the paragraphs of the Complaint designated "110", "113" and "117".

     11.   Denies each and every allegation contained in the paragraphs of the Complaint designated "111", "112", "114", "115", "116", "118" and "119".

AS TO THE FOURTH ALLEGED CAUSE OF ACTION

     12.   Defendant repeats and reiterates each denial and every denial of knowledge or information sufficient to form a belief as to each of the allegations of the Complaint reiterated and realleged by the plaintiff in the paragraph of the Complaint designated "120".

     13.   Denies knowledge or information sufficient to form a belief as to each and every allegation contained in the paragraphs of the Complaint designated "121", "122", "123", "124", "125", "126", "127", "128" and "129".

     14.   Denies knowledge or information sufficient to form a belief as to each and every allegation contained in the paragraph of the Complaint designated "130".

A0268437.DOC}

3

AS TO THE FIFTH ALLEGED CAUSE OF ACTION

15.   Defendant repeats and reiterates each denial and every denial of knowledge or information sufficient to form a belief as to each of the allegations of the Complaint reiterated and realleged by the plaintiff in the paragraph of the Complaint designated "131".

16.   Denies knowledge or information sufficient to form a belief as to each and every allegation contained in the paragraphs of the Complaint designated "132", "133", "134", "135", "136", "137", "138", "139", "140", "141" and "142".

AS TO THE SIXTH ALLEGED CAUSE OF ACTION

17.   Defendant repeats and reiterates each denial and every denial of knowledge or information sufficient to form a belief as to each of the allegations of the Complaint reiterated and realleged by the plaintiff in the paragraph of the Complaint designated "143".

18.   Denies knowledge or information sufficient to form a belief as to each and every allegation contained in the paragraphs of the Complaint designated "144", "145", "146", "147", "148", "149", "150", "151", "152" and "153".

AS TO THE SEVENTH ALLEGED CAUSE OF ACTION

19.   Defendant repeats and reiterates each denial and every denial of knowledge or information sufficient to form a belief as to each of the allegations of the Complaint reiterated and realleged by the plaintiff in the paragraph of the Complaint designated "154".

20.   Denies knowledge or information sufficient to form a belief as to each and every allegation contained in the paragraphs of

A0268437.DOC}

the Complaint designated "155", "156", "157", "158", "159", "160" and "165".

21. Denies each and every allegation contained in the paragraphs of the Complaint designated "161", "162", "163" and "164".

### AS TO THE EIGHTH ALLEGED CAUSE OF ACTION

22. Defendant repeats and reiterates each denial and every denial of knowledge or information sufficient to form a belief as to each of the allegations of the Complaint reiterated and realleged by the plaintiff in the paragraph of the Complaint designated "166".

23. Denies knowledge or information sufficient to form a belief as to each and every allegation contained in the paragraphs of the Complaint designated "167", "168", "169", "170", "171", "172" and "177".

24. Denies each and every allegation contained in the paragraphs of the Complaint designated "173", "174", "175" and "176".

### DAMAGES

25. Denies each and every allegation contained in the paragraph of the Complaint designated "178".

### CERTIFICATE OF MERIT

26. Denies knowledge or information sufficient to form a belief as to each and every allegation contained in the paragraph of the Complaint designated "179".

A0268437.DOC}

5

AS AND FOR A FIRST AFFIRMATIVE DEFENSE,
DEFENDANT ISRAEL SHERMAN ALLEGES UPON
INFORMATION AND BELIEF:

27.    That proper service of process was never effectuated upon the defendant in accordance with the New York Civil Practice Law and Rules, Section 311, and this Court lacks personal jurisdiction over the defendant.

AS AND FOR A SECOND AFFIRMATIVE DEFENSE,
DEFENDANT ISRAEL SHERMAN ALLEGES UPON
INFORMATION AND BELIEF:

28.    Whatever injuries plaintiff may have sustained at the time and place alleged in the Complaint were caused in whole or in part or were contributed to by the culpable conduct and want of care on the part of the plaintiff and without any negligence or fault or want of care on the part of the defendant and that any award will thereby be proportionately diminished or barred.

AS AND FOR A THIRD AFFIRMATIVE DEFENSE,
DEFENDANT ISRAEL SHERMAN ALLEGES UPON
INFORMATION AND BELIEF:

29.    Whatever non-economic injuries plaintiff may have sustained as a result of the wrongdoing alleged in the Complaint will be limited as to the answering defendant by Article 16 of the New York State Civil Practice Law and Rules.

A0268437.DOC}

6

AS AND FOR A FOURTH AFFIRMATIVE DEFENSE,
DEFENDANT ISRAEL SHERMAN ALLEGES UPON
INFORMATION AND BELIEF:

30.   Any damages awarded to plaintiff are subject to a set off pursuant to CPLR 4545, to the extent plaintiff received any reimbursement of his damages through any collateral source provider including but not limited to insurer, Workers' Compensation or Social Security/Disability.

WHEREFORE, defendant ISRAEL SHERMAN demands judgment dismissing the Complaint herein, together with the costs and disbursements of this action.

Dated:    New York, New York
          March 25, 2008

                              Yours, etc.,

                              KOPFF, NARDELLI & DOPF LLP

                    By:       _____
                              Victor C. Piacentile (1539)
                              Attorneys for Defendant
                              ISRAEL SHERMAN
                              440 Ninth Avenue
                              15th Floor
                              New York, New York 10001
                              (212) 244-2999

TO:   LEAHEY & JOHNSON, PC
      Attorneys for Plaintiff
      120 Wall Street, Suite 2220
      New York, New York  10005
      (212) 269-7308

      MARTIN CLEARWATER & BELL
      Attorneys for Defendant
      THE BROOKDALE HOSPITAL MEDICAL CENTER
      220 East 42nd Street
      New York, New York  10017

{A0268437.DOC}

7

```
BELAIR & EVANS, LLP
Attorneys for Defendant
SANJEEV RAJPAL, M.D.
61 Broadway - Suite 1320
New York, New York  10006
(212) 344-3900

CLASS SURGERY BROOKLYN GROUP, P.C.
Defendant
1633 Remsen Street
Brooklyn, New York  11236

THE MOUNT SINAI HOSPITAL
Defendant
One Gustave L. Levy Place
New York, New York  10029

HOWARD CHOI, M.D.
Defendant
One Gustave L. Levy Place
New York, New York  10029

DANIELLE PERRET, M.D.
Defendant
One Gustave L. Levy Place
New York, New York  10029

BRIAN RIORDAN, M.D.
Defendant
One Gustave L. Levy Place
New York, New York  10029

FUREY, FUREY, LEVERAGE, MANZIONE
WILLIAMS & DARLINGTON, P.C.
Attorneys For Defendant
HILLSIDE MANOR COMPREHENSIVE CARE CENTER
600 Front Street
Hempstead, New York  11550-4494
(516) 538-2500

THE NEW YORK HOSPITAL MEDICAL CENTER OF QUEENS
Defendant
56-45 Main Street
Flushing, New York
```

A0268437.DOC}

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------x

GEORGE W. BROWN,

                    Plaintiff,                        DEMAND FOR
                                                      INTERROGATORIES

          -against-

THE BROOKDALE HOSPITAL MEDICAL CENTER,
SANJEEV RAJPAL, M.D., CLASS SURGERY
BROOKLYN GROUP, P.C., THE MOUNT SINAI
HOSPITAL, HOWARD CHOI, M.D., DANIELLE
PERRET, M.D., BRIAN RIORDAN, M.D., NEW
FRANKLIN REHABILITATION & HEALTH CARE
FACILITY, LLC, FRANKLIN CENTER FOR
REHABILITATION & NURSING, INC., FRANKLIN
CENTER FOR REHABILITATION & NURSING,
ISRAEL SHERMAN, WILLIAM DUKE, M.D.,
HILLSIDE MANOR COMPREHENSIVE CARE
CENTER, and THE NEW YORK HOSPITAL
MEDICAL CENTER OF QUEENS,

                    Defendants.

----------------------------------------x

C O U N S E L :

          PLEASE TAKE NOTICE, that pursuant to Rule 33 of the Federal

Rules of Civil Procedure, the plaintiff is required to serve upon the

undersigned attorneys for defendant ISRAEL SHERMAN, in writing and duly

sworn to by the plaintiff, within the time specified in said Rule and

each answer to be set forth completely and fully as required by said

Rule, individual answers to the Interrogatories hereinafter set forth.

          PLEASE TAKE FURTHER NOTICE, that these Interrogatories are

deemed to be continuing up to and including the first day of trial of

this action. The Demand is hereby made upon the plaintiff that he serve

upon the undersigned attorneys for defendant, written amended answers to

Interrogatories containing any information obtained by him concerning

the subject matter of these Interrogatories which is obtained subsequent

{A0268437.DOC}

to the service and filing of the original answer to these Interrogatories.

      1.    State the full name and last known address, giving the street, street number, city and state of every person known to plaintiff or plaintiff's attorneys who has any relevant knowledge regarding the facts and/or circumstances of the claim against the defendant in this case, or of the alleged injuries including all medical witnesses and other persons having any knowledge thereto. If any of the witnesses listed above or who might be used at the trial are related to plaintiff or to each other, please state the nature of such relationship.

      2.    Compute and itemize in complete detail any and all monies expended or expenses incurred for the medical care, hospital, doctors, nurses, x-rays, laboratory work, and medicines, in connection with the injury alleged herein, and include:

      (a)    The total amount of each bill;

      (b)    The person to whom such amount was paid; and

      (c)    The service or thing for which the bill was rendered.

      3.    Compute and itemize each category of damages, such as any and all other losses and expenses which are not otherwise set forth above, including any and all monies which it is anticipated will be expended in the future in connection with the injuries complained of, giving the name and address of each person, firm or corporation to be paid, the amount of each anticipated payment and the nature of the service to be rendered or thing for which such payments are anticipated.

A0268437.DOC}

2

4.    State and acknowledge the existence of any medical, psychiatric or psychological and hospital records or documents pertaining to plaintiff which are or may be relevant to the claims and injuries alleged in the Complaint of this action. For each such relevant document set forth above, state:

(a)    The custodian of each document;

(b)    The location of each document; and

(c)    A general description of each document including any document or record identification number of each document.

5.    State and list any and all other relevant physical evidence pertaining to plaintiff and/or the injuries alleged in the Complaint, including but not limited to:

(a)    All x-ray films pertaining to plaintiff;

(b)    All written instructions or other documents received by plaintiff in connection with her medical care;

(c)    All electronically recorded conversations between plaintiff and defendants;

(d)    Any and all photographs, films or videotapes of plaintiff;

(e)    Any other physical evidence not enumerated above.

6.    For each species of physical evidence set forth above, state:

(a)    The custodian of each item of physical evidence;

(b)    The location of each item of physical evidence; and

A0268437.DOC}

3

(c)    The general description for each item of physical
evidence, as well as any identifying number, letter or
information for each item of physical evidence.

7.    Set forth all residence address(es) of plaintiff for
the last ten years, including the dates of residence at the enumerated
address(es).

Dated:    New York, New York
          March 25, 2008

                                    Yours, etc.,

                                    KOPFF, NARDELLI & DOPF LLP

                          By:    _____
                                    Victor C. Piacentile (1539)
                                    Attorney for Defendant
                                    ISRAEL SHERMAN
                                    440 Ninth Avenue
                                    15th Floor
                                    New York, New York 10001
                                    (212) 244-2999

TO:    LEAHEY & JOHNSON, PC
       Attorneys for Plaintiff
       120 Wall Street, Suite 2220
       New York, New York  10005
       (212) 269-7308

       MARTIN CLEARWATER & BELL
       Attorneys for Defendant
       THE BROOKDALE HOSPITAL MEDICAL CENTER
       220 East 42nd Street
       New York, New York  10017

       BELAIR & EVANS, LLP
       Attorneys for Defendant
       SANJEEV RAJPAL, M.D.
       61 Broadway – Suite 1320
       New York, New York  10006
       (212) 344-3900

A0268437.DOC}

4

CLASS SURGERY BROOKLYN GROUP, P.C.
Defendant
1633 Remsen Street
Brooklyn, New York  11236

THE MOUNT SINAI HOSPITAL
Defendant
One Gustave L. Levy Place
New York, New York  10029

HOWARD CHOI, M.D.
Defendant
One Gustave L. Levy Place
New York, New York  10029

DANIELLE PERRET, M.D.
Defendant
One Gustave L. Levy Place
New York, New York  10029

BRIAN RIORDAN, M.D.
Defendant
One Gustave L. Levy Place
New York, New York  10029

FUREY, FUREY, LEVERAGE, MANZIONE
WILLIAMS & DARLINGTON, P.C.
Attorneys For Defendant
HILLSIDE MANOR COMPREHENSIVE CARE CENTER
600 Front Street
Hempstead, New York  11550-4494
(516) 538-2500

THE NEW YORK HOSPITAL MEDICAL CENTER OF QUEENS
Defendant
56-45 Main Street
Flushing, New York

A0268437.DOC}

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------x

GEORGE W. BROWN,

                       Plaintiff,

          -against-

THE BROOKDALE HOSPITAL MEDICAL CENTER,
SANJEEV RAJPAL, M.D., CLASS SURGERY
BROOKLYN GROUP, P.C., THE MOUNT SINAI
HOSPITAL, HOWARD CHOI, M.D., DANIELLE
PERRET, M.D., BRIAN RIORDAN, M.D., NEW
FRANKLIN REHABILITATION & HEALTH CARE
FACILITY, LLC, FRANKLIN CENTER FOR
REHABILITATION & NURSING, INC., FRANKLIN
CENTER FOR REHABILITATION & NURSING,
ISRAEL SHERMAN, WILLIAM DUKE, M.D.,
HILLSIDE MANOR COMPREHENSIVE CARE
CENTER, and THE NEW YORK HOSPITAL
MEDICAL CENTER OF QUEENS,

                    Defendants.

----------------------------------------x

**ANSWER**

08 CV 1093

JURY TRIAL DEMANDED

      Defendant WILLIAM DUKE, M.D., by his attorneys, KOPFF, NARDELLI & DOPF LLP, answers the plaintiff's Complaint as follows, upon information and belief:

      1.    Denies each and every allegation contained in the paragraphs of the Complaint designated "2", "3", "4", "7", "8", "80" and "81".

      2.    Denies knowledge or information sufficient to form a belief as to each and every allegation contained in the paragraphs of the Complaint designated "1", "5", "6", "9", "10", "11", "13", "14", "15", "16", "17", "18", "19", "20", "21", "22", "23", "24", "25", "26", "27", "28", "29", "30", "31", "32", "33", "34", "35", "36", "37", "38", "39", "40", "41", "42", "43", "44", "45", "46", "47", "48", "49", "50", "51", "52", "53", "54", "55", "56", "57", "58", "59", "60", "61", "62",

{A0268440.DOC}

"63", "64", "65", "66", "67", "68", "69", "70", "71", "72", "73", "74",
"75", "76", "77", "78" and "79".

### AS TO THE FIRST ALLEGED CAUSE OF ACTION

3.    Defendant repeats and reiterates each denial and every
denial of knowledge or information sufficient to form a belief as to
each of the allegations of the Complaint reiterated and realleged by the
plaintiff in the paragraph of the Complaint designated "82".

4.    Denies knowledge or information sufficient to form a
belief as to each and every allegation contained in the paragraphs of
the Complaint designated "83", "84", "90", "91", "92" and "97".

5.    Denies each and every allegation contained in the
paragraphs of the Complaint designated "85", "86", "87", "88", "89",
"93", "94", "95" and "96".

### AS TO THE SECOND ALLEGED CAUSE OF ACTION

6.    Defendant repeats and reiterates each denial and every
denial of knowledge or information sufficient to form a belief as to
each of the allegations of the Complaint reiterated and realleged by the
plaintiff in the paragraph of the Complaint designated "98".

7.    Denies knowledge or information sufficient to form a
belief as to each and every allegation contained in the paragraph of the
Complaint designated "99".

8.    Denies each and every allegation contained in the
paragraphs of the Complaint designated "100", "101", "102", "103",
"104", "105", "106", "107" and "108".

{A0268440.DOC}

2

AS TO THE THIRD ALLEGED CAUSE OF ACTION

9.    Defendant repeats and reiterates each denial and every denial of knowledge or information sufficient to form a belief as to each of the allegations of the Complaint reiterated and realleged by the plaintiff in the paragraph of the Complaint designated "109".

10.    Denies knowledge or information sufficient to form a belief as to each and every allegation contained in the paragraphs of the Complaint designated "110", "113" and "117".

11.    Denies each and every allegation contained in the paragraphs of the Complaint designated "111", "112", "114", "115", "116", "118" and "119".

AS TO THE FOURTH ALLEGED CAUSE OF ACTION

12.    Defendant repeats and reiterates each denial and every denial of knowledge or information sufficient to form a belief as to each of the allegations of the Complaint reiterated and realleged by the plaintiff in the paragraph of the Complaint designated "120".

13.    Denies knowledge or information sufficient to form a belief as to each and every allegation contained in the paragraphs of the Complaint designated "121", "122", "123", "124", "125", "126", "127", "128" and "129".

14.    Denies knowledge or information sufficient to form a belief as to each and every allegation contained in the paragraph of the Complaint designated "130".

{A0268440.DOC}

AS TO THE FIFTH ALLEGED CAUSE OF ACTION

15.    Defendant repeats and reiterates each denial and every denial of knowledge or information sufficient to form a belief as to each of the allegations of the Complaint reiterated and realleged by the plaintiff in the paragraph of the Complaint designated "131".

16.    Denies knowledge or information sufficient to form a belief as to each and every allegation contained in the paragraphs of the Complaint designated "132", "133", "134", "135", "136", "137", "138", "139", "140", "141" and "142".

AS TO THE SIXTH ALLEGED CAUSE OF ACTION

17.    Defendant repeats and reiterates each denial and every denial of knowledge or information sufficient to form a belief as to each of the allegations of the Complaint reiterated and realleged by the plaintiff in the paragraph of the Complaint designated "143".

18.    Denies knowledge or information sufficient to form a belief as to each and every allegation contained in the paragraphs of the Complaint designated "144", "145", "146", "147", "148", "149", "150", "151", "152" and "153".

AS TO THE SEVENTH ALLEGED CAUSE OF ACTION

19.    Defendant repeats and reiterates each denial and every denial of knowledge or information sufficient to form a belief as to each of the allegations of the Complaint reiterated and realleged by the plaintiff in the paragraph of the Complaint designated "154".

20.    Denies knowledge or information sufficient to form a belief as to each and every allegation contained in the paragraphs of

{A0268440.DOC}

the Complaint designated "155", "156", "157", "158", "159", "160" and "165".

   21.   Denies each and every allegation contained in the paragraphs of the Complaint designated "161", "162", "163" and "164".

<u>AS TO THE EIGHTH ALLEGED CAUSE OF ACTION</u>

   22.   Defendant repeats and reiterates each denial and every denial of knowledge or information sufficient to form a belief as to each of the allegations of the Complaint reiterated and realleged by the plaintiff in the paragraph of the Complaint designated "166".

   23.   Denies knowledge or information sufficient to form a belief as to each and every allegation contained in the paragraphs of the Complaint designated "167", "168", "169", "170", "171", "172" and "177".

   24.   Denies each and every allegation contained in the paragraphs of the Complaint designated "173", "174", "175" and "176".

<u>DAMAGES</u>

   25.   Denies each and every allegation contained in the paragraph of the Complaint designated "178".

<u>CERTIFICATE OF MERIT</u>

   26.   Denies knowledge or information sufficient to form a belief as to each and every allegation contained in the paragraph of the Complaint designated "179".

{A0268440.DOC}

AS AND FOR A FIRST AFFIRMATIVE DEFENSE,
DEFENDANT WILLIAM DUKE, M.D. ALLEGES UPON
INFORMATION AND BELIEF:

27.    That proper service of process was never effectuated upon the defendant in accordance with the New York Civil Practice Law and Rules, Section 311, and this Court lacks personal jurisdiction over the defendant.

AS AND FOR A SECOND AFFIRMATIVE DEFENSE,
DEFENDANT WILLIAM DUKE, M.D. ALLEGES UPON
INFORMATION AND BELIEF:

28.    Whatever injuries plaintiff may have sustained at the time and place alleged in the Complaint were caused in whole or in part or were contributed to by the culpable conduct and want of care on the part of the plaintiff and without any negligence or fault or want of care on the part of the defendant and that any award will thereby be proportionately diminished or barred.

AS AND FOR A THIRD AFFIRMATIVE DEFENSE,
DEFENDANT WILLIAM DUKE, M.D. ALLEGES UPON
INFORMATION AND BELIEF:

29.    Whatever non-economic injuries plaintiff may have sustained as a result of the wrongdoing alleged in the Complaint will be limited as to the answering defendant by Article 16 of the New York State Civil Practice Law and Rules.

{A0268440.DOC}

6

AS AND FOR A FOURTH AFFIRMATIVE DEFENSE,
DEFENDANT WILLIAM DUKE, M.D. ALLEGES UPON
INFORMATION AND BELIEF:

30.    Any damages awarded to plaintiff are subject to a set off pursuant to CPLR 4545, to the extent plaintiff received any reimbursement of his damages through any collateral source provider including but not limited to insurer, Workers' Compensation or Social Security/Disability.

WHEREFORE, defendant WILLIAM DUKE, M.D. demands judgment dismissing the Complaint herein, together with the costs and disbursements of this action.

Dated:    New York, New York
          March 25, 2008

                                        Yours, etc.,

                                        KOPFF, NARDELLI & DOPF LLP

                              By:    _____
                                     Victor C. Piacentile (1539)
                                     Attorneys for Defendant
                                     WILLIAM DUKE, M.D.
                                     440 Ninth Avenue
                                     15th Floor
                                     New York, New York 10001
                                     (212) 244-2999

TO:    LEAHEY & JOHNSON, PC
       Attorneys for Plaintiff
       120 Wall Street, Suite 2220
       New York, New York  10005
       (212) 269-7308

       MARTIN CLEARWATER & BELL
       Attorneys for Defendant
       THE BROOKDALE HOSPITAL MEDICAL CENTER
       220 East 42nd Street
       New York, New York  10017

{A0268440.DOC}

7

BELAIR & EVANS, LLP
Attorneys for Defendant
SANJEEV RAJPAL, M.D.
61 Broadway – Suite 1320
New York, New York  10006
(212) 344-3900

CLASS SURGERY BROOKLYN GROUP, P.C.
Defendant
1633 Remsen Street
Brooklyn, New York  11236

THE MOUNT SINAI HOSPITAL
Defendant
One Gustave L. Levy Place
New York, New York  10029

HOWARD CHOI, M.D.
Defendant
One Gustave L. Levy Place
New York, New York  10029

DANIELLE PERRET, M.D.
Defendant
One Gustave L. Levy Place
New York, New York  10029

BRIAN RIORDAN, M.D.
Defendant
One Gustave L. Levy Place
New York, New York  10029

FUREY, FUREY, LEVERAGE, MANZIONE
WILLIAMS & DARLINGTON, P.C.
Attorneys For Defendant
HILLSIDE MANOR COMPREHENSIVE CARE CENTER
600 Front Street
Hempstead, New York  11550-4494
(516) 538-2500

THE NEW YORK HOSPITAL MEDICAL CENTER OF QUEENS
Defendant
56-45 Main Street
Flushing, New York

{A0268440.DOC}

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------x

GEORGE W. BROWN,

                      Plaintiff,                    DEMAND FOR
                                                    INTERROGATORIES

           -against-

THE BROOKDALE HOSPITAL MEDICAL CENTER,
SANJEEV RAJPAL, M.D., CLASS SURGERY
BROOKLYN GROUP, P.C., THE MOUNT SINAI
HOSPITAL, HOWARD CHOI, M.D., DANIELLE
PERRET, M.D., BRIAN RIORDAN, M.D., NEW
FRANKLIN REHABILITATION & HEALTH CARE
FACILITY, LLC, FRANKLIN CENTER FOR
REHABILITATION & NURSING, INC., FRANKLIN
CENTER FOR REHABILITATION & NURSING,
ISRAEL SHERMAN, WILLIAM DUKE, M.D.,
HILLSIDE MANOR COMPREHENSIVE CARE
CENTER, and THE NEW YORK HOSPITAL
MEDICAL CENTER OF QUEENS,

                      Defendants.

-----------------------------------------x

C O U N S E L :

           PLEASE TAKE NOTICE, that pursuant to Rule 33 of the Federal

Rules of Civil Procedure, the plaintiff is required to serve upon the

undersigned attorneys for defendant WILLIAM DUKE, M.D., in writing and

duly sworn to by the plaintiff, within the time specified in said Rule

and each answer to be set forth completely and fully as required by said

Rule, individual answers to the Interrogatories hereinafter set forth.

           PLEASE TAKE FURTHER NOTICE, that these Interrogatories are

deemed to be continuing up to and including the first day of trial of

this action. The Demand is hereby made upon the plaintiff that he serve

upon the undersigned attorneys for defendant, written amended answers to

Interrogatories containing any information obtained by him concerning

the subject matter of these Interrogatories which is obtained subsequent

{A0268440.DOC}

to the service and filing of the original answer to these Interrogatories.

1.    State the full name and last known address, giving the street, street number, city and state of every person known to plaintiff or plaintiff's attorneys who has any relevant knowledge regarding the facts and/or circumstances of the claim against the defendant in this case, or of the alleged injuries including all medical witnesses and other persons having any knowledge thereto. If any of the witnesses listed above or who might be used at the trial are related to plaintiff or to each other, please state the nature of such relationship.

2.    Compute and itemize in complete detail any and all monies expended or expenses incurred for the medical care, hospital, doctors, nurses, x-rays, laboratory work, and medicines, in connection with the injury alleged herein, and include:

    (a)    The total amount of each bill;

    (b)    The person to whom such amount was paid; and

    (c)    The service or thing for which the bill was rendered.

3.    Compute and itemize each category of damages, such as any and all other losses and expenses which are not otherwise set forth above, including any and all monies which it is anticipated will be expended in the future in connection with the injuries complained of, giving the name and address of each person, firm or corporation to be paid, the amount of each anticipated payment and the nature of the service to be rendered or thing for which such payments are anticipated.

{A0268440.DOC}

4.    State and acknowledge the existence of any medical, psychiatric or psychological and hospital records or documents pertaining to plaintiff which are or may be relevant to the claims and injuries alleged in the Complaint of this action. For each such relevant document set forth above, state:

      (a)    The custodian of each document;

      (b)    The location of each document; and

      (c)    A general description of each document including any document or record identification number of each document.

5.    State and list any and all other relevant physical evidence pertaining to plaintiff and/or the injuries alleged in the Complaint, including but not limited to:

      (a)    All x-ray films pertaining to plaintiff;

      (b)    All written instructions or other documents received by plaintiff in connection with her medical care;

      (c)    All electronically recorded conversations between plaintiff and defendants;

      (d)    Any and all photographs, films or videotapes of plaintiff;

      (e)    Any other physical evidence not enumerated above.

6.    For each species of physical evidence set forth above, state:

      (a)    The custodian of each item of physical evidence;

      (b)    The location of each item of physical evidence; and

{A0268440.DOC}

3

        (c)   The general description for each item of physical evidence, as well as any identifying number, letter or information for each item of physical evidence.

        7.   Set forth all residence address(es) of plaintiff for the last ten years, including the dates of residence at the enumerated address(es).

Dated:     New York, New York
            March 25, 2008

                                Yours, etc.,

                                KOPFF, NARDELLI & DOPF LLP

              By:     _____
                                Victor C. Piacentile (1539)
                                Attorney for Defendant
                                WILLIAM DUKE, M.D.
                                440 Ninth Avenue
                                15th Floor
                                New York, New York 10001
                                (212) 244-2999

TO:   LEAHEY & JOHNSON, PC
      Attorneys for Plaintiff
      120 Wall Street, Suite 2220
      New York, New York  10005
      (212) 269-7308

      MARTIN CLEARWATER & BELL
      Attorneys for Defendant
      THE BROOKDALE HOSPITAL MEDICAL CENTER
      220 East 42nd Street
      New York, New York  10017

      BELAIR & EVANS, LLP
      Attorneys for Defendant
      SANJEEV RAJPAL, M.D.
      61 Broadway - Suite 1320
      New York, New York  10006
      (212) 344-3900

{A0268440.DOC}

4

CLASS SURGERY BROOKLYN GROUP, P.C.
Defendant
1633 Remsen Street
Brooklyn, New York  11236

THE MOUNT SINAI HOSPITAL
Defendant
One Gustave L. Levy Place
New York, New York  10029

HOWARD CHOI, M.D.
Defendant
One Gustave L. Levy Place
New York, New York  10029

DANIELLE PERRET, M.D.
Defendant
One Gustave L. Levy Place
New York, New York  10029

BRIAN RIORDAN, M.D.
Defendant
One Gustave L. Levy Place
New York, New York  10029

FUREY, FUREY, LEVERAGE, MANZIONE
WILLIAMS & DARLINGTON, P.C.
Attorneys For Defendant
HILLSIDE MANOR COMPREHENSIVE CARE CENTER
600 Front Street
Hempstead, New York  11550-4494
(516) 538-2500

THE NEW YORK HOSPITAL MEDICAL CENTER OF QUEENS
Defendant
56-45 Main Street
Flushing, New York

{A0268440.DOC}

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------x

GEORGE W. BROWN,

                  Plaintiff,

          -against-

THE BROOKDALE HOSPITAL MEDICAL CENTER,
SANJEEV RAJPAL, M.D., CLASS SURGERY
BROOKLYN GROUP, P.C., THE MOUNT SINAI
HOSPITAL, HOWARD CHOI, M.D., DANIELLE
PERRET, M.D., BRIAN RIORDAN, M.D., NEW
FRANKLIN REHABILITATION & HEALTH CARE
FACILITY, LLC, FRANKLIN CENTER FOR
REHABILITATION & NURSING, INC., FRANKLIN
CENTER FOR REHABILITATION & NURSING,
ISRAEL SHERMAN, WILLIAM DUKE, M.D.,
HILLSIDE MANOR COMPREHENSIVE CARE
CENTER, and THE NEW YORK HOSPITAL
MEDICAL CENTER OF QUEENS,

                  Defendants.

----------------------------------------x

**ANSWER**

08 CV 1093

JURY TRIAL DEMANDED

        Defendant NEW FRANKLIN REHABILITATION & HEALTH CARE FACILITY, LLC, sued herein incorrectly as NEW FRANKLIN REHABILITATION & HEALTH CARE FACILITY, LLC, FRANKLIN CENTER FOR  REHABILITATION & NURSING, INC., FRANKLIN CENTER FOR REHABILITATION & NURSING, by its attorneys, KOPFF, NARDELLI & DOPF LLP, answers the plaintiff's Complaint as follows, upon information and belief:

        1.    Denies each and every allegation contained in the paragraphs of the Complaint designated "2", "3", "4", "7", "80" and "81".

        2.    Denies knowledge or information sufficient to form a belief as to each and every allegation contained in the paragraphs of the Complaint designated "1", "5", "6", "8", "9", "10", "11", "13",

{A0268407.DOC}

1

"30", "31", "32", "37", "38", "39", "40", "41", "42", "43", "44", "45", "46", "47", "48", "49", "50", "51", "52", "53", "54", "55", "56", "57", "58", "59", "60", "61", "62", "63", "64", "65", "66", "67", "68", "69", "70", "71", "72", "73", "74", "75", "76", "77", "78" and "79".

### AS TO THE FIRST ALLEGED CAUSE OF ACTION

3.    Defendant repeats and reiterates each denial and every denial of knowledge or information sufficient to form a belief as to each of the allegations of the Complaint reiterated and realleged by the plaintiff in the paragraph of the Complaint designated "82".

4.    Denies knowledge or information sufficient to form a belief as to each and every allegation contained in the paragraphs of the Complaint designated "83", "84", "90", "91", "92" and "97".

5.    Denies each and every allegation contained in the paragraphs of the Complaint designated "85", "86", "87", "88", "89", "93", "94", "95" and "96".

### AS TO THE SECOND ALLEGED CAUSE OF ACTION

6.    Defendant repeats and reiterates each denial and every denial of knowledge or information sufficient to form a belief as to each of the allegations of the Complaint reiterated and realleged by the plaintiff in the paragraph of the Complaint designated "98".

7.    Denies knowledge or information sufficient to form a belief as to each and every allegation contained in the paragraph of the Complaint designated "99".

{A0268407.DOC}

8.    Denies each and every allegation contained in the paragraphs of the Complaint designated "100", "101", "102", "103", "104", "105", "106", "107" and "108".

### AS TO THE THIRD ALLEGED CAUSE OF ACTION

9.    Defendant repeats and reiterates each denial and every denial of knowledge or information sufficient to form a belief as to each of the allegations of the Complaint reiterated and realleged by the plaintiff in the paragraph of the Complaint designated "109".

10.    Denies knowledge or information sufficient to form a belief as to each and every allegation contained in the paragraphs of the Complaint designated "110", "113" and "117".

11.    Denies each and every allegation contained in the paragraphs of the Complaint designated "111", "112", "114", "115", "116", "118" and "119".

### AS TO THE FOURTH ALLEGED CAUSE OF ACTION

12.    Defendant repeats and reiterates each denial and every denial of knowledge or information sufficient to form a belief as to each of the allegations of the Complaint reiterated and realleged by the plaintiff in the paragraph of the Complaint designated "120".

13.    Denies knowledge or information sufficient to form a belief as to each and every allegation contained in the paragraphs of the Complaint designated "121", "122", "123", "124", "125", "126", "127", "128" and "129".

{A0268407.DOC}

14.    Denies knowledge or information sufficient to form a belief as to each and every allegation contained in the paragraph of the Complaint designated "130".

### AS TO THE FIFTH ALLEGED CAUSE OF ACTION

15.    Defendant repeats and reiterates each denial and every denial of knowledge or information sufficient to form a belief as to each of the allegations of the Complaint reiterated and realleged by the plaintiff in the paragraph of the Complaint designated "131".

16.    Denies knowledge or information sufficient to form a belief as to each and every allegation contained in the paragraphs of the Complaint designated "132", "133", "134", "135", "136", "137", "138", "139", "140", "141" and "142".

### AS TO THE SIXTH ALLEGED CAUSE OF ACTION

17.    Defendant repeats and reiterates each denial and every denial of knowledge or information sufficient to form a belief as to each of the allegations of the Complaint reiterated and realleged by the plaintiff in the paragraph of the Complaint designated "143".

18.    Denies knowledge or information sufficient to form a belief as to each and every allegation contained in the paragraphs of the Complaint designated "144", "145", "146", "147", "148", "149", "150", "151", "152" and "153".

### AS TO THE SEVENTH ALLEGED CAUSE OF ACTION

19.    Defendant repeats and reiterates each denial and every denial of knowledge or information sufficient to form a belief as to

{A0268407.DOC}

4

each of the allegations of the Complaint reiterated and realleged by the plaintiff in the paragraph of the Complaint designated "154".

20.    Denies knowledge or information sufficient to form a belief as to each and every allegation contained in the paragraphs of the Complaint designated "155", "156", "157", "158", "159", "160" and "165".

21.    Denies each and every allegation contained in the paragraphs of the Complaint designated "161", "162", "163" and "164".

<u>AS TO THE EIGHTH ALLEGED CAUSE OF ACTION</u>

22.    Defendant repeats and reiterates each denial and every denial of knowledge or information sufficient to form a belief as to each of the allegations of the Complaint reiterated and realleged by the plaintiff in the paragraph of the Complaint designated "166".

23.    Denies knowledge or information sufficient to form a belief as to each and every allegation contained in the paragraphs of the Complaint designated "167", "168", "169", "170", "171", "172" and "177".

24.    Denies each and every allegation contained in the paragraphs of the Complaint designated "173", "174", "175" and "176".

<u>DAMAGES</u>

25.    Denies each and every allegation contained in the paragraph of the Complaint designated "178".

{A0268407.DOC}

5

CERTIFICATE OF MERIT

26.    Denies knowledge or information sufficient to form a belief as to each and every allegation contained in the paragraph of the Complaint designated "179".

AS AND FOR A FIRST AFFIRMATIVE DEFENSE, DEFENDANT
NEW FRANKLIN REHABILITATION & HEALTH CARE
FACILITY, LLC ALLEGES UPON INFORMATION AND BELIEF:

27.    That proper service of process was never effectuated upon the defendant in accordance with the New York Civil Practice Law and Rules, Section 311, and this Court lacks personal jurisdiction over the defendant.

AS AND FOR A SECOND AFFIRMATIVE DEFENSE, DEFENDANT
NEW FRANKLIN REHABILITATION & HEALTH CARE
FACILITY, LLC ALLEGES UPON INFORMATION AND BELIEF:

28.    Whatever injuries plaintiff may have sustained at the time and place alleged in the Complaint were caused in whole or in part or were contributed to by the culpable conduct and want of care on the part of the plaintiff and without any negligence or fault or want of care on the part of the defendant and that any award will thereby be proportionately diminished or barred.

AS AND FOR A THIRD AFFIRMATIVE DEFENSE, DEFENDANT
NEW FRANKLIN REHABILITATION & HEALTH CARE
FACILITY, LLC ALLEGES UPON INFORMATION AND BELIEF:

29.    Whatever non-economic injuries plaintiff may have sustained as a result of the wrongdoing alleged in the Complaint will be limited as to the answering defendant by Article 16 of the New York State Civil Practice Law and Rules.

{A0268407.DOC}

6

AS AND FOR A FOURTH AFFIRMATIVE DEFENSE, DEFENDANT
NEW FRANKLIN REHABILITATION & HEALTH CARE
FACILITY, LLC ALLEGES UPON INFORMATION AND BELIEF:

30.    Any damages awarded to plaintiff are subject to a set off pursuant to CPLR 4545, to the extent plaintiff received any reimbursement of his damages through any collateral source provider including but not limited to insurer, Workers' Compensation or Social Security/Disability.

WHEREFORE, defendant NEW FRANKLIN REHABILITATION & HEALTH CARE FACILITY, LLC demands judgment dismissing the Complaint herein, together with the costs and disbursements of this action.

Dated:    New York, New York
          March 25, 2008

                              Yours, etc.,

                              KOPFF, NARDELLI & DOPF LLP

                    By:    _____
                           Victor C. Piacentile (1539)
                           Attorneys for Defendant
                           NEW FRANKLIN REHABILITATION &
                           HEALTH CARE FACILITY, LLC
                           440 Ninth Avenue
                           15th Floor
                           New York, New York 10001
                           (212) 244-2999

TO:    LEAHEY & JOHNSON, PC
       Attorneys for Plaintiff
       120 Wall Street, Suite 2220
       New York, New York  10005
       (212) 269-7308

       MARTIN CLEARWATER & BELL
       Attorneys for Defendant
       THE BROOKDALE HOSPITAL MEDICAL CENTER
       220 East 42nd Street
       New York, New York  10017

{A0268407.DOC}

7

BELAIR & EVANS, LLP
Attorneys for Defendant
SANJEEV RAJPAL, M.D.
61 Broadway – Suite 1320
New York, New York  10006
(212) 344-3900

CLASS SURGERY BROOKLYN GROUP, P.C.
Defendant
1633 Remsen Street
Brooklyn, New York  11236

THE MOUNT SINAI HOSPITAL
Defendant
One Gustave L. Levy Place
New York, New York  10029

HOWARD CHOI, M.D.
Defendant
One Gustave L. Levy Place
New York, New York  10029

DANIELLE PERRET, M.D.
Defendant
One Gustave L. Levy Place
New York, New York  10029

BRIAN RIORDAN, M.D.
Defendant
One Gustave L. Levy Place
New York, New York  10029

FUREY, FUREY, LEVERAGE, MANZIONE
WILLIAMS & DARLINGTON, P.C.
Attorneys For Defendant
HILLSIDE MANOR COMPREHENSIVE CARE CENTER
600 Front Street
Hempstead, New York  11550-4494
(516) 538-2500

THE NEW YORK HOSPITAL MEDICAL CENTER OF QUEENS
Defendant
56-45 Main Street
Flushing, New York

{A0268407.DOC}

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------x

GEORGE W. BROWN,

                          Plaintiff,                    DEMAND FOR
                                                        INTERROGATORIES

              -against-

THE BROOKDALE HOSPITAL MEDICAL CENTER,
SANJEEV RAJPAL, M.D., CLASS SURGERY
BROOKLYN GROUP, P.C., THE MOUNT SINAI
HOSPITAL, HOWARD CHOI, M.D., DANIELLE
PERRET, M.D., BRIAN RIORDAN, M.D., NEW
FRANKLIN REHABILITATION & HEALTH CARE
FACILITY, LLC, FRANKLIN CENTER FOR
REHABILITATION & NURSING, INC., FRANKLIN
CENTER FOR REHABILITATION & NURSING,
ISRAEL SHERMAN, WILLIAM DUKE, M.D.,
HILLSIDE MANOR COMPREHENSIVE CARE
CENTER, and THE NEW YORK HOSPITAL
MEDICAL CENTER OF QUEENS,

                          Defendants.

----------------------------------------x

C O U N S E L :

          PLEASE TAKE NOTICE, that pursuant to Rule 33 of the Federal

Rules of Civil Procedure, the plaintiff is required to serve upon the

undersigned attorneys for defendant NEW FRANKLIN REHABILITATION & HEALTH

CARE FACILITY, LLC, sued herein incorrectly as NEW FRANKLIN

REHABILITATION & HEALTH CARE FACILITY, LLC, FRANKLIN CENTER FOR

REHABILITATION & NURSING, INC., FRANKLIN CENTER FOR REHABILITATION &

NURSING, in writing and duly sworn to by the plaintiff, within the time

specified in said Rule and each answer to be set forth completely and

fully as required by said Rule, individual answers to the

Interrogatories hereinafter set forth.

{A0268407.DOC}

1

PLEASE TAKE FURTHER NOTICE, that these Interrogatories are deemed to be continuing up to and including the first day of trial of this action. The Demand is hereby made upon the plaintiff that he serve upon the undersigned attorneys for defendant, written amended answers to Interrogatories containing any information obtained by him concerning the subject matter of these Interrogatories which is obtained subsequent to the service and filing of the original answer to these Interrogatories.

1.    State the full name and last known address, giving the street, street number, city and state of every person known to plaintiff or plaintiff's attorneys who has any relevant knowledge regarding the facts and/or circumstances of the claim against the defendant in this case, or of the alleged injuries including all medical witnesses and other persons having any knowledge thereto. If any of the witnesses listed above or who might be used at the trial are related to plaintiff or to each other, please state the nature of such relationship.

2.    Compute and itemize in complete detail any and all monies expended or expenses incurred for the medical care, hospital, doctors, nurses, x-rays, laboratory work, and medicines, in connection with the injury alleged herein, and include:

(a)    The total amount of each bill;

(b)    The person to whom such amount was paid; and

(c)    The service or thing for which the bill was rendered.

3.    Compute and itemize each category of damages, such as any and all other losses and expenses which are not otherwise set forth

{A0268407.DOC}

2

above, including any and all monies which it is anticipated will be expended in the future in connection with the injuries complained of, giving the name and address of each person, firm or corporation to be paid, the amount of each anticipated payment and the nature of the service to be rendered or thing for which such payments are anticipated.

4.     State and acknowledge the existence of any medical, psychiatric or psychological and hospital records or documents pertaining to plaintiff which are or may be relevant to the claims and injuries alleged in the Complaint of this action. For each such relevant document set forth above, state:

      (a)    The custodian of each document;

      (b)    The location of each document; and

      (c)    A general description of each document including any document or record identification number of each document.

5.     State and list any and all other relevant physical evidence pertaining to plaintiff and/or the injuries alleged in the Complaint, including but not limited to:

      (a)    All x-ray films pertaining to plaintiff;

      (b)    All written instructions or other documents received by plaintiff in connection with her medical care;

      (c)    All electronically recorded conversations between plaintiff and defendants;

      (d)    Any and all photographs, films or videotapes of plaintiff;

{A0268407.DOC}

3

(e)    Any other physical evidence not enumerated above.

6.    For each species of physical evidence set forth above, state:

(a)    The custodian of each item of physical evidence;

(b)    The location of each item of physical evidence; and

(c)    The general description for each item of physical evidence, as well as any identifying number, letter or information for each item of physical evidence.

7.    Set forth all residence address(es) of plaintiff for the last ten years, including the dates of residence at the enumerated address(es).

Dated:    New York, New York
          March 25, 2008

                              Yours, etc.,

                              KOPFF, NARDELLI & DOPF LLP

By:    _____
                              Victor C. Piacentile (1539)
                              Attorney for Defendant
                              NEW FRANKLIN REHABILITATION &
                              HEALTH CARE FACILITY, LLC
                              440 Ninth Avenue
                              15th Floor
                              New York, New York 10001
                              (212) 244-2999

TO:    LEAHEY & JOHNSON, PC
       Attorneys for Plaintiff
       120 Wall Street, Suite 2220
       New York, New York  10005
       (212) 269-7308

{A0268407.DOC}

4

MARTIN CLEARWATER & BELL
Attorneys for Defendant
THE BROOKDALE HOSPITAL MEDICAL CENTER
220 East 42nd Street
New York, New York  10017

SANJEEV RAJPAL, M.D.
Defendant
1633 Remsen Street
Brooklyn, New York  11236

CLASS SURGERY BROOKLYN GROUP, P.C.
Defendant
1633 Remsen Street
Brooklyn, New York  11236

THE MOUNT SINAI HOSPITAL
Defendant
One Gustave L. Levy Place
New York, New York  10029

HOWARD CHOI, M.D.
Defendant
One Gustave L. Levy Place
New York, New York  10029

DANIELLE PERRET, M.D.
Defendant
One Gustave L. Levy Place
New York, New York  10029

BRIAN RIORDAN, M.D.
Defendant
One Gustave L. Levy Place
New York, New York  10029

HILLSIDE MANOR COMPREHENSIVE CARE CENTER
Defendant
118-11 Hillside Avenue
Hollis, New York  11243

THE NEW YORK HOSPITAL MEDICAL CENTER OF QUEENS
Defendant
56-45 Main Street
Flushing, New York

{A0268407.DOC}