DFD/mg/18-149

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------x
GEORGE W. BROWN,

                 Plaintiff,

        -against-

THE BROOKDALE HOSPITAL MEDICAL CENTER,
SANJEEV RAJPAL, M.D., CLASS SURGERY
BROOKLYN GROUP, P.C., THE MOUNT SINAI
HOSPITAL, HOWARD CHOI, M.D., DANIELLE
PERRET, M.D., BRIAN RIORDAN, M.D., NEW
FRANKLIN REHABILITATION & HEALTH CARE
FACILITY, LLC, FRANKLIN CENTER FOR
REHABILITATION & NURSING, INC., FRANKLIN
CENTER FOR REHABILITATION & NURSING,
ISRAEL SHERMAN, WILLIAM DUKE, M.D.,
HILLSIDE MANOR COMPREHENSIVE CARE
CENTER, and THE NEW YORK HOSPITAL
MEDICAL CENTER OF QUEENS,

                 Defendants.
----------------------------------------x

Case No.
08 CV 1093

**VERIFIED ANSWER**

Hon. J. McKenna

    Defendant, THE NEW YORK HOSPITAL MEDICAL CENTER OF QUEENS,

by its attorneys, WAGNER & DOMAN, answering the complaint of

the plaintiff herein, upon information and belief:

    1.    Denies each and every allegation contained in

paragraphs designated "1", "2", "3", "4", "8", "77", "81",

"93", "94", "95", "106", "107", "108", "111", "112", "113",

"114", "115", "116", "118", "119", "126", "127", "128", "129",

"130", "138", "140", "141", "142", "149", "150", "151", "152",

"153", "161", "162", "163", "164", "165", "167", "173", "174",

"175", "176", "177", "178(A), "178(B)", "178(C)", "178(D)", and
"178(E)".

2.    Denies any knowledge or information thereof
sufficient to form a belief as to the allegations contained in
paragraphs designated "5", "6", "7", "9", "10", "12", "13",
"14", "15", "16", "17", "18", "19", "20", "21", "22", "23",
"24", "25", "26", "27", "28", "29", "30", "31", "31", "33",
"34", "35", "36", "37", "38", "39", "40", "41", "42", "43",
"44", "45", "56", "47", "48", "49", "50", "51", "52", "53",
"54", "55", "56", "57", "58", "59", "60", "61", "62", "63",
"64", "65", "66", "67", "68", "69", "70", "71", "72", "73",
"78", "79", "80", "83", "84", "85", "86", "87", "88", "89",
"90(a)", "90(b)", "90(c)", "90(d)", "96", "97", "99", "100",
"101", "102", "103", "104", "105", "110", "121", "122", "132",
"133", "134", "137", "139", "140", "141", "142", "144", "145",
"148", "155", "156", "157", "160, and "172".

3.    Denies any knowledge or information thereof
sufficient to form a belief as to the allegations contained in
paragraphs designated "11", "75", "76", "91", "92", "117",
"123", "124", "125", "135", "136", "146", "147", "158", "159",
"168", "170", and "171" in the form alleged.

4.    Answering paragraph "82", defendant repeats,
reiterates, and realleges above denials for paragraphs
designated "1" through "81".

5.    Answering paragraph "98", defendant repeats, reiterates, and realleges above denials for paragraphs designated "1" through "97".

6.    Answering paragraph "109", defendant repeats, reiterates, and realleges above denials for paragraphs designated "1" through "108".

7.    Answering paragraph "120", defendant repeats, reiterates, and realleges above denials for paragraphs designated "1" through "119".

8.    Answering paragraph "131", defendant repeats, reiterates, and realleges above denials for paragraphs designated "1" through "130".

9.    Answering paragraph "143", defendant repeats, reiterates, and realleges above denials for paragraphs designated "1" through "142".

10.    Answering paragraph "154", defendant repeats, reiterates, and realleges above denials for paragraphs designated "1" through "153".

11.    Answering paragraph "166", defendant repeats, reiterates, and realleges above denials for paragraphs designated "1" through "165".

12.    Defendant, THE NEW YORK HOSPITAL MEDICAL CENTER OF QUEENS, demands that the liability, if any, be apportioned.

AS AND FOR A FIRST, SEPARATE AND COMPLETE
AFFIRMATIVE DEFENSE TO THE CAUSES OF ACTION
IN THE COMPLAINT, ANSWERING DEFENDANT
ALLEGES UPON INFORMATION AND BELIEF:

13.    It is alleged upon information and belief that the
cause of action asserted by the plaintiff concerning the
receipt by the defendant of an informed consent falls within
the scope of Section 2805(d) of the Public Health Law, such law
having been fully complied with by the defendant, thus barring
the assertion of this cause of action.

AS AND FOR A SECOND, SEPARATE AND COMPLETE
AFFIRMATIVE DEFENSE TO THE CAUSES OF ACTION
IN THE COMPLAINT, ANSWERING DEFENDANT
ALLEGES UPON INFORMATION AND BELIEF:

14.    Upon information and belief, any damages sustained by
the plaintiffs was/were caused in whole or in part by the
culpable conduct of the plaintiff and/or damages were
aggravated by the culpable conduct of the plaintiff.

AS AND FOR A THIRD, SEPARATE AND COMPLETE
AFFIRMATIVE DEFENSE TO THE CAUSES OF ACTION
IN THE COMPLAINT, ANSWERING DEFENDANT
ALLEGES UPON INFORMATION AND BELIEF:

15.    This defendant will rely upon the provision of
Article 16 of the CPLR with regard to the limitation of joint
and several liability.

AS AND FOR A FOURTH, SEPARATE AND COMPLETE
AFFIRMATIVE DEFENSE TO THE CAUSES OF ACTION
IN THE COMPLAINT, ANSWERING DEFENDANT
ALLEGES UPON INFORMATION AND BELIEF:

16.    Any award to plaintiff for the cost of medical care,
custodial care or rehabilitation services, loss of earnings or
other economic loss should be reduced by the amount such

expense has been or will be replaced or indemnified in whole or in part from any collateral source in accordance with the provisions and limitations set forth in CPLR § 4545.

WHEREFORE, defendant, THE NEW YORK HOSPITAL MEDICAL CENTER OF QUEENS, demands judgment dismissing the complaint herein together with interest, costs, disbursements, or judgment over, as may be required by law.

Dated:    Mineola, New York
          February 29, 2008

                                  Yours, etc.,

                                  WAGNER, DOMAN & LETO, P.C.


                                  By: _____
                                       DANIEL F. DOMAN
                                  Attorneys for Defendant
                                  THE NEW YORK HOSPITAL MEDICAL
                                  CENTER OF QUEENS
                                  227 Mineola Boulevard
                                  Mineola, NY  11501
                                  (516) 742-1444

TO:

LEAHEY & JOHNSON, P.C.
Attorneys for Plaintiff
120 Wall Street, Suite 2220
New York, NY  10005
(212) 269-7308

STATE OF NEW YORK)

COUNTY OF NASSAU ) ss.:

        I, the undersigned, am an attorney admitted to practice in the courts of the State of New York, state that I am a member of the firm of WAGNER, DOMAN & LETO, P.C., attorneys for THE NEW YORK HOSPITAL MEDICAL CENTER OF QUEENS, in the within action, I have read the foregoing VERIFIED ANSWER and know the contents thereof; the same is true to my knowledge, except as to the matters therein stated to be alleged on information and belief, and as to those matters I believe it to be true.  The reason this verification is made by me and not by THE NEW YORK HOSPITAL MEDICAL CENTER OF QUEENS is because it does not maintain an office within the county where your affirmant maintains his office.

        The grounds of my belief as to all matters not stated upon my own knowledge are as follows:  information and investigation maintained in this office.

Dated:  Mineola, New York
        February 29, 2008

                                      DANIEL F. DOMAN (DD-7761)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------x
GEORGE W. BROWN,

               Plaintiff,

-against-

THE BROOKDALE HOSPITAL MEDICAL CENTER,
SANJEEV RAJPAL, M.D., CLASS SURGERY
BROOKLYN GROUP, P.C., THE MOUNT SINAI
HOSPITAL, HOWARD CHOI, M.D., DANIELLE
PERRET, M.D., BRIAN RIORDAN, M.D., NEW
FRANKLIN REHABILITATION & HEALTH CARE
FACILITY, LLC, FRANKLIN CENTER FOR
REHABILITATION & NURSING, INC., FRANKLIN
CENTER FOR REHABILITATION & NURSING,
ISRAEL SHERMAN, WILLIAM DUKE, M.D.,
HILLSIDE MANOR COMPREHENSIVE CARE
CENTER, and THE NEW YORK HOSPITAL
MEDICAL CENTER OF QUEENS,

               Defendants.
------------------------------------------x

Case No.
08 CV 1093

INTERROGATORIES

COUNSELORS:

        PLEASE TAKE NOTICE that you are hereby required

to serve responses to interrogatories upon the undersigned

within thirty (30) days after the receipt of this demand.

        1.  The dates and times of day of the alleged

negligent acts and/or omissions which will be alleged and

claimed against the answering defendant herein.

2.   The exact location of the alleged negligent acts and/or omissions charged against the answering defendant herein.

3.   A statement of each and every act of negligence or omission, which constituted the alleged malpractice complained of with the date of each if different from the dates in Paragraph 1.

4.   State the names of each and every person who performed such acts or failed to act; if the names are not known, describe the physical appearances with sufficient clarity for ready identification.

5.   State the occupation of each such person.

6.   A statement of the accepted medical practices, customs and medical standards, which it is claimed were violated in each of the above acts or omissions.

7.   State whether or not any claim is made as to improper, unavailable or defective equipment, and if so, identify the equipment and state the defective conditions.

8.   State what laws of the State of New York were allegedly violated by the answering defendant herein as to:

(a)   The performance of the operation;

(b)   The parts of the body operated upon; and

(c)   Any other procedure or treatment performed by the answering defendant herein.

9. List any operation, procedure or therapy which is claimed to be improper.

10. Describe the manner of the alleged impropriety referred to in Item 9.

11. State:

(a) The injuries the plaintiff suffered as the result of the alleged negligence and/or malpractice of each defendant responsible. State which injuries are claimed to be permanent.

12. State the dates the plaintiff was confined to each of the following:

(a) bed;

(b) house;

(c) hospital, with names and addresses.

13. State separately the total amounts claimed by the plaintiff as special damages for each of the following:

(a) physicians' services;

(b) nurses' services,

(c) medical expenses;

(d) hospital expenses, with the names and address of all hospitals;

(e) loss of earnings;

(f) any other expenses.

14. State the

(a)   occupation of the plaintiff

(b)   name and address of his employer; if self-employed, state the address of his place of employment and the type of business or occupation in which he was engaged immediately prior to the occurrence;

(c)   The length of time plaintiff was unable to attend to his employment, with dates

(d)   The amount of money plaintiff was alleged to have earned during the year prior to the occurrence;

(e)   The amount of earnings the plaintiff was alleged to have lost as a result of the occurrence.;

(f)   The plaintiff's Social Security number.

15.   State the date of plaintiff's birth.

16.   State residence address of plaintiff.

17.   If a claim is made regarding lack of information or disclosure, set forth:

(a)   A summary of the information given to the plaintiff;

(b)   A summary of the information which should have been given to the plaintiff;

(c)   A summary of all the information in possession of plaintiff from whatever source obtained;

(d)   A description of any alternative treatment which plaintiff would have chosen, with the basis therefor;

(e)  Whether plaintiff consented to any treatment whatsoever and describe extent of consent and any restrictions or limitations.

18.  List the names and addresses of all hospitals and physicians that treated plaintiff during the past ten years.

19.  Set forth any statutory violations that will be claimed, with proper citations thereof.

20.  Set forth all amounts which have been received from collateral sources and identify the source thereof.

Dated:    Mineola, New York
          February 29, 2008

                         Yours, etc.,

                         WAGNER, DOMAN & LETO, P.C.

                         By: _____
                         DANIEL F. DOMAN (DD-7761)
                         Attorneys for Defendant
                         THE NEW YORK HOSPITAL MEDICAL
                         CENTER OF QUEENS
                         227 Mineola Boulevard
                         Mineola, NY  11501
                         (516) 742-1444

TO:

LEAHEY & JOHNSON, P.C.
Attorneys for Plaintiff
120 Wall Street, Suite 2220
New York, NY  10005
(212) 269-7308

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------x
GEORGE W. BROWN,                                        Case No.
                                                        08 CV 1093
                        Plaintiff,

                                                   NOTICE
                                                   TO TAKE DEPOSITION
             -against-                             UPON ORAL EXAMINATION

THE BROOKDALE HOSPITAL MEDICAL CENTER,
SANJEEV RAJPAL, M.D., CLASS SURGERY
BROOKLYN GROUP, P.C., THE MOUNT SINAI
HOSPITAL, HOWARD CHOI, M.D., DANIELLE
PERRET, M.D., BRIAN RIORDAN, M.D., NEW
FRANKLIN REHABILITATION & HEALTH CARE
FACILITY, LLC, FRANKLIN CENTER FOR
REHABILITATION & NURSING, INC., FRANKLIN
CENTER FOR REHABILITATION & NURSING,
ISRAEL SHERMAN, WILLIAM DUKE, M.D.,
HILLSIDE MANOR COMPREHENSIVE CARE
CENTER, and THE NEW YORK HOSPITAL
MEDICAL CENTER OF QUEENS,

                        Defendants.
---------------------------------------x
COUNSELORS:

        PLEASE TAKE NOTICE that the testimony upon oral

examination of plaintiff, as an adverse party, will be taken

before a notary public who is not an attorney, or employee of

an attorney for any party or prospective party herein and is

not a person who would be disqualified to act as a juror

because of interest or because of consanguinity or affinity to

any party herein, at the office of the undersigned on the 30th

of April, 2008 at 10:00 in the forenoon of that day with

respect to evidence material and necessary in the

prosecution/defense of this action.

Said person to be examined is required to produce at

such examination any and all books, papers, records,

photographs, documents, etc., relating to the within action.

Dated:      Mineola, New York
            February 29, 2008

                              Yours, etc.,

                              WAGNER, DOMAN & LETO, P.C.

                              By: _____
                                   DANIEL F. DOMAN (DD-7761)
                              Attorneys for Defendant
                              THE NEW YORK HOSPITAL MEDICAL
                              CENTER OF QUEENS
                              227 Mineola Boulevard
                              Mineola, NY  11501
                              (516) 742-1444

TO:

LEAHEY & JOHNSON, P.C.
Attorneys for Plaintiff
120 Wall Street, Suite 2220
New York, NY  10005
(212) 269-7308

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------x
GEORGE W. BROWN,

                                          NOTICE TO PRODUCE
                                          EXPERT WITNESS
                  Plaintiff,              INFORMATION

             -against-                     Case No.
                                           08 CV 1093

THE BROOKDALE HOSPITAL MEDICAL CENTER,
SANJEEV RAJPAL, M.D., CLASS SURGERY
BROOKLYN GROUP, P.C., THE MOUNT SINAI
HOSPITAL, HOWARD CHOI, M.D., DANIELLE
PERRET, M.D., BRIAN RIORDAN, M.D., NEW
FRANKLIN REHABILITATION & HEALTH CARE
FACILITY, LLC, FRANKLIN CENTER FOR
REHABILITATION & NURSING, INC., FRANKLIN
CENTER FOR REHABILITATION & NURSING,
ISRAEL SHERMAN, WILLIAM DUKE, M.D.,
HILLSIDE MANOR COMPREHENSIVE CARE
CENTER, and THE NEW YORK HOSPITAL
MEDICAL CENTER OF QUEENS,

                  Defendants.
----------------------------------------x

COUNSELORS:

        PLEASE TAKE NOTICE, that the plaintiff is hereby

required to produce the following at the office of the

undersigned:

        1.    State the name and address of every expert

retained or employed by you in anticipation of this litigation

or preparation for Trial whom you expect to call as a witness

at the trial.

        2.    Disclose in reasonable detail the qualifications

of each expert witness.  In a medical malpractice case include

the following:

a.    in the case of a board-certified expert, the name of the certifying board and the year of certification;

b.    the states in which the expert is licensed;

c.    the title of any text authored, contributed to, or edited by, the expert, together with an appropriate citation (by name of publication, volume number, date, or other appropriate identifying matter);

d.    the undergraduate school attended by such expert, with year of graduation;

e.    the medical school attended by such expert, with the year of graduation; and

f.    the institutions attended by the expert in connection with any internship, residency, fellowship, or other specialized training, and the dates of such attendance.

3.    Disclose in reasonable detail the subject matter on which each expert is expected to testify.

4.    Disclose in reasonable detail the substance of the facts and opinions on which each expert is expected to testify.

5.    Disclose in reasonable detail a summary of the grounds for each expert's opinion.

PLEASE TAKE FURTHER NOTICE, that this demand is a continuing demand for information regarding experts retained by you for trial.  Failure to comply with this notice in a timely manner shall be grounds for an order precluding you from offering the testimony at trial of any expert witness whose name and expected testimony is not disclosed, striking the

complaint, dismissing the action and/or such other and further relief as the Court deems just under the circumstances.

Dated:      Mineola, New York
            February 29, 2008

                                    Yours, etc.,

                                    WAGNER, DOMAN & LETO, P.C.

                                    By: _____
                                         DANIEL F. DOMAN (DD-7761)
                                    Attorneys for Defendant
                                    THE NEW YORK HOSPITAL MEDICAL
                                    CENTER OF QUEENS
                                    227 Mineola Boulevard
                                    Mineola, NY  11501
                                    (516) 742-1444

TO:

LEAHEY & JOHNSON, P.C.
Attorneys for Plaintiff
120 Wall Street, Suite 2220
New York, NY  10005
(212) 269-7308

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------x
GEORGE W. BROWN,                              Case No.
                                             08 CV 1093
                    Plaintiff,

                                             DEMAND PURSUANT TO
                                             ANKER CASE
            -against-

THE BROOKDALE HOSPITAL MEDICAL CENTER,
SANJEEV RAJPAL, M.D., CLASS SURGERY
BROOKLYN GROUP, P.C., THE MOUNT SINAI
HOSPITAL, HOWARD CHOI, M.D., DANIELLE
PERRET, M.D., BRIAN RIORDAN, M.D., NEW
FRANKLIN REHABILITATION & HEALTH CARE
FACILITY, LLC, FRANKLIN CENTER FOR
REHABILITATION & NURSING, INC., FRANKLIN
CENTER FOR REHABILITATION & NURSING,
ISRAEL SHERMAN, WILLIAM DUKE, M.D.,
HILLSIDE MANOR COMPREHENSIVE CARE
CENTER, and THE NEW YORK HOSPITAL
MEDICAL CENTER OF QUEENS,

                    Defendants.
------------------------------------------x

COUNSELORS:

            PLEASE TAKE NOTICE that pursuant to the holding of

Anker v. Brodnitz, you are hereby required to produce the

following material at the office of the undersigned within

twenty (20) days of the receipt hereof:

            1.  All records, reports, memoranda, transcripts,
attorneys' notes, and any other fruit or product resulting from
any interview or contact of any kind, directly or indirectly
with any physician or health care provider who attended the
plaintiff.

            2.  This is a continuing demand and will apply as
well to any such contacts in the future.

PLEASE TAKE FURTHER NOTICE that the failure to respond to this notice will be deemed a waiver of any holdings of the <u>Anker</u> case insofar as it relates to this litigation.

Dated:    Mineola, New York
           February 29, 2008

                    Yours, etc.,

                    WAGNER, DOMAN & LETO, P.C.

                    By:
                      DANIEL F. DOMAN (DD-7761)
                    Attorneys for Defendant
                    THE NEW YORK HOSPITAL MEDICAL
                    CENTER OF QUEENS
                    227 Mineola Boulevard
                    Mineola, NY  11501
                    (516) 742-1444

TO:

LEAHEY & JOHNSON, P.C.
Attorneys for Plaintiff
120 Wall Street, Suite 2220
New York, NY  10005
(212) 269-7308

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------x
GEORGE W. BROWN,

                                        DEMAND FOR
                                        COLLATERAL SOURCE
                                        INFORMATION

                      Plaintiff,

           -against-

                                 Case No.
THE BROOKDALE HOSPITAL MEDICAL CENTER,    08 CV 1093
SANJEEV RAJPAL, M.D., CLASS SURGERY
BROOKLYN GROUP, P.C., THE MOUNT SINAI
HOSPITAL, HOWARD CHOI, M.D., DANIELLE
PERRET, M.D., BRIAN RIORDAN, M.D., NEW
FRANKLIN REHABILITATION & HEALTH CARE
FACILITY, LLC, FRANKLIN CENTER FOR
REHABILITATION & NURSING, INC., FRANKLIN
CENTER FOR REHABILITATION & NURSING,
ISRAEL SHERMAN, WILLIAM DUKE, M.D.,
HILLSIDE MANOR COMPREHENSIVE CARE
CENTER, and THE NEW YORK HOSPITAL
MEDICAL CENTER OF QUEENS,

                      Defendants.
----------------------------------------x

COUNSELORS:

        PLEASE TAKE NOTICE, that defendant demands within

twenty (20) days from the date hereof plaintiff serve a

verified statement setting forth:

        1.  Whether plaintiff has been reimbursed or
indemnified for economic loss claimed in this action from any
collateral source:

        a.  If the answer to the foregoing is in the
affirmative, state for which of such claims plaintiff has
received payment, the amount thereof, and the name and address
of the person, firm, or organization who made such payment;

b.  If such payment was made by an insurance company, state the number of the policy under which it was paid.

2.  Whether plaintiff has made a claim for payment for economic loss which has not as yet been paid:

a.  If the answer to the foregoing is in the affirmative, state the name of the person, firm or organization to whom such claim was presented, or the date of presentation, and the amount claimed.

b.  If such claim was presented to an insurance company, state the number of the policy under which same was made.

FAILURE TO COMPLY with the within demand will be the basis for a motion seeking appropriate relief.

Dated:     Mineola, New York
           February 29, 2008

                              Yours, etc.,

                              WAGNER, DOMAN & LETO, P.C.


                              By: _____
                                  DANIEL F. DOMAN (DD-7761)
                              Attorneys for Defendant
                              THE NEW YORK HOSPITAL MEDICAL
                              CENTER OF QUEENS
                              227 Mineola Boulevard
                              Mineola, NY  11501
                              (516) 742-1444

TO:

LEAHEY & JOHNSON, P.C.
Attorneys for Plaintiff
120 Wall Street, Suite 2220
New York, NY  10005
(212) 269-7308

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------x
GEORGE W. BROWN,

                                       NOTICE FOR DISCOVERY
                                       AND INSPECTION OF
                  Plaintiff,          DOCUMENTS

        -against-                Case No.
                                       08 CV 1093

THE BROOKDALE HOSPITAL MEDICAL CENTER,
SANJEEV RAJPAL, M.D., CLASS SURGERY
BROOKLYN GROUP, P.C., THE MOUNT SINAI
HOSPITAL, HOWARD CHOI, M.D., DANIELLE
PERRET, M.D., BRIAN RIORDAN, M.D., NEW
FRANKLIN REHABILITATION & HEALTH CARE
FACILITY, LLC, FRANKLIN CENTER FOR
REHABILITATION & NURSING, INC., FRANKLIN
CENTER FOR REHABILITATION & NURSING,
ISRAEL SHERMAN, WILLIAM DUKE, M.D.,
HILLSIDE MANOR COMPREHENSIVE CARE
CENTER, and THE NEW YORK HOSPITAL
MEDICAL CENTER OF QUEENS,

                  Defendants.
----------------------------------------x

COUNSELORS:

        PLEASE TAKE NOTICE, that you are required to produce at the office of the undersigned attorneys within twenty (20) days from the date hereof the following documents for discovery and inspection:

        1.  All writings and/or documents made by this defendant, including but not limited to bills, records, reports, correspondence, notes, insurance forms, prescriptions, and any other memoranda in possession or control of plaintiff or plaintiff's representative and/or attorney.

        2.  Any and all written statements made by this defendant, and any and all transcripts, notes or other recordings of any and all oral statements made by this defendant.

PLEASE TAKE FURTHER NOTICE that this defendant will object to the introduction of any mentioned documents in evidence at trial if the plaintiff fails to comply with this notice.

Dated:     Mineola, New York
           February 29, 2008

                              Yours, etc.,

                              WAGNER, DOMAN & LETO, P.C.

                              By: _____
                                 DANIEL F. DOMAN (DD-7761)
                                 Attorneys for Defendant
                              THE NEW YORK HOSPITAL MEDICAL
                              CENTER OF QUEENS
                              227 Mineola Boulevard
                              Mineola, NY  11501
                              (516) 742-1444

TO:

LEAHEY & JOHNSON, P.C.
Attorneys for Plaintiff
120 Wall Street, Suite 2220
New York, NY  10005
(212) 269-7308

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------x
GEORGE W. BROWN,

                                          NOTICE FOR DISCOVERY
                                          AND INSPECTION

                    Plaintiff,
                                             Case No.
                                             08 CV 1093

          -against-

THE BROOKDALE HOSPITAL MEDICAL CENTER,
SANJEEV RAJPAL, M.D., CLASS SURGERY
BROOKLYN GROUP, P.C., THE MOUNT SINAI
HOSPITAL, HOWARD CHOI, M.D., DANIELLE
PERRET, M.D., BRIAN RIORDAN, M.D., NEW
FRANKLIN REHABILITATION & HEALTH CARE
FACILITY, LLC, FRANKLIN CENTER FOR
REHABILITATION & NURSING, INC., FRANKLIN
CENTER FOR REHABILITATION & NURSING,
ISRAEL SHERMAN, WILLIAM DUKE, M.D.,
HILLSIDE MANOR COMPREHENSIVE CARE
CENTER, and THE NEW YORK HOSPITAL
MEDICAL CENTER OF QUEENS,

                    Defendants.
------------------------------------------x

COUNSELORS:

          PLEASE TAKE NOTICE, that the undersigned attorneys

demand that you furnish the following items within twenty (20)

days of the service of this demand:

          1.   Pursuant to the rules of this court governing the
exchange of medical reports, you are required to serve upon and
deliver to the undersigned, copies of all medical reports of
those physicians who have treated or examined the party seeking
recovery, including a detailed recital of the injuries and
conditions complained of.

          Further, you are to include duly executed and
acknowledged written authorizations permitting the undersigned
to obtain and make copies of all hospital and physician's
records for those institutions and physicians that have treated
the plaintiff.   The authorizations must include:

      a.  Full name and address of physician and/or hospital;

      b.  Specialty of said physician;

      c.  Dates of treatment;

      d.  Plaintiff's full name and address;

      e.  Identifying information necessary to acquire records;

          i.  hospital identification number;

          ii.  Social Security number of plaintiff;

          iii.  Blue Cross/Blue Shield identifying number if different from Social Security number;

      f.  Full name and address of employer;

      g.  Dates of employment;

      h.  Full name and address of pharmacy;

      i.  Prescription numbers.

      j.  **PLEASE NOTE:**  If authorizations for both records and radiographic studies are demanded, **separate authorizations are requested**.

    2.  The names and addresses of each party appearing in this action for the purpose of service of papers.

    3.  A copy of any statement given by or on behalf of any of any answering defendant serving this demand.

    4.  Name and address of any witness known to the plaintiff or plaintiff's attorney, including witnesses to admissions, notice, conversations or alleged damages.  Specify the name and address of any witness to each of the following, including but not limited thereto:

      a.  The occurrence alleged in the complaint;

      b.  Any acts, omissions or conditions which allegedly caused the occurrence alleged in the complaint;

      c.  Any actual notice allegedly given to the defendants answering herein of any condition which allegedly caused the occurrence alleged in the complaint;

      d.  The nature and duration of any alleged condition which allegedly caused the occurrence alleged in the complaint;

      e.  Any statement or admission made by defendant or defendant's agents, servants, or employees;

      f.    The nature and duration of any alleged damage which allegedly arose from the occurrence alleged in the complaint.

5.    The full caption of each and every lawsuit brought on plaintiff's behalf to recover damages for any connected or aggravated injuries allegedly caused and sustained by reason of the acts of one or more preceding joint, concurrent and/or succeeding tort feasors, including:

a.    Court;
b.    Index Number;
c.    Calendar Number;
d.    Names and addresses of all litigants;
e.    Names and addresses of all attorneys appearing for the litigants;
f.    Status of lawsuit--

i.    if noticed for trial, please specify the date;
ii.    if settled, annex a copy of each release delivered indicating the amounts contributed by each defendant;
iii.    if discontinued without payment, annex a copy of each stipulation so delivered to each defendant;
iv.    if tried, annex a copy of the judgment with notice of entry;
v.    if judgment was satisfied, set forth date and amount of payment and annex a copy of satisfaction and judgment.

6.    Photographic prints of photographs, slides, moving pictures, videotapes or any other visual statements under the control of plaintiff, its agents or attorneys, still or moving which depict:

a.    the scene of the occurrence alleged in plaintiff's complaint;

b.    the scene of the occurrence alleged in plaintiff's complaint immediately prior thereto;

c.    the occurrence alleged in plaintiff's complaints;

d.    the scene of the occurrence alleged in the plaintiff's complaint immediately thereafter.

e.    any condition which allegedly caused or contributed to the occurrence alleged in plaintiff's complaint which plaintiff intends to use and introduce into evidence at the trial of this action.

7.    Copies of any photographs, slides or other still depicture of the plaintiff or plaintiff's physical condition that were taken and which plaintiff intends to introduce into evidence at the trial of this action.

8.    Copies of any films or videotapes taken which show plaintiff's condition which plaintiff intends to produce and enter into evidence at trial of this action.  All films or videotapes taken or made shall be produced without any editing in addition to any edited version thereof.

9.    The defendant demands to be notified at least 20 days in advance of any filming or videotaping or photographing of the plaintiff or plaintiff's condition taken by plaintiff or at plaintiff's direction or for plaintiff by others which is done to provide the jury in this action with a "Day in the Life" of the plaintiff or similar production depicting plaintiff's abilities.  The defendant will object under the rules of this Court to any offer of such films, videotapes or photographs at the trial for the action if this demand is not met within the time period provided.

10.    Copies of any scripts, including drafts thereof, and complete copies of only "voice-overs" without editing, for the inclusion in the above as audio enhancement.

11.    The defendant demands to be present during any pre-production meeting, editing session, filming, videotaping or photographing, or post-production meeting or session involved in the preparation of any films, videotapes or still photographs taken in this matter.

12.    The defendant demands the right to film, photograph or videotape the actual occurrences cited in numbers "7" and "11" above.

PLEASE TAKE FURTHER NOTICE that the within demand is a continuing demand.  In the event any of the above items are obtained after service of this demand, they are to be furnished to this office.

FAILURE TO COMPLY with this demand will be the basis of a motion seeking appropriate relief.

Dated:    Mineola, New York
          February 29, 2008

                              Yours, etc.,

                              WAGNER, DOMAN & LETO, P.C.

                              By: _____
                                   DANIEL F. DOMAN (DD-7761)
                                   Attorneys for Defendant
                                   THE NEW YORK HOSPITAL MEDICAL
                                   CENTER OF QUEENS
                                   227 Mineola Boulevard
                                   Mineola, NY  11501
                                   (516) 742-1444

TO:

LEAHEY & JOHNSON, P.C.
Attorneys for Plaintiff
120 Wall Street, Suite 2220
New York, NY  10005
(212) 269-7308

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
GEORGE W. BROWN,

                     Plaintiff,                FAX TRANSMISSION
                                                NOTICE

        -against-

THE BROOKDALE HOSPITAL MEDICAL CENTER,    Case No. 08 CV 1093
SANJEEV RAJPAL, M.D., CLASS SURGERY
BROOKLYN GROUP, P.C., THE MOUNT SINAI
HOSPITAL, HOWARD CHOI, M.D., DANIELLE
PERRET, M.D., BRIAN RIORDAN, M.D., NEW
FRANKLIN REHABILITATION & HEALTH CARE
FACILITY, LLC, FRANKLIN CENTER FOR
REHABILITATION & NURSING, INC., FRANKLIN
CENTER FOR REHABILITATION & NURSING,
ISRAEL SHERMAN, WILLIAM DUKE, M.D.,
HILLSIDE MANOR COMPREHENSIVE CARE
CENTER, and THE NEW YORK HOSPITAL
MEDICAL CENTER OF QUEENS,

                     Defendants.
----------------------------------------X

COUNSELORS:

        PLEASE TAKE NOTICE that the defendant herein declares

that it will not accept the transmission by electronic means of

any paper or document required to be served upon this firm

without the specific

permission of this firm for each and every document or paper so served.

Dated:      Mineola, New York
            February 29, 2008

                              Yours, etc.,

                              WAGNER, DOMAN & LETO, P.C.

                              By: _____
                                  DANIEL F. DOMAN (DD-7761)
                                  Attorneys for Defendant
                                  THE NEW YORK HOSPITAL MEDICAL
                                  CENTER OF QUEENS
                                  227 Mineola Boulevard
                                  Mineola, NY  11501
                                  (516) 742-1444

TO:

LEAHEY & JOHNSON, P.C.
Attorneys for Plaintiff
120 Wall Street, Suite 2220
New York, NY  10005
(212) 269-7308

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
GEORGE W. BROWN,

                    Plaintiff,              DEMAND FOR
                                            DISCLOSURE AS TO
                                            MEDICAID/MEDICARE
          -against-                         LIEN

THE BROOKDALE HOSPITAL MEDICAL CENTER,      Case No.
SANJEEV RAJPAL, M.D., CLASS SURGERY         08 CV 1093
BROOKLYN GROUP, P.C., THE MOUNT SINAI
HOSPITAL, HOWARD CHOI, M.D., DANIELLE
PERRET, M.D., BRIAN RIORDAN, M.D., NEW
FRANKLIN REHABILITATION & HEALTH CARE
FACILITY, LLC, FRANKLIN CENTER FOR
REHABILITATION & NURSING, INC., FRANKLIN
CENTER FOR REHABILITATION & NURSING,
ISRAEL SHERMAN, WILLIAM DUKE, M.D.,
HILLSIDE MANOR COMPREHENSIVE CARE
CENTER, and THE NEW YORK HOSPITAL
MEDICAL CENTER OF QUEENS,

                    Defendants.
------------------------------------X

C O U N S E L O R S:

     PLEASE TAKE NOTICE, that the undersigned attorneys for

defendant, hereby demand that you furnish to us within thirty (30)

days of the service of this demand the following:

     1.   A statement as to whether the plaintiff has received
benefits from either Medicare or Medicaid at any time, for any
reason, not limited to the injuries alleged in the instant action.
If so, please state:

    a.   plaintiff(s)' date of birth;

       b.  plaintiff(s)' Social Security number;

       c.  the Medicare/Medicaid file number;

       d.  the address of the office handling the plaintiff(s)' Medicare/Medicaid file;

       e.  copies of all documents, records, memoranda, notes, etc., in plaintiff(s)' possession pertaining to plaintiff(s)' receipt of Medicare/Medicaid benefits; and

       f.  a duly executed authorization bearing plaintiff(s)' date of birth and Social Security number permitting this firm and other representatives of defendant(s) to obtain copies of plaintiff(s)' Medicare/Medicaid records.

    PLEASE TAKE NOTICE that, pursuant to CPLR, this is a continuing Demand and that you are required to serve the demanded information by the earliest of the following:

       a.  within 30 days of the date of this Demand;

       b.  within 20 days of receiving the above requested information;

       c.  no later than 30 days prior to the commencement of trial.

If you do not possess the above requested information, a letter or affidavit to that effect should be submitted.

**IF YOU FAIL TO COMPLY**, we shall rely on all sanctions provided by law.

Dated:    Mineola, New York
          February 29, 2008

                              Yours, etc.,

                              WAGNER, DOMAN & LETO, P.C.

                              By: _____
                                 DANIEL F. DOMAN (DD-7761)
                              Attorneys for Defendant
                              THE NEW YORK HOSPITAL MEDICAL
                              CENTER OF QUEENS
                              227 Mineola Boulevard
                              Mineola, NY  11501
                              (516) 742-1444

TO:

LEAHEY & JOHNSON, P.C.
Attorneys for Plaintiff
120 Wall Street, Suite 2220
New York, NY  10005
(212) 269-7308

STATE OF NEW YORK)

COUNTY OF NASSAU ) ss.:

MARION GREENBERG, being duly sworn, deposes and says that she is not a party to the within action, is over 18 years of age, and resides at Long Beach, New York.

On the 5th day of March , 2008, she served the within VERIFIED ANSWER, DEMAND FOR BILL OF PARTICULARS, NOTICE FOR DISCOVERY AND INSPECTION, COLLATERAL SOURCE DEMAND, WITNESS DEMAND, ANKER DEMAND, DOCUMENT DEMAND, FAX TRANSMISSION NOTICE, NOTICE FOR DEPOSITION and DEMAND FOR DISCLOSURE AS TO MEDICAID/MEDICARE LIEN upon the following:

LEAHEY & JOHNSON, P.C.
Attorneys for Plaintiff
120 Wall Street, Suite 2220
New York, NY  10005

by depositing a true copy of same, enclosed in a post-paid, properly addressed wrapper, in an official depository under the exclusive care and custody of the US Postal Service within the State of New York.

_Marion Greenberg_
Marion Greenberg

Sworn to me this 5th day of
March, 2008

_Yvonne Pursoo_
Notary Public

YVONNE C. PURSOO
Notary Public, State of New York
No. 01PU6048590
Qualified in Queens County
Commission Expires Sept. 25, 20 10

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

GEORGE W. BROWN,

Plaintiff,

-against-

THE BROOKDALE HOSPITAL MEDICAL CENTER, SANJEEV RAJPAL, M.D., CLASS
SURGERY BROOKLYN GROUP, P.C., THE MOUNT SINAI HOSPITAL, HOWARD CHOI,
M.D., DANIELLE PERRET, M.D., BRIAN RIORDAN, M.D., NEW FRANKLIN
REHABILITATION & HEALTH CARE FACILITY, LLC, FRANKLIN CENTER FOR
REHABILITATION & NURSING, INC., FRANKLIN CENTER FOR REHABILITATION &
NURSING, ISRAEL SHERMAN, WILLIAM DUKE, M.D., HILLSIDE MANOR
COMPREHENSIVE CARE CENTER, and THE NEW YORK HOSPITAL MEDICAL
CENTER OF QUEENS,

Defendants.

---

VERIFIED ANSWER, DEMAND FOR BILL OF PARTICULARS, NOTICE FOR
DISCOVERY AND INSPECTION, COLLATERAL SOURCE DEMAND, WITNESS
DEMAND, ANKER DEMAND, DOCUMENT DEMAND, FAX TRANSMISSION NOTICE,
NOTICE FOR DEPOSITION and DEMAND FOR DISCLOSURE AS TO
MEDICAID/MEDICARE LIEN

---

**WAGNER, DOMAN & LETO, P.C.**
**ATTORNEYS AT LAW**
*Attorneys for Defendant* **THE NEW YORK HOSPITAL MEDICAL CENTER OF QUEENS**
*Office and Post Office Address, Telephone*
**227 Mineola Blvd.**
**MINEOLA, NEW YORK 11501**
**Telephone No. (516) 742-1444**
**Facsimile No. (516) 742-1204**

---

TO:
Attorney(s) for

---

Service of a copy of the within                                                    is hereby
admitted:

Dated:

_____
Attorney(s)

---

**PLEASE TAKE NOTICE**

that the within is a (certified) true copy of a
Notice of Entry entered in the office of the clerk of the within named court on

that an Order of which the within is a true copy will be presented for settlement to the Hon.
One of the judges of the within named Court, at

DFD/mg/18-149

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------x
GEORGE W. BROWN,

                        Plaintiff,

            -against-

THE BROOKDALE HOSPITAL MEDICAL CENTER,
SANJEEV RAJPAL, M.D., CLASS SURGERY
BROOKLYN GROUP, P.C., THE MOUNT SINAI
HOSPITAL, HOWARD CHOI, M.D., DANIELLE
PERRET, M.D., BRIAN RIORDAN, M.D., NEW
FRANKLIN REHABILITATION & HEALTH CARE
FACILITY, LLC, FRANKLIN CENTER FOR
REHABILITATION & NURSING, INC., FRANKLIN
CENTER FOR REHABILITATION & NURSING,
ISRAEL SHERMAN, WILLIAM DUKE, M.D.,
HILLSIDE MANOR COMPREHENSIVE CARE
CENTER, and THE NEW YORK HOSPITAL
MEDICAL CENTER OF QUEENS,

                    Defendants.
----------------------------------------x

Case No.
08 CV 1093

**VERIFIED ANSWER**

Hon. J. McKenna

    Defendant, THE NEW YORK HOSPITAL MEDICAL CENTER OF QUEENS,

by its attorneys, WAGNER & DOMAN, answering the complaint of

the plaintiff herein, upon information and belief:

    1.     Denies each and every allegation contained in

paragraphs designated "1", "2", "3", "4", "8", "77", "81",

"93", "94", "95", "106", "107", "108", "111", "112", "113",

"114", "115", "116", "118", "119", "126", "127", "128", "129",

"130", "138", "140", "141", "142", "149", "150", "151", "152",

"153", "161", "162", "163", "164", "165", "167", "173", "174",

"175", "176", "177", "178(A), "178(B)", "178(C)", "178(D)", and "178(E)".

2.     Denies any knowledge or information thereof sufficient to form a belief as to the allegations contained in paragraphs designated "5", "6", "7", "9", "10", "12", "13", "14", "15", "16", "17", "18", "19", "20", "21", "22", "23", "24", "25", "26", "27", "28", "29", "30", "31", "31", "33", "34", "35", "36", "37", "38", "39", "40", "41", "42", "43", "44", "45", "56", "47", "48", "49", "50", "51", "52", "53", "54", "55", "56", "57", "58", "59", "60", "61", "62", "63", "64", "65", "66", "67", "68", "69", "70", "71", "72", "73", "78", "79", "80", "83", "84", "85", "86", "87", "88", "89", "90(a)", "90(b)", "90(c)", "90(d)", "96", "97", "99", "100", "101", "102", "103", "104", "105", "110", "121", "122", "132", "133", "134", "137", "139", "140", "141", "142", "144", "145", "148", "155", "156", "157", "160, and "172".

3.     Denies any knowledge or information thereof sufficient to form a belief as to the allegations contained in paragraphs designated "11", "75", "76", "91", "92", "117", "123", "124", "125", "135", "136", "146", "147", "158", "159", "168", "170", and "171" in the form alleged.

4.     Answering paragraph "82", defendant repeats, reiterates, and realleges above denials for paragraphs designated "1" through "81".

5.   Answering paragraph "98", defendant repeats, reiterates, and realleges above denials for paragraphs designated "1" through "97".

6.   Answering paragraph "109", defendant repeats, reiterates, and realleges above denials for paragraphs designated "1" through "108".

7.   Answering paragraph "120", defendant repeats, reiterates, and realleges above denials for paragraphs designated "1" through "119".

8.   Answering paragraph "131", defendant repeats, reiterates, and realleges above denials for paragraphs designated "1" through "130".

9.   Answering paragraph "143", defendant repeats, reiterates, and realleges above denials for paragraphs designated "1" through "142".

10.  Answering paragraph "154", defendant repeats, reiterates, and realleges above denials for paragraphs designated "1" through "153".

11.  Answering paragraph "166", defendant repeats, reiterates, and realleges above denials for paragraphs designated "1" through "165".

12.  Defendant, THE NEW YORK HOSPITAL MEDICAL CENTER OF QUEENS, demands that the liability, if any, be apportioned.

AS AND FOR A FIRST, SEPARATE AND COMPLETE
AFFIRMATIVE DEFENSE TO THE CAUSES OF ACTION
IN THE COMPLAINT, ANSWERING DEFENDANT
ALLEGES UPON INFORMATION AND BELIEF:

13.     It is alleged upon information and belief that the
cause of action asserted by the plaintiff concerning the
receipt by the defendant of an informed consent falls within
the scope of Section 2805(d) of the Public Health Law, such law
having been fully complied with by the defendant, thus barring
the assertion of this cause of action.

AS AND FOR A SECOND, SEPARATE AND COMPLETE
AFFIRMATIVE DEFENSE TO THE CAUSES OF ACTION
IN THE COMPLAINT, ANSWERING DEFENDANT
ALLEGES UPON INFORMATION AND BELIEF:

14.   Upon information and belief, any damages sustained by
the plaintiffs was/were caused in whole or in part by the
culpable conduct of the plaintiff and/or damages were
aggravated by the culpable conduct of the plaintiff.

AS AND FOR A THIRD, SEPARATE AND COMPLETE
AFFIRMATIVE DEFENSE TO THE CAUSES OF ACTION
IN THE COMPLAINT, ANSWERING DEFENDANT
ALLEGES UPON INFORMATION AND BELIEF:

15.   This defendant will rely upon the provision of
Article 16 of the CPLR with regard to the limitation of joint
and several liability.

AS AND FOR A FOURTH, SEPARATE AND COMPLETE
AFFIRMATIVE DEFENSE TO THE CAUSES OF ACTION
IN THE COMPLAINT, ANSWERING DEFENDANT
ALLEGES UPON INFORMATION AND BELIEF:

16.   Any award to plaintiff for the cost of medical care,
custodial care or rehabilitation services, loss of earnings or
other economic loss should be reduced by the amount such

expense has been or will be replaced or indemnified in whole or in part from any collateral source in accordance with the provisions and limitations set forth in CPLR § 4545.

WHEREFORE, defendant, THE NEW YORK HOSPITAL MEDICAL CENTER OF QUEENS, demands judgment dismissing the complaint herein together with interest, costs, disbursements, or judgment over, as may be required by law.

Dated:    Mineola, New York
          February 29, 2008

                              Yours, etc.,

                              WAGNER, DOMAN & LETO, P.C.


                              By: _____
                                  DANIEL F. DOMAN
                              Attorneys for Defendant
                              THE NEW YORK HOSPITAL MEDICAL
                              CENTER OF QUEENS
                              227 Mineola Boulevard
                              Mineola, NY   11501
                              (516) 742-1444


TO:

LEAHEY & JOHNSON, P.C.
Attorneys for Plaintiff
120 Wall Street, Suite 2220
New York, NY   10005
(212) 269-7308

STATE OF NEW YORK)

COUNTY OF NASSAU ) ss.:

        I, the undersigned, am an attorney admitted to practice in the courts of the State of New York, state that I am a member of the firm of WAGNER, DOMAN & LETO, P.C., attorneys for THE NEW YORK HOSPITAL MEDICAL CENTER OF QUEENS, in the within action, I have read the foregoing VERIFIED ANSWER and know the contents thereof; the same is true to my knowledge, except as to the matters therein stated to be alleged on information and belief, and as to those matters I believe it to be true. The reason this verification is made by me and not by THE NEW YORK HOSPITAL MEDICAL CENTER OF QUEENS is because it does not maintain an office within the county where your affirmant maintains his office.

        The grounds of my belief as to all matters not stated upon my own knowledge are as follows: information and investigation maintained in this office.

Dated:   Mineola, New York
           February 29, 2008

                                                                              DANIEL F. DOMAN (DD-7761)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------x
GEORGE W. BROWN,

      Plaintiff,

             Case No.
             08 CV 1093

             INTERROGATORIES

   -against-

THE BROOKDALE HOSPITAL MEDICAL CENTER,
SANJEEV RAJPAL, M.D., CLASS SURGERY
BROOKLYN GROUP, P.C., THE MOUNT SINAI
HOSPITAL, HOWARD CHOI, M.D., DANIELLE
PERRET, M.D., BRIAN RIORDAN, M.D., NEW
FRANKLIN REHABILITATION & HEALTH CARE
FACILITY, LLC, FRANKLIN CENTER FOR
REHABILITATION & NURSING, INC., FRANKLIN
CENTER FOR REHABILITATION & NURSING,
ISRAEL SHERMAN, WILLIAM DUKE, M.D.,
HILLSIDE MANOR COMPREHENSIVE CARE
CENTER, and THE NEW YORK HOSPITAL
MEDICAL CENTER OF QUEENS,

      Defendants.
------------------------------------------x

COUNSELORS:

   PLEASE TAKE NOTICE that you are hereby required

toserve responses to interrogatories upon the undersigned

within thirty (30) days after the receipt of this demand.

   1.  The dates and times of day of the alleged

negligent acts and/or omissions which will be alleged and

claimed against the answering defendant herein.

2.   The exact location of the alleged negligent acts and/or omissions charged against the answering defendant herein.

3.   A statement of each and every act of negligence or omission, which constituted the alleged malpractice complained of with the date of each if different from the dates in Paragraph 1.

4.   State the names of each and every person who performed such acts or failed to act; if the names are not known, describe the physical appearances with sufficient clarity for ready identification.

5.   State the occupation of each such person.

6.   A statement of the accepted medical practices, customs and medical standards, which it is claimed were violated in each of the above acts or omissions.

7.   State whether or not any claim is made as to improper, unavailable or defective equipment, and if so, identify the equipment and state the defective conditions.

8.   State what laws of the State of New York were allegedly violated by the answering defendant herein as to:

(a)   The performance of the operation;

(b)   The parts of the body operated upon; and

(c)   Any other procedure or treatment performed by the answering defendant herein.

9.   List any operation, procedure or therapy which is claimed to be improper.

10.   Describe the manner of the alleged impropriety referred to in Item 9.

11.   State:

(a)   The injuries the plaintiff suffered as the result of the alleged negligence and/or malpractice of each defendant responsible.   State which injuries are claimed to be permanent.

12.   State the dates the plaintiff was confined to each of the following:

(a)   bed;

(b)   house;

(c)   hospital, with names and addresses.

13.   State separately the total amounts claimed by the plaintiff as special damages for each of the following:

(a)   physicians' services;

(b)   nurses' services,

(c)   medical expenses;

(d)   hospital expenses, with the names and address of all hospitals;

(e)   loss of earnings;

(f)   any other expenses.

14.   State the

      (a)   occupation of the plaintiff

      (b)   name and address of his employer; if self-employed, state the address of his place of employment and the type of business or occupation in which he was engaged immediately prior to the occurrence;

      (c)   The length of time plaintiff was unable to attend to his employment, with dates

      (d)   The amount of money plaintiff was alleged to have earned during the year prior to the occurrence;

      (e)   The amount of earnings the plaintiff was alleged to have lost as a result of the occurrence.;

      (f)   The plaintiff's Social Security number.

15.   State the date of plaintiff's birth.

16.   State residence address of plaintiff.

17.   If a claim is made regarding lack of information or disclosure, set forth:

      (a)   A summary of the information given to the plaintiff;

      (b)   A summary of the information which should have been given to the plaintiff;

      (c)   A summary of all the information in possession of plaintiff from whatever source obtained;

      (d)   A description of any alternative treatment which plaintiff would have chosen, with the basis therefor;

(e)  Whether plaintiff consented to any treatment whatsoever and describe extent of consent and any restrictions or limitations.

18.  List the names and addresses of all hospitals and physicians that treated plaintiff during the past ten years.

19.  Set forth any statutory violations that will be claimed, with proper citations thereof.

20.  Set forth all amounts which have been received from collateral sources and identify the source thereof.

Dated:    Mineola, New York
          February 29, 2008

                              Yours, etc.,

                              WAGNER, DOMAN & LETO, P.C.

                              By: _____
                                 DANIEL F. DOMAN (DD-7761)
                                 Attorneys for Defendant
                                 THE NEW YORK HOSPITAL MEDICAL
                                 CENTER OF QUEENS
                                 227 Mineola Boulevard
                                 Mineola, NY  11501
                                 (516) 742-1444

TO:

LEAHEY & JOHNSON, P.C.
Attorneys for Plaintiff
120 Wall Street, Suite 2220
New York, NY  10005
(212) 269-7308

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
GEORGE W. BROWN,

                 Plaintiff,

        -against-

THE BROOKDALE HOSPITAL MEDICAL CENTER,
SANJEEV RAJPAL, M.D., CLASS SURGERY
BROOKLYN GROUP, P.C., THE MOUNT SINAI
HOSPITAL, HOWARD CHOI, M.D., DANIELLE
PERRET, M.D., BRIAN RIORDAN, M.D., NEW
FRANKLIN REHABILITATION & HEALTH CARE
FACILITY, LLC, FRANKLIN CENTER FOR
REHABILITATION & NURSING, INC., FRANKLIN
CENTER FOR REHABILITATION & NURSING,
ISRAEL SHERMAN, WILLIAM DUKE, M.D.,
HILLSIDE MANOR COMPREHENSIVE CARE
CENTER, and THE NEW YORK HOSPITAL
MEDICAL CENTER OF QUEENS,

                 Defendants.
------------------------------------x

Case No.
08 CV 1093

NOTICE
TO TAKE DEPOSITION
UPON ORAL EXAMINATION

COUNSELORS:

      PLEASE TAKE NOTICE that the testimony upon oral examination of plaintiff, as an adverse party, will be taken before a notary public who is not an attorney, or employee of an attorney for any party or prospective party herein and is not a person who would be disqualified to act as a juror because of interest or because of consanguinity or affinity to any party herein, at the office of the undersigned on the 30th of April, 2008 at 10:00 in the forenoon of that day with respect to evidence material and necessary in the prosecution/defense of this action.

Said person to be examined is required to produce at such examination any and all books, papers, records, photographs, documents, etc., relating to the within action.

Dated:     Mineola, New York
           February 29, 2008

                         Yours, etc.,

                         WAGNER, DOMAN & LETO, P.C.

                         By:

                         DANIEL F. DOMAN (DD-7761)
                         Attorneys for Defendant
                         THE NEW YORK HOSPITAL MEDICAL
                         CENTER OF QUEENS
                         227 Mineola Boulevard
                         Mineola, NY  11501
                         (516) 742-1444

TO:

LEAHEY & JOHNSON, P.C.
Attorneys for Plaintiff
120 Wall Street, Suite 2220
New York, NY  10005
(212) 269-7308

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------x
GEORGE W. BROWN,

                                       NOTICE TO PRODUCE
                                       EXPERT WITNESS
              Plaintiff,           INFORMATION

          -against-                Case No.
                                         08 CV 1093
THE BROOKDALE HOSPITAL MEDICAL CENTER,
SANJEEV RAJPAL, M.D., CLASS SURGERY
BROOKLYN GROUP, P.C., THE MOUNT SINAI
HOSPITAL, HOWARD CHOI, M.D., DANIELLE
PERRET, M.D., BRIAN RIORDAN, M.D., NEW
FRANKLIN REHABILITATION & HEALTH CARE
FACILITY, LLC, FRANKLIN CENTER FOR
REHABILITATION & NURSING, INC., FRANKLIN
CENTER FOR REHABILITATION & NURSING,
ISRAEL SHERMAN, WILLIAM DUKE, M.D.,
HILLSIDE MANOR COMPREHENSIVE CARE
CENTER, and THE NEW YORK HOSPITAL
MEDICAL CENTER OF QUEENS,

                    Defendants.
----------------------------------------x

COUNSELORS:

        PLEASE TAKE NOTICE, that the plaintiff is hereby

required to produce the following at the office of the

undersigned:

        1.    State the name and address of every expert

retained or employed by you in anticipation of this litigation

or preparation for Trial whom you expect to call as a witness

at the trial.

        2.    Disclose in reasonable detail the qualifications

of each expert witness.  In a medical malpractice case include

the following:

          a.    in the case of a board-certified expert, the name of the certifying board and the year of certification;

          b.    the states in which the expert is licensed;

          c.    the title of any text authored, contributed to, or edited by, the expert, together with an appropriate citation (by name of publication, volume number, date, or other appropriate identifying matter);

          d.    the undergraduate school attended by such expert, with year of graduation;

          e.    the medical school attended by such expert, with the year of graduation; and

          f.    the institutions attended by the expert in connection with any internship, residency, fellowship, or other specialized training, and the dates of such attendance.

    3.    Disclose in reasonable detail the subject matter on which each expert is expected to testify.

    4.    Disclose in reasonable detail the substance of the facts and opinions on which each expert is expected to testify.

    5.    Disclose in reasonable detail a summary of the grounds for each expert's opinion.

    PLEASE TAKE FURTHER NOTICE, that this demand is a continuing demand for information regarding experts retained by you for trial. Failure to comply with this notice in a timely manner shall be grounds for an order precluding you from offering the testimony at trial of any expert witness whose name and expected testimony is not disclosed, striking the

complaint, dismissing the action and/or such other and further relief as the Court deems just under the circumstances.

Dated:    Mineola, New York
          February 29, 2008

                                Yours, etc.,

                                WAGNER, DOMAN & LETO, P.C.

                                By: _____
                                    DANIEL F. DOMAN (DD-7761)
                                Attorneys for Defendant
                                THE NEW YORK HOSPITAL MEDICAL
                                CENTER OF QUEENS
                                227 Mineola Boulevard
                                Mineola, NY  11501
                                (516) 742-1444

TO:

LEAHEY & JOHNSON, P.C.
Attorneys for Plaintiff
120 Wall Street, Suite 2220
New York, NY  10005
(212) 269-7308

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------x
GEORGE W. BROWN,

                    Plaintiff,

           -against-

THE BROOKDALE HOSPITAL MEDICAL CENTER,
SANJEEV RAJPAL, M.D., CLASS SURGERY
BROOKLYN GROUP, P.C., THE MOUNT SINAI
HOSPITAL, HOWARD CHOI, M.D., DANIELLE
PERRET, M.D., BRIAN RIORDAN, M.D., NEW
FRANKLIN REHABILITATION & HEALTH CARE
FACILITY, LLC, FRANKLIN CENTER FOR
REHABILITATION & NURSING, INC., FRANKLIN
CENTER FOR REHABILITATION & NURSING,
ISRAEL SHERMAN, WILLIAM DUKE, M.D.,
HILLSIDE MANOR COMPREHENSIVE CARE
CENTER, and THE NEW YORK HOSPITAL
MEDICAL CENTER OF QUEENS,

                   Defendants.
------------------------------------------x

Case No.
08 CV 1093

DEMAND PURSUANT TO
ANKER CASE

COUNSELORS:

        PLEASE TAKE NOTICE that pursuant to the holding of

Anker v. Brodnitz, you are hereby required to produce the

following material at the office of the undersigned within

twenty (20) days of the receipt hereof:

        1.  All records, reports, memoranda, transcripts,
attorneys' notes, and any other fruit or product resulting from
any interview or contact of any kind, directly or indirectly
with any physician or health care provider who attended the
plaintiff.

        2.  This is a continuing demand and will apply as
well to any such contacts in the future.

PLEASE TAKE FURTHER NOTICE that the failure to respond to this notice will be deemed a waiver of any holdings of the Anker case insofar as it relates to this litigation.

Dated:    Mineola, New York
          February 29, 2008

                              Yours, etc.,

                              WAGNER, DOMAN & LETO, P.C.


                              By: _____
                                 DANIEL F. DOMAN (DD-7761)
                              Attorneys for Defendant
                              THE NEW YORK HOSPITAL MEDICAL
                              CENTER OF QUEENS
                              227 Mineola Boulevard
                              Mineola, NY  11501
                              (516) 742-1444

TO:

LEAHEY & JOHNSON, P.C.
Attorneys for Plaintiff
120 Wall Street, Suite 2220
New York, NY  10005
(212) 269-7308

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------x
GEORGE W. BROWN,

                                        DEMAND FOR
                                        COLLATERAL SOURCE
                                        INFORMATION

                    Plaintiff,


          -against-

                                        Case No.
THE BROOKDALE HOSPITAL MEDICAL CENTER,   08 CV 1093
SANJEEV RAJPAL, M.D., CLASS SURGERY
BROOKLYN GROUP, P.C., THE MOUNT SINAI
HOSPITAL, HOWARD CHOI, M.D., DANIELLE
PERRET, M.D., BRIAN RIORDAN, M.D., NEW
FRANKLIN REHABILITATION & HEALTH CARE
FACILITY, LLC, FRANKLIN CENTER FOR
REHABILITATION & NURSING, INC., FRANKLIN
CENTER FOR REHABILITATION & NURSING,
ISRAEL SHERMAN, WILLIAM DUKE, M.D.,
HILLSIDE MANOR COMPREHENSIVE CARE
CENTER, and THE NEW YORK HOSPITAL
MEDICAL CENTER OF QUEENS,


                    Defendants.
------------------------------------------x

COUNSELORS:

          PLEASE TAKE NOTICE, that defendant demands within

twenty (20) days from the date hereof plaintiff serve a

verified statement setting forth:

          1.  Whether plaintiff has been reimbursed or
indemnified for economic loss claimed in this action from any
collateral source:

          a.  If the answer to the foregoing is in the
affirmative, state for which of such claims plaintiff has
received payment, the amount thereof, and the name and address
of the person, firm, or organization who made such payment;

b.   If such payment was made by an insurance company, state the number of the policy under which it was paid.

2.   Whether plaintiff has made a claim for payment for economic loss which has not as yet been paid:

a.   If the answer to the foregoing is in the affirmative, state the name of the person, firm or organization to whom such claim was presented, or the date of presentation, and the amount claimed.

b.   If such claim was presented to an insurance company, state the number of the policy under which same was made.

FAILURE TO COMPLY with the within demand will be the basis for a motion seeking appropriate relief.

Dated:      Mineola, New York
            February 29, 2008

                        Yours, etc.,

                        WAGNER, DOMAN & LETO, P.C.


                        By: _____
                            DANIEL F. DOMAN (DD-7761)
                        Attorneys for Defendant
                        THE NEW YORK HOSPITAL MEDICAL
                        CENTER OF QUEENS
                        227 Mineola Boulevard
                        Mineola, NY  11501
                        (516) 742-1444

TO:

LEAHEY & JOHNSON, P.C.
Attorneys for Plaintiff
120 Wall Street, Suite 2220
New York, NY  10005
(212) 269-7308

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------x
GEORGE W. BROWN,

                                          NOTICE FOR DISCOVERY
                                          AND INSPECTION OF
                        Plaintiff,        DOCUMENTS

            -against-                        Case No.
                                             08 CV 1093
THE BROOKDALE HOSPITAL MEDICAL CENTER,
SANJEEV RAJPAL, M.D., CLASS SURGERY
BROOKLYN GROUP, P.C., THE MOUNT SINAI
HOSPITAL, HOWARD CHOI, M.D., DANIELLE
PERRET, M.D., BRIAN RIORDAN, M.D., NEW
FRANKLIN REHABILITATION & HEALTH CARE
FACILITY, LLC, FRANKLIN CENTER FOR
REHABILITATION & NURSING, INC., FRANKLIN
CENTER FOR REHABILITATION & NURSING,
ISRAEL SHERMAN, WILLIAM DUKE, M.D.,
HILLSIDE MANOR COMPREHENSIVE CARE
CENTER, and THE NEW YORK HOSPITAL
MEDICAL CENTER OF QUEENS,

                        Defendants.
----------------------------------------x

COUNSELORS:

        PLEASE TAKE NOTICE, that you are required to produce

at the office of the undersigned attorneys within twenty (20)

days from the date hereof the following documents for discovery

and inspection:

        1.  All writings and/or documents made by this
defendant, including but not limited to bills, records,
reports, correspondence, notes, insurance forms, prescriptions,
and any other memoranda in possession or control of plaintiff
or plaintiff's representative and/or attorney.

        2.  Any and all written statements made by this
defendant, and any and all transcripts, notes or other
recordings of any and all oral statements made by this
defendant.

PLEASE TAKE FURTHER NOTICE that this defendant will object to the introduction of any mentioned documents in evidence at trial if the plaintiff fails to comply with this notice.

Dated:      Mineola, New York
            February 29, 2008

                                    Yours, etc.,

                                    WAGNER, DOMAN & LETO, P.C.

                                    By: _____
                                         DANIEL F. DOMAN (DD-7761)
                                    Attorneys for Defendant
                                    THE NEW YORK HOSPITAL MEDICAL
                                    CENTER OF QUEENS
                                    227 Mineola Boulevard
                                    Mineola, NY  11501
                                    (516) 742-1444

TO:

LEAHEY & JOHNSON, P.C.
Attorneys for Plaintiff
120 Wall Street, Suite 2220
New York, NY  10005
(212) 269-7308

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------x
GEORGE W. BROWN,

                                  NOTICE FOR DISCOVERY
                                  AND INSPECTION

                Plaintiff,

                                  Case No.
                                  08 CV 1093

         -against-

THE BROOKDALE HOSPITAL MEDICAL CENTER,
SANJEEV RAJPAL, M.D., CLASS SURGERY
BROOKLYN GROUP, P.C., THE MOUNT SINAI
HOSPITAL, HOWARD CHOI, M.D., DANIELLE
PERRET, M.D., BRIAN RIORDAN, M.D., NEW
FRANKLIN REHABILITATION & HEALTH CARE
FACILITY, LLC, FRANKLIN CENTER FOR
REHABILITATION & NURSING, INC., FRANKLIN
CENTER FOR REHABILITATION & NURSING,
ISRAEL SHERMAN, WILLIAM DUKE, M.D.,
HILLSIDE MANOR COMPREHENSIVE CARE
CENTER, and THE NEW YORK HOSPITAL
MEDICAL CENTER OF QUEENS,

                    Defendants.
------------------------------------------x

COUNSELORS:

        PLEASE TAKE NOTICE, that the undersigned attorneys demand that you furnish the following items within twenty (20) days of the service of this demand:

        1.  Pursuant to the rules of this court governing the exchange of medical reports, you are required to serve upon and deliver to the undersigned, copies of all medical reports of those physicians who have treated or examined the party seeking recovery, including a detailed recital of the injuries and conditions complained of.

        Further, you are to include duly executed and acknowledged written authorizations permitting the undersigned to obtain and make copies of all hospital and physician's records for those institutions and physicians that have treated the plaintiff.  The authorizations must include:

   a. Full name and address of physician and/or hospital;

   b. Specialty of said physician;

   c. Dates of treatment;

   d. Plaintiff's full name and address;

   e. Identifying information necessary to acquire records;

    i. hospital identification number;

    ii. Social Security number of plaintiff;

    iii. Blue Cross/Blue Shield identifying number if different from Social Security number;

   f. Full name and address of employer;

   g. Dates of employment;

   h. Full name and address of pharmacy;

   i. Prescription numbers.

   j. **PLEASE NOTE:**  If authorizations for both records and radiographic studies are demanded, <u>**separate authorizations are requested**</u>.

   2. The names and addresses of each party appearing in this action for the purpose of service of papers.

   3. A copy of any statement given by or on behalf of any of any answering defendant serving this demand.

   4. Name and address of any witness known to the plaintiff or plaintiff's attorney, including witnesses to admissions, notice, conversations or alleged damages.  Specify the name and address of any witness to each of the following, including but not limited thereto:

   a. The occurrence alleged in the complaint;

   b. Any acts, omissions or conditions which allegedly caused the occurrence alleged in the complaint;

   c. Any actual notice allegedly given to the defendants answering herein of any condition which allegedly caused the occurrence alleged in the complaint;

   d. The nature and duration of any alleged condition which allegedly caused the occurrence alleged in the complaint;

   e. Any statement or admission made by defendant or defendant's agents, servants, or employees;

   f. The nature and duration of any alleged damage which allegedly arose from the occurrence alleged in the complaint.

5.  The full caption of each and every lawsuit brought on plaintiff's behalf to recover damages for any connected or aggravated injuries allegedly caused and sustained by reason of the acts of one or more preceding joint, concurrent and/or succeeding tort feasors, including:

a.  Court;
b.  Index Number;
c.  Calendar Number;
d.  Names and addresses of all litigants;
e.  Names and addresses of all attorneys appearing for the litigants;
f.  Status of lawsuit--

i.   if noticed for trial, please specify the date;
ii.  if settled, annex a copy of each release delivered indicating the amounts contributed by each defendant;
iii. if discontinued without payment, annex a copy of each stipulation so delivered to each defendant;
iv.  if tried, annex a copy of the judgment with notice of entry;
v.   if judgment was satisfied, set forth date and amount of payment and annex a copy of satisfaction and judgment.

6.  Photographic prints of photographs, slides, moving pictures, videotapes or any other visual statements under the control of plaintiff, its agents or attorneys, still or moving which depict:

a.  the scene of the occurrence alleged in plaintiff's complaint;

b.  the scene of the occurrence alleged in plaintiff's complaint immediately prior thereto;

c.  the occurrence alleged in plaintiff's complaints;

d.  the scene of the occurrence alleged in the plaintiff's complaint immediately thereafter.

e.    any condition which allegedly caused or contributed to the occurrence alleged in plaintiff's complaint which plaintiff intends to use and introduce into evidence at the trial of this action.

7.    Copies of any photographs, slides or other still depicture of the plaintiff or plaintiff's physical condition that were taken and which plaintiff intends to introduce into evidence at the trial of this action.

8.    Copies of any films or videotapes taken which show plaintiff's condition which plaintiff intends to produce and enter into evidence at trial of this action.  All films or videotapes taken or made shall be produced without any editing in addition to any edited version thereof.

9.    The defendant demands to be notified at least 20 days in advance of any filming or videotaping or photographing of the plaintiff or plaintiff's condition taken by plaintiff or at plaintiff's direction or for plaintiff by others which is done to provide the jury in this action with a "Day in the Life" of the plaintiff or similar production depicting plaintiff's abilities.  The defendant will object under the rules of this Court to any offer of such films, videotapes or photographs at the trial for the action if this demand is not met within the time period provided.

10.    Copies of any scripts, including drafts thereof, and complete copies of only "voice-overs" without editing, for the inclusion in the above as audio enhancement.

11.    The defendant demands to be present during any pre-production meeting, editing session, filming, videotaping or photographing, or post-production meeting or session involved in the preparation of any films, videotapes or still photographs taken in this matter.

12.    The defendant demands the right to film, photograph or videotape the actual occurrences cited in numbers "7" and "11" above.

PLEASE TAKE FURTHER NOTICE that the within demand is a continuing demand.  In the event any of the above items are obtained after service of this demand, they are to be furnished to this office.

FAILURE TO COMPLY with this demand will be the basis of a motion seeking appropriate relief.

Dated:      Mineola, New York
            February 29, 2008

                              Yours, etc.,

                              WAGNER, DOMAN & LETO, P.C.

                              By: _____
                                  DANIEL F. DOMAN (DD-7761)
                                  Attorneys for Defendant
                                  THE NEW YORK HOSPITAL MEDICAL
                                  CENTER OF QUEENS
                                  227 Mineola Boulevard
                                  Mineola, NY  11501
                                  (516) 742-1444

TO:

LEAHEY & JOHNSON, P.C.
Attorneys for Plaintiff
120 Wall Street, Suite 2220
New York, NY  10005
(212) 269-7308

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
GEORGE W. BROWN,

                        Plaintiff,                    FAX TRANSMISSION
                                                  NOTICE

        -against-

THE BROOKDALE HOSPITAL MEDICAL CENTER,      Case No. 08 CV 1093
SANJEEV RAJPAL, M.D., CLASS SURGERY
BROOKLYN GROUP, P.C., THE MOUNT SINAI
HOSPITAL, HOWARD CHOI, M.D., DANIELLE
PERRET, M.D., BRIAN RIORDAN, M.D., NEW
FRANKLIN REHABILITATION & HEALTH CARE
FACILITY, LLC, FRANKLIN CENTER FOR
REHABILITATION & NURSING, INC., FRANKLIN
CENTER FOR REHABILITATION & NURSING,
ISRAEL SHERMAN, WILLIAM DUKE, M.D.,
HILLSIDE MANOR COMPREHENSIVE CARE
CENTER, and THE NEW YORK HOSPITAL
MEDICAL CENTER OF QUEENS,

                        Defendants.
----------------------------------------X

COUNSELORS:

          PLEASE TAKE NOTICE that the defendant herein declares

that it will not accept the transmission by electronic means of

any paper or document required to be served upon this firm

without the specific

permission of this firm for each and every document or paper so served.

Dated:      Mineola, New York
            February 29, 2008

                          Yours, etc.,

                          WAGNER, DOMAN & LETO, P.C.

                          By: _____
                               DANIEL F. DOMAN (DD-7761)
                          Attorneys for Defendant
                          THE NEW YORK HOSPITAL MEDICAL
                          CENTER OF QUEENS
                          227 Mineola Boulevard
                          Mineola, NY   11501
                          (516) 742-1444

TO:

LEAHEY & JOHNSON, P.C.
Attorneys for Plaintiff
120 Wall Street, Suite 2220
New York, NY   10005
(212) 269-7308

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
GEORGE W. BROWN,

                            Plaintiff,              DEMAND FOR
                                                    DISCLOSURE AS TO
                                                    MEDICAID/MEDICARE
                -against-                           LIEN

THE BROOKDALE HOSPITAL MEDICAL CENTER,              Case No.
SANJEEV RAJPAL, M.D., CLASS SURGERY                 08 CV 1093
BROOKLYN GROUP, P.C., THE MOUNT SINAI
HOSPITAL, HOWARD CHOI, M.D., DANIELLE
PERRET, M.D., BRIAN RIORDAN, M.D., NEW
FRANKLIN REHABILITATION & HEALTH CARE
FACILITY, LLC, FRANKLIN CENTER FOR
REHABILITATION & NURSING, INC., FRANKLIN
CENTER FOR REHABILITATION & NURSING,
ISRAEL SHERMAN, WILLIAM DUKE, M.D.,
HILLSIDE MANOR COMPREHENSIVE CARE
CENTER, and THE NEW YORK HOSPITAL
MEDICAL CENTER OF QUEENS,

                            Defendants.
------------------------------------X

C O U N S E L O R S:

        PLEASE TAKE NOTICE, that the undersigned attorneys for

defendant, hereby demand that you furnish to us within thirty (30)

days of the service of this demand the following:

        1.    A statement as to whether the plaintiff has received
benefits from either Medicare or Medicaid at any time, for any
reason, not limited to the injuries alleged in the instant action.
If so, please state:

a.  plaintiff(s)' date of birth;

b.  plaintiff(s)' Social Security number;

c.  the Medicare/Medicaid file number;

d.  the address of the office handling the plaintiff(s)' Medicare/Medicaid file;

e.  copies of all documents, records, memoranda, notes, etc., in plaintiff(s)' possession pertaining to plaintiff(s)' receipt of Medicare/Medicaid benefits; and

f.  a duly executed authorization bearing plaintiff(s)' date of birth and Social Security number permitting this firm and other representatives of defendant(s) to obtain copies of plaintiff(s)' Medicare/Medicaid records.

PLEASE TAKE NOTICE that, pursuant to CPLR, this is a continuing Demand and that you are required to serve the demanded information by the earliest of the following:

a.  within 30 days of the date of this Demand;

b.  within 20 days of receiving the above requested information;

c.  no later than 30 days prior to the commencement of trial.

If you do not possess the above requested information, a letter or affidavit to that effect should be submitted.

**IF YOU FAIL TO COMPLY**, we shall rely on all sanctions provided by law.

Dated:     Mineola, New York
           February 29, 2008

                              Yours, etc.,

                              WAGNER, DOMAN & LETO, P.C.

                              By:

                              _____
                                 DANIEL F. DOMAN (DD-7761)
                              Attorneys for Defendant
                              THE NEW YORK HOSPITAL MEDICAL
                              CENTER OF QUEENS
                              227 Mineola Boulevard
                              Mineola, NY  11501
                              (516) 742-1444

TO:

LEAHEY & JOHNSON, P.C.
Attorneys for Plaintiff
120 Wall Street, Suite 2220
New York, NY  10005
(212) 269-7308

STATE OF NEW YORK)

COUNTY OF NASSAU ) ss.:

          MARION GREENBERG, being duly sworn, deposes and says that she is not a party to the within action, is over 18 years of age, and resides at Long Beach, New York.

          On the 5th day of March , 2008, she served the within VERIFIED ANSWER, DEMAND FOR BILL OF PARTICULARS, NOTICE FOR DISCOVERY AND INSPECTION, COLLATERAL SOURCE DEMAND, WITNESS DEMAND, ANKER DEMAND, DOCUMENT DEMAND, FAX TRANSMISSION NOTICE, NOTICE FOR DEPOSITION and DEMAND FOR DISCLOSURE AS TO MEDICAID/MEDICARE LIEN upon the following:

LEAHEY & JOHNSON, P.C.
Attorneys for Plaintiff
120 Wall Street, Suite 2220
New York, NY   10005

by depositing a true copy of same, enclosed in a post-paid, properly addressed wrapper, in an official depository under the exclusive care and custody of the US Postal Service within the State of New York.

                                 _____
                                   Marion Greenberg

Sworn to me this 5th day of
March , 2008

_____
Notary Public

                            YVONNE C. PURSOO
                    Notary Public, State of New York
                       No. 01PU6048590
                    Qualified in Queens County
               Commission Expires Sept. 25, 20 10

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

GEORGE W. BROWN,

Plaintiff,

-against-

THE BROOKDALE HOSPITAL MEDICAL CENTER, SANJEEV RAJPAL, M.D., CLASS
SURGERY BROOKLYN GROUP, P.C., THE MOUNT SINAI HOSPITAL, HOWARD CHOI,
M.D., DANIELLE PERRET, M.D., BRIAN RIORDAN, M.D., NEW FRANKLIN
REHABILITATION & HEALTH CARE FACILITY, LLC, FRANKLIN CENTER FOR
REHABILITATION & NURSING, INC., FRANKLIN CENTER FOR REHABILITATION &
NURSING, ISRAEL SHERMAN, WILLIAM DUKE, M.D., HILLSIDE MANOR
COMPREHENSIVE CARE CENTER, and THE NEW YORK HOSPITAL MEDICAL
CENTER OF QUEENS,

Defendants.

---

VERIFIED ANSWER, DEMAND FOR BILL OF PARTICULARS, NOTICE FOR
DISCOVERY AND INSPECTION, COLLATERAL SOURCE DEMAND, WITNESS
DEMAND, ANKER DEMAND, DOCUMENT DEMAND, FAX TRANSMISSION NOTICE,
NOTICE FOR DEPOSITION and DEMAND FOR DISCLOSURE AS TO
MEDICAID/MEDICARE LIEN

---

### WAGNER, DOMAN & LETO, P.C.
**ATTORNEYS AT LAW**
*Attorneys for Defendant* **THE NEW YORK HOSPITAL MEDICAL CENTER OF QUEENS**
*Office and Post Office Address, Telephone*
**227 Mineola Blvd.**
**MINEOLA, NEW YORK 11501**
**Telephone No. (516) 742-1444**
**Facsimile No. (516) 742-1204**

---

TO:
Attorney(s) for

---

Service of a copy of the within                                                    is hereby
admitted

Dated:

_____
Attorney(s)

---

**PLEASE TAKE NOTICE**

that the within is a (certified) true copy of a
Notice of Entry entered in the office of the clerk of the within named court on

that an Order of which the within is a true copy will be presented for settlement to the Hon.
One of the judges of the within named Court, at