JRH/ds
00661-080632

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X

GEORGE W. BROWN,

                      Plaintiff,

     -against-

THE BROOKDALE HOSPITAL MEDICAL CENTER, SANJEEV RAJPAL, M.D., CLASS SURGERY OF BROOKLYN GROUP, P.C., THE MOUNT SINAI HOSPITAL, HOWARD CHOI, M.D., DANIELLE PERRET, M.D., BRIAN RIORDAN, M.D., NEW FRANKLIN REHABILITATION & HEALTH CARE FACILITY, LLC, FRANKLIN CENTER FOR REHABILITATION & NURSING, INC., FRANKLIN CENTER FOR REHABILITATION & NURSING, ISRAEL SHERMAN, WILLIAM DUKE, M.D., HILLSIDE MANOR COMPREHENSIVE CARE CENTER, and THE NEW YORK HOSPITAL MEDICAL CENTER OF QUEENS,

                      Defendants.

----------------------------------------------------------------X

**RULE 26 INITIAL DISCLOSURES**

Case No.: 08 CV 10931

     Defendant THE BROOKDALE UNIVERSITY HOSPITAL AND MEDICAL CENTER (hereinafter "Defendant"), by its attorneys, MARTIN CLEARWATER & BELL LLP, as and for its automatic disclosure states as follows:

     A.     The identity of each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses, unless solely for impeachment, and the subject thereof:

          1.     Plaintiff George Brown on the issues of alleged liability and alleged damages.

          2.     Co-defendants Sanjeev Rajpal, M.D., Class Surgery Brooklyn Group, P.C., The Mount Sinai Hospital, Howard Choi, M.D., Danielle Perret, M.D., Brian Riordan,

1138436_1

M.D., New Franklin Rehabilitation & Health Care Facility, LLC, Franklin Center for Rehabilitation & Nursing, Inc, Franklin Center for Rehabilitation & Nursing, Israel Sherman, William Duke, M.D., Hillside Manor Comprehensive Care Center and The New York Hospital Medical Center of Queens on the issues of alleged liability and alleged damages.

   3. Defendant The Brookdale University Hospital and Medical Center on issues of alleged liability and alleged damages.

   4. All of the Plaintiff's prior and subsequent treating physicians as these individuals may have discoverable information on the issues of the alleged claims and the alleged damages.

  **B.** **A general description of all documents in the custody and control of the defendant that may be used to support its claims or defenses:**

   Defendant is in possession of The Brookdale University Hospital and Medical Center records pertaining to the Plaintiff.

  **C.** **A computation of any category of damages claimed by that party:**

   Defendant is currently not in possession of any such documents.

  **D.** **A copy of the insurance policy that may provide coverage for party of all of any judgment that might be entered in this action:**

   Insurance information will be provided under separate cover.

**PLEASE TAKE NOTICE** that pursuant to Rule 26(e) of the Federal Rules of Civil Procedure, Defendant reserves the right to supplement this response at any time up to, and including, the time of trial.

Dated: New York, New York
       May 30, 2008

                    Yours, etc.

                    MARTIN CLEARWATER & BELL LLP

                    By _____
                    Robert M. Drucker (RD1768)
                    Attorneys for Defendant
                    THE BROOKDALE UNIVERSITY HOSPITAL
                    AND MEDICAL CENTER
                    220 East 42nd Street
                    New York, NY 10017
                    212-697-3122

TO:

LEAHEY & JOHNSON
Attorneys for Plaintiff
120 Wall Street, Suite 2220
New York, NY 10005

WAGER, DOMAN & LETO, PC
Attorneys for Defendant
NEW YORK HOSPITAL MEDICAL CENTER OF QUEENS
227 Mineola Boulevard
Mineola, New York 11501

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER
Attorneys for Defendants
THE MOUNT SINAI HOSPITAL, HOWARD CHOI, M.D.,
DANIELLE PERRET, M.D. and BRIAN RIORDAN, M.D.
150 East 42nd Street
New York, New York 10017

FUREY, FUREY, LEVERAGE, MANZIONE, WILLIAMS & DARLINGTON, P.C.
Attorneys for Defendant
HILLSIDE MANOR COMPREHENSIVE CARE CENTER
600 Front Street
Hempstead, New York 11550

KOPFF, NARDELLI & DOPF, LLP
Attorneys for Defendants
NEW FRANKLIN REHABILIATION & HEALTH CARE FACILITY,
LLC, FRANKLIN CENTER FOR REHABILIATON & NURSING, INC.,
FRANKLIN CENTER FOR REHABILIATION & NURSING, ISRAEL
SHERMAN and WILLIAM DUKE, M.D.
440 Ninth Avenue
New York, New York 10001

BELAIR & EVANS, LLP
Attorneys for Defendants
SANJEEV RAJPAL, M.D. and CLASS SURGERY BROOKLYN GROUP, P.C.
61 Broadway, Suite 1320
New York, New York 10006

JRH/ds
00661-080632

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

GEORGE W. BROWN,

                Plaintiff,

-against-

THE BROOKDALE HOSPITAL MEDICAL CENTER, SANJEEV RAJPAL, M.D., CLASS SURGERY OF BROOKLYN GROUP, P.C., THE MOUNT SINAI HOSPITAL, HOWARD CHOI, M.D., DANIELLE PERRET, M.D., BRIAN RIORDAN, M.D., NEW FRANKLIN REHABILITATION & HEALTH CARE FACILITY, LLC, FRANKLIN CENTER FOR REHABILITATION & NURSING, INC., FRANKLIN CENTER FOR REHABILITATION & NURSING, ISRAEL SHERMAN, WILLIAM DUKE, M.D., HILLSIDE MANOR COMPREHENSIVE CARE CENTER, and THE NEW YORK HOSPITAL MEDICAL CENTER OF QUEENS,

                Defendants.

-----------------------------------------------------------------X

**REQUEST FOR PRODUCTION OF DOCUMENTS**

Case No.: 08 CV 10931

**COUNSELORS:**

**PLEASE TAKE NOTICE**, that pursuant to Rule 34 of Federal Rules of Civil Procedure, you are hereby required to produce and permit discovery by the attorneys for Defendant THE BROOKDALE UNIVERSITY HOSPITAL AND MEDICAL CENTER (hereinafter "Defendant") of the following documents at the office of MARTIN CLEARWATER & BELL LLP, 220 East 42nd Street, 13th Floor, New York, New York 10017, on the 18th of June, 2008, at 9:30 o'clock in the forenoon of that day:

    1.    Identify and provide copies of all authorizations to obtain medical records as signed by Plaintiff, including but not limited to records from Emergency Medical Services, New York Police Department, New York Fire Department and records from all co-defendants in the instant matter.

1138438_1

2. Identify and provide any correspondence or personal notes of Plaintiff with regard to care and treatment at The Brookdale University Hospital and Medical Center.

3. Identify and provide any documents authored by this Defendant regarding the Plaintiff.

4. If loss of earnings are claimed, please provide documentation reflecting the Plaintiff's salary for the three years prior to the August 21, 2005 occurrence.

5. Invoices detailing any out-of-pocket expenses for the Plaintiff's medical care.

**PLEASE TAKE FURTHER NOTICE** that this is a continuing demand, and Plaintiff is required to supplement his response in accordance with Rule 26(e) of the Federal Rules of Civil Procedure.

**PLEASE TAKE FURTHER NOTICE**, that Defendant will object to the introduction of any mentioned documents in evidence at trial if the Plaintiff fails to comply with this Request for Production of Documents.

Dated: New York, New York
May 30, 2008

Yours, etc.

MARTIN CLEARWATER & BELL LLP

By _____
Robert M. Drucker (RD1768)
Attorneys for Defendant
THE BROOKDALE UNIVERSITY HOSPITAL
AND MEDICAL CENTER
220 East 42nd Street
New York, NY 10017
212-697-3122

TO:

LEAHEY & JOHNSON
Attorneys for Plaintiff
120 Wall Street, Suite 2220
New York, NY 10005

WAGER, DOMAN & LETO, PC
Attorneys for Defendant
NEW YORK HOSPITAL MEDICAL CENTER OF QUEENS
227 Mineola Boulevard
Mineola, New York 11501

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER
Attorneys for Defendants
THE MOUNT SINAI HOSPITAL, HOWARD CHOI, M.D.,
DANIELLE PERRET, M.D. and BRIAN RIORDAN, M.D.
150 East 42nd Street
New York, New York 10017

FUREY, FUREY, LEVERAGE, MANZIONE, WILLIAMS & DARLINGTON, P.C.
Attorneys for Defendant
HILLSIDE MANOR COMPREHENSIVE CARE CENTER
600 Front Street
Hempstead, New York 11550

KOPFF, NARDELLI & DOPF, LLP
Attorneys for Defendants
NEW FRANKLIN REHABILITATION & HEALTH CARE FACILITY,
LLC, FRANKLIN CENTER FOR REHABILIATON & NURSING, INC.,
FRANKLIN CENTER FOR REHABILIATION & NURSING, ISRAEL
SHERMAN and WILLIAM DUKE, M.D.
440 Ninth Avenue
New York, New York 10001

BELAIR & EVANS, LLP
Attorneys for Defendants
SANJEEV RAJPAL, M.D. and CLASS SURGERY BROOKLYN GROUP, P.C.
61 Broadway, Suite 1320
New York, New York 10006

JRH/ds
00661-080632

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

GEORGE W. BROWN,

                Plaintiff,

    -against-

THE BROOKDALE HOSPITAL MEDICAL CENTER, SANJEEV RAJPAL, M.D., CLASS SURGERY OF BROOKLYN GROUP, P.C., THE MOUNT SINAI HOSPITAL, HOWARD CHOI, M.D., DANIELLE PERRET, M.D., BRIAN RIORDAN, M.D., NEW FRANKLIN REHABILITATION & HEALTH CARE FACILITY, LLC, FRANKLIN CENTER FOR REHABILITATION & NURSING, INC., FRANKLIN CENTER FOR REHABILITATION & NURSING, ISRAEL SHERMAN, WILLIAM DUKE, M.D., HILLSIDE MANOR COMPREHENSIVE CARE CENTER, and THE NEW YORK HOSPITAL MEDICAL CENTER OF QUEENS,

                Defendants.

------------------------------------------------------------------X

**DEFENDANT'S FIRST SET OF INTERROGATORIES**

Case No.: 08 CV 10931

      Pursuant to Rule 33 of the Federal Rules of Civil Procedure and Local Rules of the U.S. District Court for the Southern District of New York, Plaintiff is required to serve upon the undersigned attorneys for Defendant, THE BROOKDALE UNIVERSITY HOSPITAL AND MEDICAL CENTER (hereinafter "Defendant"), in writing and duly sworn to by Plaintiff, within the time specified, and each answer to be set forth completely and fully, individual answers to the interrogatories hereinafter set forth.

      PLEASE TAKE NOTICE, that these interrogatories are deemed to be continuing up to and including the first day of trial of this action. The demand is hereby made upon Plaintiff that they be served upon the undersigned attorneys for Defendant, written answers to interrogatories containing any information obtained by them concerning the subject matter of these

1138456_1

interrogatories which is obtained subsequent to the service and filing of the original answer to these interrogatories.

## DEFINITIONS AND INSTRUCTIONS

1. These Interrogatories incorporate by reference and utilize the Uniform Definitions in Discovery Requests as set forth in Local Rule 26.3, Southern District of New York.

2. The term "Plaintiff" means George Brown.

3. "Person" means any person, corporation, association, firm, partnership, physician, or other business or legal entity, including you, or any one or more of you.

4. The term "document" shall include any and all written or graphic matter, however reproduced, of any kind or description, whether sent, received, or neither, including originals, copies, and drafts, both sides thereof, including but not limited to papers, books, letters, photographs, objects, tangible things, correspondence, telegrams, cables, telex messages, e-mail messages, memoranda, notes, notations, work papers, transcripts, minutes, reports, drawings, blueprints and tape recordings of any type of size, and recordings of telephone or other conversations, or of interviews, conferences, or other meetings, affidavits, statements, summaries, opinions, reports, studies, analyses, evaluations, contracts, agreements, journals, statistical reporters, desk calendars, appointment books, diaries, lists, tabulations, summaries, sound recordings, computer printouts, data processing input and output, microfilms and all other records kept by electronic, photographic, material, or mechanical means, and things similar to any of the foregoing, however denominated, including investigative reports, test results, videotapes, computer readable media, machine sensible, electronic and/or photographs.

5. The term "incident" or "occurrence" refers to the events leading up to and including the injuries alleged by Plaintiff.

6.	Whenever in these Interrogatories there is a request to specify, identify, or name a natural person or individual, you shall provide that person's:

(a)	Full name;

(b)	Present residence address (street name and number, city, state, and zip code) and telephone number. If the present address or telephone number is unknown, so state and set forth the last known information;

(c)	Present place of employment, position held, business address (street name and number, city, state, and zip code), and telephone number. If any such information is unknown, so state and set forth the last known information; and

(d)	The past and present relationship or connection of such person with the plaintiff or defendant, if any.

7.	When an Interrogatory requests you to identify, to state the identity of, or to describe a document, you shall provide:

(a)	The date the document was prepared;

(b)	The date the document bears;

(c)	The identity of the author of the document;

(d)	A description of the document in sufficient detail to enable it to be specifically identified;

(e)	The identity of the person or persons now having custody of the document; and

(f)	The number of pages in the document.

If a document for which identification has been sought has been lost or destroyed, state in addition to the information required pursuant to this identification of that document whether such document was lost or destroyed. If lost, state the circumstances under which such document was

lost; and if destroyed, identify each person responsible for or participating in such document's destruction.

8.  When an Interrogatory requests you to describe something or to state the factual basis of a claim or assertion, you shall provide a reasonably detailed narrative statement setting forth the facts, information and matters presently available to you on the matter in question, including, when applicable, all the relevant dates, times, and places, the identity of all parties to the transaction, event, conversation or occurrence, the identity of the person or persons who participated or were involved therein, the substance thereof, and the principals for whom such person or persons purported to act. When reference is made to a date, time, figure, amount, or geographic area, the answer, when necessary, may reflect that it contains a reasonable approximation.

9.  With respect to any definitions set forth above, or to any other word used herein, that you believe is vague and ambiguous, please provide your own definition of the term and answer any Interrogatory incorporating the term using your own definition.

10. In answering the Interrogatories below, wherever you make a claim of privilege, with respect to each such claim, state the following:

(a)   The privilege claimed; and

(b)   A precise statement of the facts upon which the claim of privilege is based.

## INTERROGATORIES

11. State the names and addresses of the following:

(a)   Any person who claims to have been a witness to the occurrence alleged in the complaint;

(b)   Any person who has ever published a Statement, or otherwise stated or indicated

1138456_1                               4

in any manner that any of the alleged injuries of the Plaintiff were caused by negligent acts or omissions of the named Defendant;

(c)     Any person who claims to be a witness to any acts, omissions, defects or conditions which caused or contributed to the occurrence alleged in the complaint.

12.     State complete information as to whether Plaintiff had in effect, at the time of said injuries made the subject of this suit, any medical and/or accident insurance and, if so, indicate:

(a)     The names of the companies issuing such policies;

(b)     Effective period for such policies;

(c)     Policy numbers;

(d)     Whether any payments under said policies have been made;

(e)     The amount of each such payment.

13.     State in detail the computation of each category of damages alleged in this lawsuit, including but not limited to loss of income, special damages, and pain and suffering.

14.     If punitive damages are alleged, state:

(a)     The manner in which the Defendant's conduct was wanton; and

(b)     The manner in which the Defendant's conduct was reckless.

15.     If due to the alleged malpractice it will be claimed that Plaintiff was unable to work:

(a)     State the rate of pay or compensation and how much total salary, compensation, or income was actually lost explaining in complete detail how you compute such total amount of claimed loss;

(b) Describe the nature of the work performed by any person or persons hired to replace plaintiff, the hours worked, the inclusive period of time from date to date of such employment, the rate of pay, and the total amount actually paid, and the amount still owing.

16. If Plaintiff was self-employed at the time of the accident and Plaintiff claims to have lost any income as a result of this accident, fully describe the business, firm or partnership, and state how much net income claimed to have been lost, and explain in complete detail how you compute such a loss.

17. If Plaintiff was self-employed prior to the time of the accident, how much gross and how much net income was realized from the business for each of the three full calendar years or fiscal years immediately preceding the alleged malpractice and also for the period of time thereafter to the present time. (If engaged in a partnership or joint venture, specify such amounts for the firm and separately supply the percentage and amount of actual participation in the net income for such period of time, and what the normal percent of participation is.)

18. State whether Plaintiff or his attorney of record have in their possession or under their control any books, papers, documents, ledgers, or records which will support the claimed loss of business income, or salary or wage.

(a) If so, please describe and identify them;

(b) State whether you will voluntarily permit us to inspect these books and records;

(c) State who has custody of them and where they are located.

19. State whether Plaintiff filed income tax returns with the Director of Internal Revenue Service for any of the past ten (10) years or with any state tax authority or departments and, if so, state:

(a) The office of the Director of Internal Revenue with whom each return was filed;

(b)   The amount reported in each return as earned income;

(c)   The years for which said returns were filed with the Department of Internal Revenue;

(d)   The state tax authority or authorities with whom such returns were filed;

(e)   The years for which items were filed with such tax authority;

(f)   The amount of tax shown to be due on each such return;

(g)   Attach copies of these returns for the past ten (10) years hereto.

20.   Is Plaintiff presently in receipt of any source of income, either disability, Social Security, worker's compensation, private insurance, etc.? If so, please specify:

(a)   The name and address of each source of income;

(b)   The total monthly compensation of each source of income.

21.   With respect to special damages, what are the:

(a)   Hospital bills, with names of institutions rendering them;

(b)   Medical bills, with names and addresses of persons rendering them;

(c)   Nursing bills, with names and addresses of persons rendering them;

(d)   Any other special damages, specifying type, amount and the person to whom such amount is due or has been paid;

(e)   Were any charges reimbursed by private or public health or disability insurance or worker's compensation insurance?

(f)   If the answer to the foregoing is in the affirmative, please give the name of each insurer, together with the amount reimbursed.

22.   Identify by name, address and occupation all persons and witnesses whom the Plaintiff or his representatives have taken, obtained, or received a written or recorded statement

relevant to the matters set forth in the complaint. As to each statement, describe to whom it was given, the date of the statement, and the substance of the content of the statement. In the alternative to providing the information herein requested, you may provide copies of all statements in your possession.

23. Set forth in detail the factual ground for maintaining this suit against the Defendant in this case with a complete description of the act or omissions which Plaintiff contends constituted negligence from malpractice.

24. State the precise date or dates and time or times which Plaintiff will allege such negligence where malpractice occurred;

25. If it will be claimed that any of the acts or omissions particularized in item 24 above were performed by another, for whose acts or omissions it will be claimed Defendant has legal responsibility, state as to each such act or omission the name of the person who performed it and that person's legal relationship to the Defendant. If the person's name is not known, describe the person in as much detail as is available to the Plaintiff.

26. Concerning the claim of physical injury, state the following:

(a) The nature, location and extent of each injury that will be claimed was caused by the negligence of the Defendant.

(b) If any injuries are claimed to be permanent, so state.

27. If it will be claimed that the injuries to the Plaintiff necessitated treatment by any physicians, psychologists or other therapists, set forth:

(a) The name of each such person including physicians, psychologists or other therapists;

(b) The dates of treatment;

1138456_1                                  8

(c) The treatment rendered.

28. If it will be claimed that the aforesaid injuries necessitated any hospitalizations, set forth the name of each hospital with the dates of confinement or outpatient treatment, and the treatment rendered.

29. If it will be claimed that the aforesaid injuries necessitated treatment at any other institution, set forth the name of each institution with dates of confinement or treatment, and the treatment rendered.

30. State Plaintiff's residences for the last ten years, including the dates or residence at the enumerated addresses.

31. State the Social Security number of Plaintiff.

32. State the date of birth of Plaintiff.

33. Detail sums reimbursed to Plaintiff for medical and/or hospital expenses by medical insurance or other sources, identifying the reimbursor.

34. If it will be claimed that the manner and respect in which the institutional Defendant, prior to the granting or renewing of privileges or employment of residents, nurses and others involved in Plaintiff's care, failed to investigate the qualifications, competence, capacity, abilities and capabilities of residents, nurses and other employees, state:

(a) The names of those persons whom Plaintiff claims lacked the necessary qualifications, competence, capacity, abilities and capabilities;

(b) With reference to each of those persons named above, state separately the qualification, ability or capability each person lacked;

(c) With reference to each of those persons named above, state separately and with particularity the manner and respect in which each was negligent, careless and unskillful.

35. State whether Plaintiff, attorney, or any other representative has any photographs, charts, diagrams or video recordings prepared by the parties. Identify with particularity what materials are in existence.

36. State whether Plaintiff had any conversations with Defendant. Describe the sum and substance of any such conversations.

37. State and acknowledge the existence of any medical, psychiatric or psychological and hospital records or documents pertaining to Plaintiff which are or may be relevant to the claims and injuries alleged in the Complaint of this action. For each such relevant document set forth above, state:

(a) The custodian of each document;

(b) The location of each document;

(c) A general description of each document including any document or record identification number of each document.

38. State and list any and all other relevant physical evidence pertaining to the Plaintiff and/or injuries alleged in the Complaint, including custodian of each item of physical evidence, location of each item of physical evidence and general description for each item of physical evidence, including but not limited to:

(a) All x-ray films pertaining to the Plaintiff;

(b) All written instructions or other documents received by Plaintiff in connection with his medical care;

(c) Any electronically recorded conversations between Plaintiff and Defendant;

(d) Any photographs, films or videotapes of Plaintiff;

(e) Any other physical evidence not enumerated above.

39.   Identify all persons who assisted in providing answers to these interrogatories and identify the particular interrogatories that each such person assisted in answering.

Dated: New York, New York
May 30, 2008

Yours, etc.

MARTIN CLEARWATER & BELL LLP

By _____
Robert M. Drucker (RD1768)
Attorneys for Defendant
THE BROOKDALE UNIVERSITY HOSPITAL
AND MEDICAL CENTER
220 East 42nd Street
New York, NY 10017
212-697-3122

TO:

LEAHEY & JOHNSON
Attorneys for Plaintiff
120 Wall Street, Suite 2220
New York, NY 10005

WAGER, DOMAN & LETO, PC
Attorneys for Defendant
NEW YORK HOSPITAL MEDICAL CENTER OF QUEENS
227 Mineola Boulevard
Mineola, New York 11501

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER
Attorneys for Defendants
THE MOUNT SINAI HOSPITAL, HOWARD CHOI, M.D.,
DANIELLE PERRET, M.D. and BRIAN RIORDAN, M.D.
150 East 42nd Street
New York, New York 10017

FUREY, FUREY, LEVERAGE, MANZIONE, WILLIAMS & DARLINGTON, P.C.
Attorneys for Defendant
HILLSIDE MANOR COMPREHENSIVE CARE CENTER
600 Front Street
Hempstead, New York 11550

KOPFF, NARDELLI & DOPF, LLP
Attorneys for Defendants
NEW FRANKLIN REHABILIATION & HEALTH CARE FACILITY, LLC, FRANKLIN CENTER FOR REHABILIATON & NURSING, INC., FRANKLIN CENTER FOR REHABILIATION & NURSING, ISRAEL SHERMAN and WILLIAM DUKE, M.D.
440 Ninth Avenue
New York, New York 10001

BELAIR & EVANS, LLP
Attorneys for Defendants
SANJEEV RAJPAL, M.D. and CLASS SURGERY BROOKLYN GROUP, P.C.
61 Broadway, Suite 1320
New York, New York 10006