*Leahey & Johnson, P.C.*
*Attorneys at Law*

(212) 269-7308
FACSIMILE (212) 422-4751

*120 Wall Street, New York, N.Y. 10005*

**BY FACSIMILE & FIRST CLASS MAIL**

July 18, 2008

Hon. Magistrate Judge Henry Pitman
Chief United States Magistrate Judge
United States Courthouse
500 Pearl Street, Room 750
New York, New York 10007
Fax: 212-805-6111

        RE:      *Brown v. Brookdale Hospital, et al.*
        Case No.:  08 Civ. 1093

Dear Honorable Sir,

      We write with respect to on-going discovery disputes principally related to (a) the scheduling of the depositions of the respective parties and (b) compliance with document discovery among the several parties and in particular among the defendants themselves.

      We represent a young man who is now quadriplegic, living in Ohio with his elderly mother. He has brought these claims against a series of physicians, hospitals and institutions to recover for injuries he sustained while under their care. A lengthy and detailed summons and complaint was duly filed and served upon all parties in January of this year. It was not until May 22, 2008 that all parties had appeared in the case, the last responsive pleading being filed on May 22, 2008 by Belair & Evans.

      All parties appeared before Judge McKenna on May 19, 2008 for the Initial Conference, at which time, following a brief discussion with all parties, the Court set September 15, 2008 as a deadline for the completion of fact discovery.

      Plaintiffs had served a host of HIPAA compliant medical authorizations upon the several defendants in February, April and June. We received, and responded to dozens of lengthy and burdensome, and in most cases entirely frivolous and unnecessary discovery demands and interrogatories. In light of the particular difficulties facing our client, it has at times, been difficult to collect all of the materials and items that we need, but we have done so as best we can. Most troubling however has been the fact that we have been faced for the greater part, with demands that are not tailored to this case, and

1

exhibit a basic disregard and lack of appreciation for Federal discovery rules, guidelines and practices.

For the past 2 weeks we have been attempted diligently to schedule depositions in this case starting with the deposition of the plaintiff. Plaintiff George Brown and his elderly mother will have to be deposed at his home in Ohio. This issue was discussed with the Court in May and the Court suggested that the deposition be done either telephonically or by way of video-teleconferencing, in an effort to expedite and complete discovery while keeping litigation costs in check. We have run into a terrible problem however in scheduling this deposition due to an utter lack of cooperation on the part of some, though not all of the defendants in this case.

Initially we proposed conducting the deposition during the week of August 4 through August 8, 2008. Several parties agreed to proceed by teleconference, but several others refused to return phone calls or to discuss the matter. Counsel for defendant New Franklin Rehabilitation and Health Care, Dr. Duke and Mr. Israel advised that he could not proceed the week of August 4, but could proceed on August 1. He promised to caucus with defense counsel and return my call on July 17, 2008. He never called me back.

We were advised this morning that several of the parties do not have all of the pertinent medical records and for that reason, were balking at moving forward. Most recently we were advised by several attorneys that they could not proceed because counsel for New Franklin Rehabilitation and Health Care was refusing to provide copies of the plaintiff's medical records. By way of background, the plaintiff spent several months in that institution as an in-patient, during which he was allowed to develop and suffer from extensive, dangerous, and painful decubitus ulcers.

We can understand why the parties would not want to proceed without those records, but we cannot understand how they can find themselves without these records since authorizations were provided six months ago. This problem was not mentioned at the May 19, 2008 conference either. Every party to this case has received authorizations from the plaintiff for the records of every other party to this case, in some instances multiple sets. This delay engendered by defendants and their counsel by evidently refusing to exchange the plaintiff's records amongst themselves is preventing simple basic discovery from moving forward.

We ask your Honor to schedule a conference with the hope that a crisp discovery schedule may be worked out under the Court's guidance. If the deposition of the plaintiff cannot go forward in early August in light of the defendants need to read and review the medical records, we propose scheduling the deposition of plaintiff on either Friday September 12, or Monday, September 15, 2008, and thereafter set dates for depositions of the defendants to follow in short order commencing the week of September 22 and completing those depositions by October 10, 2008.

   I have reviewed Mr. Shepardson's letters and regret to inform that he has never returned any of my calls. To the extent that he has objections to the plaintiff's interrogatory responses, as the Court will see, the bulk of his demands violated the Local Rules, in particular, went far beyond the restrictions set forth in Local Civil Rule 33.3(a) which restricts Interrogatories at the commencement of discovery "…to those seeking names of witnesses with knowledge of information relevant to the subject matter of the action, the computation of each category of damages alleged, and the existence, custodian, location and general description, including pertinent insurance agreements, and other physical evidence, or information of a similar nature." Most of the Interrogatories served appear to be little more than revised demands for bills of particulars and were addressed to expert discovery. We objected appropriately on the ground that they sought information of an expert nature which may only be served at the conclusion of discovery, consistent with Local Civil Rule 33.3(c), which states "[A]t the conclusion of other discovery, and at least 30 days prior to the discovery cut-off date, interrogatories seeking the claims and contentions of the opposing party may be served, unless the court has ordered otherwise."

   Though the medical records in this case are indeed voluminous, the issues are discreet and well defined as alleged in the plaintiff's Complaint. There is no reason to continue to further delay discovery and we ask for the Court's assistance in helping us to move ahead with discovery.

   As always we deeply appreciate the Court's time and attention and look forward to an opportunity to work together to resolve these issues.

                Very truly yours,

                 CHRISTOPHER DELAMERE CLARKE
                 (CDC-6160)

To:

Kopff, Nardelli & Dopf LLP
440 Ninth Avenue
New York, New York 10001-1688
Fax: 212-643-0862

Wilson, Elser, Moskowitz, Edelman & Dicker LLP
150 East 42nd Street
New York, New York 10017
Fax: 212-490-3038

Martin Clearwater & Bell
220 East 42nd Street
New York, New York  10017
Fax: 212-949-7054

Belair & Evans
61 Broadway
New York, New York  10006
Fax: 212-514-6661

Furey, Furey, Leverage, Manzione, Williams & Darlington P.C.
600 Front Street
Hempstead, New York  11550-4494
Fax: 516-489-5056

Wagman, Doman & Leto P.C.
227 Mineola Boulevard
Mineola, New York  11501
Fax: 516-742-1204



# Leahey & Johnson, P.C.

ATTORNEYS AT LAW

120 Wall Street, New York, N.Y. 10005

## FAX TRANSMITTAL COVER PAGE

*If there are any problems in the transmission, please contact us at (212) 269-7308*
*Facsimile - (212) 422-4751*

**Date:** July 18, 2008

**To:** Honorable Magistrate Judge Henry Pitman
Kopff Nardelli & Dopf LLP
Wilson Elser Moskowitz Edelman & Dicker, LLP
Martin Clearwater & Bell
Belair & Evans
Furey Furey Leverage Manzione Williams & Darlington P.C.
Wagman Doman & Leto, P.C.

**Fax Number:** 212-805-6111
212-643-0862
212-490-3038
212-949-7054
212-514-6661
516-489-5056
516-742-1204

**From:** CHRISTOPHER DELAMERE CLARKE

**Re:** Brown v. Brookdale Hospital, et. al.
08 Civ 1093

**Total number of pages, including this cover letter:** 5

### MESSAGE

Please See Attached.

Confidentiality Note

The information contained in this facsimile message is legally privileged and confidential information intended only for the use of the individual or entity noted above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copy of this fax is strictly prohibited. If you have received this fax in error, please immediately notify the sender at the telephone number provided above.

MULTI TRANSMISSION REPORT

```
                                    PAGE       : 001
                                    TIME       : JUL-18-08  04:48PM
                                    TEL NUMBER1: 2124224751
                                    NAME       : Leahey & Johnson
```

| | |
|---|---|
| FILE NUMBER | : 324 |
| DATE | : JUL-18 04:37PM |
| DOCUMENT PAGES | : 005 |
| START TIME | : JUL-18 04:37PM |
| END TIME | : JUL-18 04:48PM |

SUCCESSFUL

TEL NUMBER

☎912128056111
☎912126430862
☎912124903038
☎912129497054
☎912125146661
☎915164895056
☎915167421204

UNSUCCESSFUL                                                                                   PAGES SENT



# Leahey & Johnson, P.C.
### ATTORNEYS AT LAW
120 Wall Street, New York, N.Y. 10005

## FAX TRANSMITTAL COVER PAGE
*If there are any problems in the transmission, please contact us at (212) 269-7308*
*Facsimile – (212) 422-4751*

**Date:** July 18, 2008

**To:** Honorable Magistrate Judge Henry Pitman
Kopff Nardelli & Dopf LLP
Wilson Elser Moskowitz Edelman & Dicker, LLP
Martin Clearwater & Bell
Belair & Evans
Furey Furey Leverage Manzione Williams & Darlington P.C.
Wagman Doman & Leto, P.C.

**Fax Number:** 212-805-6111
212-643-0862
212-490-3038
212-949-7054
212-514-6661
516-489-5056
516-742-1204

**From:** CHRISTOPHER DELAMERE CLARKE

**Re:** Brown v. Brookdale Hospital, et. al.
08 Civ 1093

**Total number of pages, including this cover letter:** 5

### MESSAGE

Please See Attached.

Confidentiality Note
The information contained in this facsimile message is legally privileged and confidential information intended only for the use of the individual or entity noted above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copy of this fax is strictly prohibited. If you have received this fax in error, please immediately notify the sender at the telephone number provided above.