UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

GEORGE W. BROWN,

                            Plaintiff,

          -against-

THE BROOKDALE HOSPITAL MEDICAL CENTER,
SANJEEV RAJPAL, M.D., CLASS SURGERY
BROOKLYN GROUP, P.C., THE
MOUNT SINAI HOSPITAL, HOWARD CHOI,
M.D., DANIELLE PERRET, M.D., BRIAN RIORDAN,
M.D., NEW FRANKLIN REHABILITATION & HEALTH
CARE FACILITY, LLC, FRANKLIN CENTER FOR
REHABILITATION & NURSING, INC.,
FRANKLIN CENTER FOR REHABILITATION &
NURSING, ISRAEL SHERMAN, WILLIAM DUKE, M.D.,
HILLSIDE MANOR COMPREHENSIVE CARE CENTER,
and THE NEW YORK HOSPITAL MEDICAL CENTER
OF QUEENS,

                     Defendants.

------------------------------------------------------------------X

**Index# 08 CV 1093**

**RULE 26 INITIAL
DISCLOSURE**

COUNSEL:

Pursuant to Federal Rule of Civil Procedure 26(a)(1), the Plaintiff, by and through his

attorneys, LEAHEY & JOHNSON, P.C., set forth the following as and for their initial

disclosures:

*(i)*      *The name and, if known, the address and telephone number of each individual
likely to have discoverable information--along with the subjects of that
information--that the disclosing party may use to support its claims or defenses,
unless the use would be solely for impeachment:*

**RESPONSE**

1.      At the present time, Plaintiff is aware of the following witnesses. The Plaintiff

reserves his right to supplement this response at the close of discovery, as the names,

addresses, and telephone numbers of all individuals likely to have discoverable information—

along with the subjects of that information—that Plaintiff may use to support his claims or

defenses are not known to Plaintiff at the present time.

a.      Plaintiff:

       George W. Brown
       5593 Farmhouse Lane
       Hilliard, Ohio 43026

b.      Defendants:

       The Brookdale University Hospital and Medical Center
       One Brookdale Plaza, Brooklyn, New York 11212

       Sanjeev Rajpal, M.D.
       1633 Remsen Street, Brooklyn, New York 11236

       Class Surgery of Brooklyn Group, P.C.
       1633 Remsen Street, Brooklyn, New York 11236

       The Mount Sinai Hospital
       One Gustave L. Levy Place, New York, New York 10029

       Howard Choi, M.D.
       One Gustave L. Levy Place, New York, New York 10029

       Danielle Perret, M.D.
       One Gustave L. Levy Place, New York, New York 10029

       Brian Riordan, M.D.
       One Gustave L. Levy Place, New York, New York 10029

Israel Sherman
142-27 Franklin Avenue, Flushing, New York 11355

William Duke, M.D.
118-11 Hillside Avenue, Hollis, New York 11423

2.    Plaintiff and plaintiff's mother, Linda D'Allesandro, 5593 Farmhouse Lane, Hilliard, Ohio were witnesses to the occurrences alleged in the complaint, voiced multiple complaints and concerns which were ignored and witnessed plaintiff's wounds as well as the suffering and pain experienced by the plaintiff. The full name and last known address of every witness whose identity and address is sought herein is information best known and exclusively within the control of the defendants herein.

3.    Notwithstanding the foregoing, the full name, address and telephone number of each individual likely to have discoverable information is best known and exclusively within the control of the defendants herein. The information sought herein is contained within the medical records which have already been made available to the defendants, including authorization for release of the plaintiff's current treating physicians. The plaintiff reserves his right to supplement this response at the close of discovery. The plaintiff does not possess the complete name nor addresses of the several physicians, nurses, staff members, employees and independent contractors employed or contracted by the defendants who were involved in his care and who committed and/or witnessed the negligence and malpractice of the defendants sued herein, who could be deemed to be witnesses.

4.    The above-listed parties are likely to have discoverable information regarding the mismanagement of Plaintiff's healthcare and the negligence and malpractice of the defendants sued herein.

5.    Additional witnesses to the mismanagement of Plaintiff's healthcare the negligence and malpractice of the defendants sued herein are the Defendants' employees, and parties within the control of the Defendants.

6.    All health care providers are listed in response to the next inquiry. These healthcare providers are likely to have discoverable information regarding the mismanagement of Plaintiff's healthcare and the negligence and malpractice of the defendants sued herein.

*(ii)    A copy--or a description by category and location--of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment*

**RESPONSE**

1.    Authorizations for all medical records of the Defendants, as well as from subsequent medical care providers, have previously been provided. GEORGE W. BROWN received medical care from the following health care providers:

(a) The Brookdale Hospital Medical Center;
(b) Sanjeev Rajpal, M.D.;
(c) Class Surgery Brooklyn Group, P.C.;
(d) The Mount Sinai Hospital;

> (e) Howard Choi, M.D.;
> (f) Danielle Perrette, M.D.;
> (g) Brian Riordan, M.D.;
> (h) New Franklin Rehabilitation & Health Care Facility, LLC;
> (i) Israel Sherman;
> (j) William Duke, M.D.;
> (m) Hillside Manor Comprehensive Care Centre;
> (n) The New York Hospital Medical Center of Queens;
> (o) Flushing Hospital;
> (p) Ohio State University Hospital East;
> (q) Dodd Rehabilitation Hospital;
> (r) Mount Carmel Hospital;
> (s) Riverside Methodist Hospital;
> (t) Dr. Parun Mansukani;
> (u) Dr. Mohammad T. Mohammed;
> (v) Dr. Katherine Turner;
> (w) Independent Home Care;
> (x) Dr. Leak;
> (y) Dr. Roger Amigo;
> (z) Dr. Ann McLean;
> (aa) Kroger Pharmacy;
> (bb) Columbus Prescriptions West;
> (cc) Doctors Hospital (Ohio); and
> (dd) New York Medicaid.

2.      Duly executed HIPAA compliant authorizations to obtain copies all records of

the following entities were provided to Defendants on April 1, 2008:

> (a)    Flushing Hospital;
> (b)    New York Hospital Medical Center of Queens;
> (c)    Ohio State University Hospital East (Ohio);
> (d)    Brookdale Hospital Medical Center;
> (e)    Mount Sinai Hospital;
> (f)    Doctors Hospital (Ohio);
> (g)    Mount Carmel Hospital (Ohio); and
> (h)    New York Medicaid

3.      Duly executed HIPAA compliant authorizations to obtain copies all records of

the following entities were provided to Defendants on April 24, 2008:

> (a)    Franklin Center for Rehabilitation;

(b)   Ohio State University Medical Center, Dodd Rehab Hospital; and

(c)   Riverside Methodist Hospital

4.   Duly executed HIPAA compliant authorizations to obtain copies all records of

the following entities were provided to Defendants on June 4, 2008:

(a)   Class Surgery, Brooklyn Group;
(b)   Dr. Sanjeev Rajpal, Brooklyn, New York;
(c)   Dr. Parum Mansukani, Columbus, Ohio;
(d)   Independent Home Care, Columbus, Ohio;
(e)   Kroger Pharmacy, Hilliard, Ohio;
(f)   Columbus Prescriptions, Columbus, Ohio;
(g)   Dr. Katherine Turner, Columbus, Ohio;
(h)   Dr. Mohammad T. Mohammad, Columbus, Ohio;
(i)   Dr. Roger Amigo, Columbus, Ohio;
(j)   Dr. Leak, Dublin, Ohio;
(k)   Dr. Ann McLean, Columbus, Ohio;
(l)   Dr. Danielle Perrette, Aliso Viejo, California;
(m)   Dr. Howard Choi, Mount Sinai Hospital;
(n)   Dr. Brian Riordan, Monroe, Connecticut;
(o)   New Franklin Rehabilitation & Health Care Facility;
(p)   Dr. William A. Duke, New Franklin Rehabilitation;
(q)   Israel Sherman, New Franklin Rehabilitation; and
(r)   Hillside Comprehensive Care Center, Hollis, New York

5.   Color photographs of the Plaintiff, numbered 1-17, are annexed hereto.

*(iii)   A computation of each category of damages claimed by the disclosing party—who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered:*

**RESPONSE**

1.   Without waiving any objection and retaining the right to supplement this

response at the completion of discovery and prior to trial, Plaintiff will seek to recover for all

permissible categories of damages, including pain and suffering and special damages.
Plaintiff makes no claim for loss of income.

2.       Plaintiff is entitled to damages in an amount to be determined, including
reasonable attorney's fees, costs and expenses, as set forth by statute, including but not
limited to New York Public Health Law §2801-d, New York Public Health Law §2803-c, and
10 NYCRR §415.12.

3.       Plaintiff is unable to particularize all special damages at this time and will
supplement this demand at the conclusion of discovery.  Plaintiff will claim pain and suffering
from September 1, 2005 to the present and into the future in the amount of $5,000,000.00 and
continuing.  At present the Plaintiff estimates that the special damages incurred to date for
wound care, psychiatric and physiological care necessitated as a result of the negligence and
medical malpractice of the Defendants to be in excess of $250,000.00.

4.       Plaintiff is entitled to punitive damages in amount to be determined at trial,
based upon the proof.

    *(iv)*    *For inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.*

## RESPONSE

1.      Plaintiff has previously provided a duly executed authorization for the production of Plaintiff's Medicaid records. Authorizations to obtain Plaintiff's Social Security records, and any other applicable disability payment and/or insurance records are to be provided, if applicable. This is a continuing response and the Plaintiff reserves his right to supplement and amend this response when the information becomes available to him, based upon pre-trial discovery.

Plaintiff reserves his right to supplement and amend these responses up to the time of trial.

### *Attorney's Certification*

*I hereby certify that the foregoing Rule 26 Initial Disclosures based upon personal knowledge are true and those based upon information and belief, I believe to be true from my review of documents in Plaintiffs' file maintained by this office. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.*

*I hereby certify that the copies of the reports annexed hereto provided by either treating physicians or proposed expert witnesses are exact copies of the entire report or reports provided by them; that the existence of other reports of said doctors or experts, whether written or oral, are unknown to me, and if such become later known or available, I shall serve them promptly on the propounding party.*

Dated: New York, New York
      July 3, 2008

                                        Yours, etc.,

                                        LEAHEY & JOHNSON, P.C.
                                        Attorneys for Plaintiff
                                        GEORGE W. BROWN
                                        120 Wall Street, Suite 2220
                                        New York, New York 10005
                                        (212) 269-7308

                              BY:
                                        Christopher Delamere Clarke
                                        (CDC 6160)

TO:

MARTIN CLEARWATER & BELL
Attorneys for Defendant
BROOKDALE HOSPITAL MEDICAL CENTER
220 East 42nd Street
New York, New York 100017

FUREY, FUREY LEVERAGE MANZIONE WILLIAMS & DARLINGTON, PC
Attorneys for Defendant
HILLSIDE COMPREHENSIVE CARE CENTER
600 Front Street
Hempstead, New York 11501

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER, LLP
Attorneys for Defendants
THE MOUNT SINAI HOSPITAL, Dr. Choi, Dr. Riordan & Dr. Perret
150 East 42nd Street
New York, New York 10017-5639

BELAIR & EVANS, LLP
Attorneys for Defendant
SANJEEV RAJPAL, M.D., and
CLASS SURGERY BROOKLYN GROUP
61 Broadway
Suite 1320
New York, New York 10006

KOPF, NARDELLI & DOPF, PC
Attorneys for Defendants
FRANKLIN CENTER FOR REHABILITATION & NURSING, INC,
NEW FRANKLIN REHABILITATION & HEALTH CARE FACILITY, LLC
ISRAEL SHERMAN, and WILIAM DUKE, M.D.
440 9TH Avenue
New York, New York 10001-1688

WAGNER, DOMAN & LETO, PC
Attorneys for Defendant
NEW YORK HOSPITAL MEDICAL CENTER OF QUEENS
227 Mineola Boulevard
Mineola, New York 11501

































