USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9-3-08

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X

GEORGE W. BROWN,                    :

                Plaintiff,      :     08 Civ. 1093 (LMM)(HBP)

  -against-                         :     ORDER

THE BROOKDALE HOSPITAL              :
MEDICAL CENTER, et al.,
                                :

                Defendants.
                                :
-----------------------------------X

       PITMAN, United States Magistrate Judge:

       A conference having been held in this matter on September 2, 2008 during which various discovery and scheduling issues were discussed, for the reasons stated on the record in open court, it is hereby ORDERED that:

       1. Due to his health issues, including his paraplegia, the deposition of plaintiff shall be conducted in the county of residence unless defendants advance the expenses reasonably necessary for plaintiff to travel to New York to be deposed. The expenses referred to in the foregoing sentence include the fee charged by an LPN or other appropriate aid whose assistance is necessary for plaintiff to travel to New York along with the carfare/airfare, room and subsistence of the LPN or other appropriate aid.

2. Plaintiff's deposition shall be conducted on a mutually convenient date, said date to be no later than October 3, 2008. The presumptive length of plaintiff's deposition shall be 14 hours over two days, without prejudice to plaintiffs' right to seek a protective order should the questioning at the deposition become repetitive or otherwise inappropriate.

3. To the extent he is not already done so, plaintiff is directed to serve a written response to the interrogatories and document requests served by the Mount Sinai defendants no later than September 12, 2008.

4. All fact discovery shall be concluded no later than November 14, 2008.

5. Plaintiff shall make all disclosures required by Fed.R.Civ.P. 26(a)(2) no later than December 15, 2008.

6. Defendants shall make all disclosures required by Fed.R.Civ.P. 26(a)(2) no later than January 16, 2009.

7. The depositions of all expert witness shall be completed no later than February 16, 2009.

8. The parties shall report for a settlement conference on February 24, 2009 at 2:00 p.m. in Court-

room 18A, United States Courthouse, 500 Pearl Street, New York, New York 10007. **A copy of my procedures for settlement conferences is annexed hereto**.

9. Dispositive motions, if any, shall be served no later than March 6, 2009.

10. The Pretrial Order, in the form required by Judge McKenna's rules, along with all other pretrial submissions required by Judge McKenna, shall be filed on March 27, 2009 or thirty days after the decision on any dispositive motion (if it is still necessary after such decision), whichever date is later. Plaintiff shall serve a draft of his portion of the Pretrial Order on all other counsel no later than fifteen days prior to the Pretrial Order's due date. For the convenience of all parties, a copy of Judge McKenna's rules is available on the Court's web site, www.nysd.uscourts.gov.

Dated: New York, New York
September 3, 2008

SO ORDERED

HENRY PITMAN
United States Magistrate Judge

3

Copies transmitted to:

Michael G. Dempsey, Esq.
Leahey & Johnson, P.C.
120 Wall Street
New York, New York  10005

Robert M. Drucker, Esq.
Martin Clearwater & Bell LLP
220 East 42nd Street
New York, New York  10017

Marshall J. Shepardson, Esq.
Belair & Evans, LLP
61 Broadway
New York, New York  10006

Danielle Zeiogler, Esq.
Wilson Elser Moskowitz
    Edelman & Dicker LLP
150 East 42nd Street
New York, New York  10017

Victor C. Piacentile, Esq.
Kopff, Nardelli & Dopf, LLP
440 Ninth Avenue
New York, New York  10001

William T. Collins, III, Esq.
Furey ,Furey, Leverage, Manzione,
    Williams & Darlington,P.C.
600 Front Street
Hempstead, New York  11550

Diana DiLeo, Esq.
Wagner, Doman & Leto, P.C
227 Mineola Boulevard
Mineola, New York  11501

New Franklin Rehabilitation & Health
    Care Facility, LLC
212-03 33rd Avenue
Bayside, New York

4

DANIEL M. ORTIZ
COURTROOM DEPUTY
(212) 805-6112

**Procedures Applicable to Cases Referred for Settlement
to Magistrate Judge Henry Pitman**

1. All settlement conferences are "off the record" and all communications to the magistrate judge relating to settlement are confidential.

2. I shall function as a mediator, attempting to help parties reach agreement on terms of settlement. Efficient use of this process requires that counsel and their clients be (1) prepared for the conference and (2) candid with the mediator.

3. No later than the Friday before the initial settlement conference, counsel for each party should submit a letter, <u>no longer than five pages</u>, clearly marked "CONFIDENTIAL MATERIAL FOR USE AT SETTLEMENT CONFERENCE," which need not be served on other parties, succinctly stating (1) the history of settlement negotiations; (2) counsel's evaluation of the settlement value of the case and the rationale for it (not simply an "opening bid"); and (3) any other facts that would be helpful to the mediator in preparation for the conference. To assure receipt no later than 4:00 p.m. on the due date, it is recommended that pre-conference submissions be faxed to 212-805-6111.

4. At the initial settlement conference, all counsel will be expected (in the presence of each other and the parties) to make a <u>brief</u> presentation (usually 10 minutes) summarizing (1) the issues of fact and law which they regard as dispositive; (2) the most recent offer or demand communicated to adverse counsel; and (3) any other matters they regard as material to settlement. Although the merits of the case are relevant to settlement value, counsel are reminded that settlement conferences are not adjudicatory in nature; discussions of legal issues should be simple and straightforward, with due regard to the importance of participation by the parties in the settlement process.

5. Where all parties are represented by counsel, I shall also meet separately with each side. In these meetings, the parties and their counsel should be prepared to discuss the bases for their stated position, the amount of attorneys' fees and litigation

expenses incurred to date and an estimate of the cost of litigating the case to judgment. Where any party appears pro se, separate meetings are not ordinarily held.

6. The presence in person of parties, as well as their lawyers, is essential to the mediation process. In particular, it is important that parties hear the adversary's presentation and have the opportunity to speak with the mediator outside the presence of any adversary. For these reasons, requests that parties be excused from the initial conference are rarely granted, unless a party is in prison or lives far away from New York City. Corporate parties or labor unions should send the person with decision-making authority who gives directions to the attorney of record. Where liability insurance is involved, a knowledgeable representative of the carrier should attend in addition to the insured. Where any government agency is a party, the attorney of record should be accompanied by a knowledgeable representative of the agency involved in the case, regardless of who has ultimate authority to recommend or approve settlement.

7. If a party fails to come to the settlement conference with all the required persons (attorney, plus a decision-making employee from the client, plus a decision-making representative from the insurance carrier), that party may be required to reimburse all the other parties for their time and travel expenses.

8. Telephone requests for adjournment are not entertained. A request for adjournment must, if at all possible, be in the form of a joint letter from the attorneys for all the parties, and must, if at all possible, suggest two alternative dates when the attorneys and their clients will be available. In any event, a request for adjournment is inoperative unless it mentions the position of each party with respect to the requested adjournment.

9. Except for pre-conference submissions pursuant to ¶ 3, all communications with chambers regarding pending cases must be in writing, sent by U. S. mail or facsimile transmissions, with copies to all counsel of record by means no less expeditious than that used to transmit the original.

10. If the case is settled prior to a scheduled conference, an adjournment of up to two weeks will be granted on written request solely for the purpose of submitting a stipulation of dismissal to be "so ordered" by the district judge.

7/96