UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
GEORGE W. BROWN,

                       Plaintiff,

   -against-

THE BROOKDALE HOSPITAL MEDICAL CENTER, SANJEEV RAJPAL, M.D., CLASS SURGERY BROOKLYN GROUP, P.C., THE MOUNT SINAI HOSPITAL, HOWARD CHOI, M.D., DANIELLE PERRET, M.D., BRIAN RIORDAN, M. D., NEW FRANKLIN REHABILITATION & HEALTH CARE FACILITY, LLC, FRANKLIN CENTER FOR REHABILITATION & NURSING, INC., FANKLIN CENTER FOR REHBILITATION & NURSING, ISRAEL SHERMAN, WILLIAM DUKE, M.D., HILLSIDE MANOR COMPREHENSIVE CARE CENTER, and THE NEW YORK HOSPITAL MEDICAL CENTER OF QUEENS,

                       Defendants.
-----------------------------------------------------------X

**Case No.: 08 CV 1093 LMM**

**J. McKenna U.S.D.J.**

**RESPONSE TO PLAINTIFF'S FIRST DEMAND FOR DOCUMENTS FROM DEFENDANTS NEW FRANKLIN REHABILITATION & HEALTH CARE FACILITY, LLC, FRANKLIN CENTER FOR REHABILITATION & NURSING INC., ISRAEL SHERMAN and WILLIAM DUKE, M.D.**

C O U N S E L O R S :

    DEFENDANTS, **NEW FRANKLING REHABILITATION & HEALTH CARE FACILITY, LLC, FRANKLIN CENTER FOR REHABILITATION & NURSING, INC., ISRAEL SHERMAN and WILLIAM DUKE, M.D.,** by their attorneys, **KOPFF, NARDELLI & DOPF LLP,** hereby responds to plaintiff's first demand for documents, upon information and belief, as follows:

    1.    Copies of all policies, procedures, protocols, manuals and memoranda pertaining to skin integrity and/or wound care of patients in effect at Defendants' nursing

{A0299160.DOC}

facility for two years prior to December 8, 2005, up to and including the period of Plaintiff's residency at said facility from December 8, 2005, to October 24, 2006.

Attached hereto are the polices, procedures, protocols, manuals and memoranda pertaining to skin integrity and/or wound care for the applicable time period.

Also attached, is a copy of the applicable Weekly Nursing Skin Integrity/Monitoring Record.

2.  The names of any person(s) who prepared, drafted, authored, approved, revised or maintained the aforementioned policies and procedures pertaining to skin integrity or wound care of patients for two years prior to December 8, 2005, up to and including the period of Plaintiff's residency at said facility from December 8, 2005, to October 24, 2006.

Julie Chang, R.N., Director of Nursing, is the person who drafted, authored, approved or revised any pressure ulcer policies and procedures.

3.  Copies of any revisions or changes made to the aforementioned policies and procedures pertaining to skin integrity or wound care of patients for two years prior to December 8, 2005, up to and including the period of Plaintiff's residency at said facility.

There were no changes or revisions made to the aforementioned policies and procedures pertaining to skin integrity or wound care of patients for two years prior to December 8, 2005, up to and including Plaintiff's residency at said facility.

4.  Copies of all policies, procedures, protocols, manuals and memoranda pertaining to nursing standards of care pertaining to the prevention of pressure wounds, including the provision of special beds or mattresses, and turning and positioning of patients in effect at the nursing facility for two years prior t December 8, 2005, and up to and including the period of Plaintiff's residency at said facility from December 8, 2005, to October 24, 2006.

Please see the records attached in response to Interrogatory #1.

5. Copies of any policies, procedures and by-laws in effect at the Defendants' nursing facility pertaining to staffing levels at said facility for two years prior to December 8, 2005, up to and including Plaintiff's residency at said facility from December 8, 2005, to October 24, 2006.

There were no policies at Defendant's nursing facility for the two years prior to December 8, 2005, up to and including Plaintiff's residency at said facility from December 8, 2005 to October 24, 2006.

However, attached hereto is a copy of the applicable nursing schedules.

6. Copies of all policies, procedures, protocols, or memoranda in effect at Defendants' nursing facility pertaining to the assessment of the mental health of patients, and the provision of mental health services by mental heal professionals for two years prior to December r8, 2005, up to and including the periods of Plaintiff's residency at said facility from December 8, 2005, to October 24, 2006.

Please find attached hereto copies of policies, procedures, protocols or memoranda pertaining to the assessment of mental health patients during the period of Plaintiff's residency at Defendants' facility.

7. The name(s) of any on-site mental health professionals who rendered care and treatment to Plaintiff during the period of his residency at Defendants' nursing facility from December 8, 2005, to October 24, 2006, and the educational and professional qualifications of such person(s).

The mental health professionals who rendered care and treatment to Plaintiff during the period of his residency at Defendants' nursing facility from December 8, 2005 to October 24, 2006 are:

Aaron Pinkhasov, M.D.

    Timothy Segal, M.D.

    Margaret Staiano, Ph.D

  The education and professional qualifications of these individuals are attached hereto.

  8. The names of any outside or independent contractor mental health professionals who rendered care and treatment to Plaintiff during the period of his residency at Defendants' nursing facility from December 8, 2005, to October 24, 2006, and the educational and professional qualifications of such person(s).

  No outside or independent contractor mental health professional rendered care and treatment to the Plaintiff during his period of residency at Defendants' nursing facility.

  9. Copies of policies and procedures, protocols, memoranda in effect at Defendants' nursing facility pertaining to the assessment of nutritional needs of patients for two years prior to December 8, 2005, up to and including the periods of Plaintiff's residency at said facility from December 8, 2005, o October 24, 2006

  Attached hereto is a copy of the Nutritional Admission Assessment. The remainder of the Nutritional notes are to be found in the previously provided medical records.

  10. The name(s) of any on-site registered dietician who rendered care and treatment to Plaintiff during the period of his residency at Defendants' nursing facility from December 8, 2005, to October 24, 2006, and the educational and professional qualifications of such person(s).

  Dolores Morano was the dietician who rendered care and treatment to Plaintiff during the applicable time period.

  Dolores Morano's CV is attached hereto. Please note, at the time she was known by her maiden name: Dolores Manibale.

11. The names of any outside or independent contractor registered dieticians who rendered care and treatment to Plaintiff during the periods of his residency at Defendants' nursing facility from December 8, 2005, to October 24, 2006, and the educational and professional qualifications of such person(s).

There were no outside or independent contractor registered dieticians who rendered care and treatment to Plaintiff during the period of his residence at Defendants' nursing facility.

12. Copies of any instructional or educational materials, including seminars or off-site training materials furnished or provided to the nursing and medical staff at Defendants' nursing facility pertaining to skin integrity or wound care for two years prior to December 8, 2005, up to and including the periods of Plaintiff's residency at said facility from December 8, 2005, to October 24, 2006.

Copies of instructional or educational materials, including off-site training materials furnished or provided to the nursing and medical staff at Defendants' nursing facility pertaining to skin integrity or wound care for two years prior to December 8, 2005 and including the period of Plaintiff's residency at Defendants' facility are attached hereto.

13. Names of all members of any skin integrity or wound care team at Defendants' nursing facility for the period of time from December 8, 2005, to October 24, 2006, who rendered care and treatment to Plaintiff at said facility.

William Duke, M.D., Yue Jin, R.N. and Martha Calle were members of the wound care team at Defendants' facility during the applicable time period.

14. Copies of any policies, procedures, protocols and memoranda in effect at Defendants' nursing facility pertaining to rounds or grand rounds conducted by the skin

integrity or wound care team whereby patients were assessed for skin integrity or pressure wounds and the care and treatment to be given to patients at said facility.

There were no written policies, procedures, protocols and memoranda pertaining to grand rounds conducted by the skin integrity or wound care team.

15. Furnish color copies of any photographs taken of Plaintiff by the medical and/or nursing staff at the Defendants' nursing facility from December 8, 2005, to October 24, 2006.

Color copies of photographs of the plaintiff are being obtained and will be provided as soon as they become available.

In the interim, a black-and-white copy has been provided and attached hereto.

16. Provide the name(s) of the person(s) who took photographs of Plaintiff during his residency at said facility from December 8, 205, to October 24, 2006, and the present location of any such photographs and the custodian of such photographs.

Yue Jin, R.N. took the photographs of the Plaintiff. Any photographs are contained in the medical records maintained at the Defendants' facility.

17. Identify the name(s) of the custodian(s) of Plaintiff's medical records and photographs at the nursing facility and the location where such records have been kept or stored since October 24, 2006.

Jennifer Saade is the Director of Medical Records at Defendants' facility. The records are stored at the Defendants' facility.

18. Provide copies of all policies, procedures, protocols, manuals and memoranda pertaining to physical therapy in effect at Defendants' nursing facility for two years prior to December 8, 2005, and up to and including the period of Plaintiff's residency at said facility from December 8, 2005, to October 24, 2006.

Attached hereto are copies of policies, procedures, protocols, manuals and memoranda pertaining to physical therapy in effect at Defendants' facility during the enumerated time period.

19. Provide the name(s) of person(s) who prepared, drafted, authored, approved, revised or maintained the aforementioned policies and procedures pertaining to physical therapy for two years prior to December 8, 2005, up to and including the periods of Plaintiff's residency at said facility from December 8, 2005 to October 24, 2006.

Dr. Martha Mays authorized any necessary revisions to the Rehabilitation policies and procedures.

20. Provide copies of any revisions or changes made to the aforementioned policies and procedures pertaining to physical therapy for two years prior to December 8, 2005, up to and including the period of Plaintiff's residence at said facility from December 8, 2005, to October 24, 2006.

Please refer to the documents attached in response to Interrogatory #18.

21. Identify the name(s) of any physical therapist who rendered care and treatment to Plaintiff during the period of his residency at Defendants' nursing facility from December 8, 2005, to October 25, 2006.

Dr. Martha Mays and Ricardo Suarez, DPT were the persons who rendered such care to the Plaintiff.

22. Provide a detailed itemized bill for services rendered to Plaintiff during the period of his residency at Defendants' nursing facility form December 8, 2005, to October 24, 2006.

   The requested records are not currently in Defendant's possession. Defendant is in the process of accessing those records and they will be provided as soon as they become available.

Dated: New York, New York
    January 22, 2009

            Yours, etc.,

            **KOPFF, NARDELLI & DOPF LLP**

         By: _____
            Victor C. Piacentile (1539)
            Attorneys for Defendants
            NEW FRANKLIN REHABILITATION &
            HEALTH CARE FACILITY, LLC,
            FRANKLIN CENTER FOR
            REHABILITATION & NURSING, INC.,
            FRANKLIN CENTER FOR
            REHABILITATION & NURSING,
            ISRAEL SHERMAN and WILLIAM
            DUKE, M.D.
            440 Ninth Avenue – 15th Floor
            New York, New York 10001
            (212) 244-2999

TO:   LEAHEY & JOHNSON, P.C.
**Attorneys for Plaintiff**
120 Wall Street – Suite 2220
New York, New York 10005
(212) 269-7308

MARTIN, CLEARWATER & BELL, LLP
Attorneys for the Defendant
**THE BROOKDALE HOSPITAL MEDICAL CENTER**
220 East 42nd Street
New York, New York 10017
(212) 697-3122

WAGNER, DOMAN & LETO, P.C.
Attorneys for the Defendant
**NEW YORK HOSPITAL MEDICAL CENTER OF QUEENS**
227 Mineola Boulevard
Mineola, New York 11501
(516) 742-1444

BELAIR & EVANS, LLP
Attorneys for the Defendants
**SANJEEV RAJPAL, M.D. and**
**CLASS SURGERY BROOKLYN GROUP, P.C.**
61 Broadway – Suite 1320
New York, New York 10006
(212) 344-3900

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER, LLP
Attorneys for the Defendants
**THE MOUNT SINAI HOSPITAL, HOWARD CHOI, M.D.,**
**DANIELLE PERRET, M.D., and BRIAN RIORDAN, M.D.**
150 east 42nd Street
New York, New York 10017
(212) 490-3000

FUREY, FUREY, LEVERAGE, MANZIONE,
WILLIAMS & DARLINGTON, P.C.
Attorneys for the Defendant
**HILLSIDE MANOR COMPREHENSIVE CARE CENTER**
600 Front Street
Hempstead, New York 11550-4494
(516) 538-2500

vcp:emz

{A0299160.DOC}                                    9