UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

GEORGE W. BROWN

                  *Plaintiff,*

    -against-

THE BROOKDALE HOSPITAL MEDICAL CENTER,
NEW FRANKLIN REHABILITATION & HEALTH
CARE FACILITY, LLC, FRANKLIN CENTER FOR
REHABILITATION & NURSING, INC., FRANKLIN
CENTER FOR REHABILITATION & NURSING,
ISRAEL SHERMAN, WILLIAM DUKE, M.D., and
THE NEW YORK HOSPITAL MEDICAL CENTER
OF QUEENS,
SMITH

                  *Defendant(s),*

------------------------------------------------------------------------X

Index# CV 815/07
LMM
Pittman, M.J.

## PLAINTIFF'S FMEMORANDUM OF LAW IN SUPPORT OF MOTION TO

## STRIKE ANSWER OF NEW FRANKLIN DEFENDANTS

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X

GEORGE W. BROWN

                *Plaintiff,*

   -against-

THE BROOKDALE HOSPITAL MEDICAL CENTER, NEW FRANKLIN REHABILITATION & HEALTH CARE FACILITY, LLC, FRANKLIN CENTER FOR REHABILITATION & NURSING, INC., FRANKLIN CENTER FOR REHABILITATION & NURSING, ISRAEL SHERMAN, WILLIAM DUKE, M.D., and THE NEW YORK HOSPITAL MEDICAL CENTER OF QUEENS,
SMITH

                *Defendant(s),*

-----------------------------------------------------------------------X

Index# 08 CV 1093
LMM
Pittman, M.J.

*Memorandum of Law in Support of Plaintiff's to Strike The Answer of the New Franklin Defendants*

## PRELIMINARY STATEMENT

Plaintiff hereby submits this Memorandum of Law in conjunction with the Declaration of Christopher Delamere dated February 8, 2010, with Plaintiff's motion in support of the instant motion for an Order pursuant to Rule 37(b)(2)(C) of the Federal Rules of Civil Procedure 1) striking the Answer of the New Franklin defendants on the grounds that the Plaintiff has been unduly prejudiced and his case significantly delayed due to the defendants' long history of willful and contumacious conduct, bad faith and fault in inexcusably delaying the completion of discovery; in failing to respond to Plaintiff's Supplemental Demand for Documents from New Franklin dated August 12, 2009, and Plaintiff's Second Demand for Documents from

New Franklin dated November 20, 2009; in failing to comply with the Order of this Court dated December 21, 2009; in failing to comply with this Court directive dated January 29, 2010, to respond to Plaintiff's demands; 2) and upon striking the Answer directing the Clerk to enter a default in favor of Plaintiff; and 3) for such other and further relief as the court deems justified under the circumstances. The facts and circumstances warranting the striking of New Franklin's Answer are set forth in detail in the Declaration in Support of the instant motion. Plaintiff submits that the Federal Rules of Civil Procedure and the case law interpreting the Rules fully support this Court in exercising its inherent authority to strike New Franklin's Answer for the reasons outlined below. By Order of this Court dated January 29, 2010, the Plaintiff is permitted to file this motion by February 8, 2010.

I.

**NEW FRANKLIN'S ANSWER SHOULD BE STRICKEN PURSUANT TO RULE 37(b)(2)(C)**

_Federal Rule of Civil Procedure 37(b)(2)(C)_

Federal Rule of Civil Procedure 37(b)(2)(C) authorizes the district court to strike a pleading in whole or in part and enter a default judgment when a party willfully fails to provide discovery or information, or fails to comply with an order. Rule 37(b)(2)(A) states, in pertinent part, as follows:

(b) **Failure to Comply with a Court Order.**

Sanctions in the District Where Action is pending.

(2) For Not Obeying a Discovery Order. If a party or a party's officer, director, or managing agent--or a witness designated under Rule 30(b)(6) or 31(a)(4)--fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders. They may include the following:
\*\*\*

(C) An order striking the pleadings or parts thereof, or staying the proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party;

## II.

## DISTRICT COURTS HAVE STRICKEN THE ANSWERS OF DEFENDANTS FOR FAILURE TO COMPLY WITH DISCOVERY ORDERS

The Court of Appeals for the Second Circuit has also ruled that parties who fail to live up to their discovery obligations "do so at their own peril." Sieck v. Russo, 869 F2d 131 (1989). District courts have not hesitated to exercise their sound discretion to punish the willful and bad faith conduct of litigants who flout the rules of discovery and disobey orders of the court to comply. Rule 37 has been used on numerous occasions to strike the answer of defendants and enter a default when the circumstances have warranted this action. For example, in U.S. Freight Co., v. Penn Central Transportation, 716 F.2d 954 (2nd Cir. 1983), the Second Circuit upheld the district court's entry of a default against the defendant for its failure to comply with a

discovery order. The Court held that the district court did not abuse its discretion in

imposing the sanction of striking defendant's pleading. Another example is the case of

Comdyne I, Inc. v. Corbin, 908 F.2d 1142 (3rd Cir. 1990), the Third Circuit upheld the

district court in striking a counterclaim of a defendant for its failure to respond to

Plaintiff's interrogatories and for failure to produce documents, where defendants had

a "long history of dilatoriness" and had previously been sanctioned for discovery

misconduct. [2]

### A FORMAL WARNING IS NOT REQUIRED IN THIS CIRCUIT

Although this Court made it clear at the conference on January 29, 2010, to the

New Franklin defendants that the consequences of failing to comply can be severe and

harsh, the Second Circuit expressly held in Daval Steel Products v. M/V Fakredine,

951 F.2d 1357 (2nd Cir. 1991) that the district court need not always issue a warning

---

[2] In other examples where district courts have granted similar motions against defendants who flouted discovery rules include the following: SEC v. First Financial Group of Texas, 659 F.2d 660 (5th Cir. 1981)(default entered against defendant corporation due to corporate officers' persistent refusal to respond to discovery requests made by SEC and to comply with court orders); Davis v. Fendler, 650 F.2d 1154 (9th Cir. 1981)(default entered against defendant for failure to answer interrogatories because persistent unresponsiveness to both formal and informal discovery requests showed that the defendant intended to pursue a dilatory and evasive course of conduct by flouting the district court's discovery authority); Baker v. Limber, 647 F.2d 912 (9th Cir. 1981)(default entered against defendant on two occasions refused to answer questions concerning the subject matter of the lawsuit against him or the counterclaims he had raised); Crown Life Ins. Co. v. Craig, 995 F.2d 1376 (7th Cir. 1993)(default entered on defendant's counterclaim against insurer for failure to obey discovery order to produce documents requested by agent); In re Daily, 47 F.3d 365 (9th Circuit 1995)(default was properly entered as sanction against defendant who failed to cooperate with discovery).]

that a Rule 37 sanction could be imposed before imposition of the penalty. The Second

Circuit held, as follows: *"Although formal warnings often precede the imposition of*

*serious sanctions, this court has never considered warnings to an absolute condition*

*precedent****We decline to hobble the necessary discretion of district courts by*

*imposing a further requirement of formal and specific warnings before imposing Rule*

*37(b)(2) sanctions, bearing in mind that, as we held supra, such sanctions can only be*

*imposed for violation of specific, previously entered court order. Parties and counsel*

*have no absolute entitlement to be warned that they disobey court orders at their*

*peril."* See also, SEC v. Euro Sec. Fund, 2009 WL 2739316 (S.D.N.Y. 2009 Judge

Denise Cote)(defendant's pleading stricken for failure to respond to discovery

demands of SEC).

The Seventh Circuit ruled similarly that *"A district court is not required to fire a*

*warning shot."* Hal Commodity Cycles Management Co., v. Kirsch, 825 F.2d 1136 at

1139 (7th Circuit 1987). Of course, here there was no response on the part of New

Franklin who has repeatedly apologized for their non-compliance, and never proffered

any excuse for their failure to produce time and thorough responses. See Clarke

Declaration at paragraph 40.

The sanctions provided for in Rule 37 apply to plaintiffs and defendants alike.

The Court of Appeals for the Second Circuit emphatically stated in Baba v. Japan

Travel Bureau Intern, Inc., 111 F.3d 2, (1997) that *"This Court does not hesitate to*

*affirm the dismissal of claims as a sanction for "willfulness, bad faith, or any fault"* on

*the part of the sanctioned party. See Jones v. Niagara Frontier Transp. Auth. (NFTA),*

*836 F.2d 731, 734 (2d Cir.1987); Bobal v. Rensselaer Polytechnic Inst., 916 F.2d 759,*

*764 (2d Cir.1990); Valentine v. Museum of Modern Art, 29 F.3d 47, 49 (2d*

*Cir.1994)."*

When a party fails to obey a discovery order, Rule 37(b)(2)(C) of the FRCP

gives a district court the discretion to choose among a number of sanctions, including

the striking a pleading and granting of a default judgment. See, e.g., Design Strategy,

Inc. v. Davis, 469 F.3d 284, 294 (2d Cir.2006). ("A district court has wide discretion

in imposing sanctions, including severe sanctions, under Rule 37(b)") In deciding

whether to impose sanctions under Rule 37, the court considers the following factors:

(1) the willfulness of the noncompliant party or the reasons for noncompliance; (2) the

efficacy of lesser sanctions; (3) the duration of the period of noncompliance; and (4)

whether the noncompliant party had been warned of the consequences of his

noncompliance. Nieves v. City of New York, 208 F.R.D. 531, 535 (S.D.N.Y.2002)

(citing Bambu Sales, Inc. v. Ozak Trading Inc., 58 F.3d 849 (2d Cir.1995)).

"Dismissal under [Rule 37] ... should be imposed only in extreme circumstances"

where the failure to comply is due to "willfulness, bad faith, or any fault." Salahuddin

v. Harris, 782 F.2d 1127, 1132 (2d Cir.1986); Valentine v. Museum of Modern Art,

29 F.3d 47, 49 (2d Cir.1994).  It has been held that because the granting of a default

judgment as a sanction is considered "harsh," it is to be used only in extreme

circumstances, but the sanction will be appropriate after (a) the court finds willfulness,

bad faith, or fault on the part of the party refusing discovery, and (b) the court gives notice that violation of the court's order will result in a litigation-ending sanction, such as default judgment. Simmons v.. Abruzzo, 49 F.3d 83, 88 (2d Cir.1995). See also Bobal v. Rensselaer Polytechnic Inst., 916 F.2d 759, 764 (2d Cir.1990); Salahuddin v. Harris, 782 F.2d 1127, 1132 (2d Cir.1986).

Failure to comply with a discovery order will be considered "willful" when the court's orders have been clear, when the party has understood them, and when the party's non-compliance is not due to factors beyond the party's control. John Wiley & Sons, Inc. v. Elhalis, No. 05-CV-2979, 2006 WL 406311, (S.D.N.Y. Feb. 14, 2006)(quoting Casilla v. New York State Dep't of Labor, No. 04-CV-6694, 2005 WL 3502050 (S.D.N.Y. Dec. 21, 2005). Thus, a default should be granted only when a litigant deliberately frustrates the process, not when they do so through misunderstanding. Salahuddin, 782 F.2d at 1132 (quoting Weiss v. Bonsal, 344 F .2d 428, 430 (2d Cir.1965). Courts also consider the reasons for and duration of the noncompliance, the effectiveness of lesser sanctions and prejudice to the moving party in deciding whether to grant a default judgment. See, e.g., Dodson v. Runyon, 86 F.3d 37, 40 (2d Cir.1996); Wilson v. Cabrini Center for Nursing and Rehab., No. 04-CV-608, 2007 WL 1343673, (E.D.N.Y. Apr. 17, 2007) (citing Nieves v. City of New York, 208 F.R.D. 531, 535 (S.D.N.Y.2002).

Here Plaintiff's demands have been clear, the Court's Order has been clear, the parties have understood them and has had ample time to respond to them, and have

（（

offered no excuse for this delay. See Clarke Declaration paragraphs 40 to 45.

III.

**NEW FRANKLIN CONDUCT HAS BEEN WILLFUL AND OF LONG DURATION. NEW FRANKLIN HAS FRUSTRATED PLAINTIFF'S ATTEMPTS TO OBTAIN IMPORTANT DOCUMENTS AND HAS NOT OFFERED ANY VALID EXCUSE FOR THE PURPORTED LOSS OR DESTRUCTION OF VITAL EVIDENCE.**

As note above, the district court possesses inherent authority to supervise discovery and impose appropriate sanctions for willful misconduct by the litigants. The decision whether to grant default under FRCP 55(c) is left to the sound discretion of a district court because it is in the best position to assess the individual circumstances of a given case and to evaluate the credibility and good faith of the parties. Enron Oil Corp. v. Diakuhara, 10 F .3d 90, 95 (2d Cir.1993).

In this case, New Franklin's conduct warrants the striking of its Answer because it repeatedly failed to provide a response to Plaintiff's document demands dated August 12, 2009, and November 20, 2009, and New Franklin also has repeatedly failed to comply with the Order and directives of this Court throughout this case. No lesser penalty is appropriate in this matter because granting a further extension of time to New Franklin's to complete discovery or preclusion of evidence will not adequately punish the defendants for their willfulness, bad faith and fault that is clearly demonstrated by the record in this matter. A further extension of time would only reward New Franklin for its misconduct and would permit it to increase the unjustifiable delay it has already caused. Plaintiff's right to timely and fair resolution

of this case has been irreparably prejudiced already. If their responses are to be credited, some crucial documents have allegedly been forever lost due to a "computer crash." (See Ex. "N,"). This would have been avoided had they served a timely response, yet now the Plaintiff is deprived of critical discovery due to their willful and contumacious disregard of our demands. Notably New Franklin has not provided an affidavit to support that claim.

Plaintiff's discovery demands were clear, concise and not burdensome. New Franklin understood the nature and relevancy of the documents Plaintiff had requested as evidenced by New Franklin's failure to object or to move for a protective order. Yet, Plaintiff has been compelled to repeatedly write letters to the Court complaining of New Franklin's dilatory tactics. On December 21, 2009, this Court specifically directed New Franklin to produce the requested documents no later than January 15, 2010, and New Franklin promised to comply with the Order. They did not seek clarifications, express any excuse for delay, nor raise any objection. When New Franklin failed to comply, Plaintiff was once again forced to seek the Court's intervention on January 27, 2010. The Court held another telephone conference on January 29, 2010, and counsel for New Franklin promised to comply by Tuesday, February 2, 2010. However, when the deadline arrived, New Franklin did not fulfill its promise and did not provide the documents as promised. See Clarke Declaration at paragraph 41.

When Plaintiff served its document demand dated August 12, 2009, New Franklin should have either interposed an objection or served its response within 30

days as required under FRCP 34. It did not object or produce any documents. When

Plaintiff next served a document demand on November 20, 2009, New Franklin should

have either objected or produced the documents within the prescribed 30 days. It did

not object and did not produce the documents. After being specifically Ordered by this

Court to either object to the demand or produce the documents no later than January

15, 2010, New Franklin did not object and did not produce all of the documents

demanded. Worse still, New Franklin's sole and insufficient response was vague and

confusing.

New Franklin's conduct shows willfulness and should be punished accordingly.

No lesser sanction than striking New Franklin's pleading will suffice under these

circumstances. As then district court judge (now Associate Justice of the United States

Supreme Court) Sonia Sotomayor once stated, "*The sanctions imposed by Rule 37*

*have the immediate effect of insuring compliance with court orders in the particular*

*case and serve to penalize those whose conduct warrant such a sanction.*" 535

Broadway Associates v. Commercial Corp., 159 B.R. 403, 27 Federal Rules Services

3d 1536 (S.D.N.Y. 1993)

In this case, the Court would be fully justified in striking the Answer of the New

Franklin defendants for its willful misconduct and for New Franklin's failure to

comply with your Honor's Orders and our previous demands. There are no other

satisfactory remedies. Extending defendants time to complete discovery, or preclusion

of certain evidence at trial would be inadequate and unjust penalties. A further

extension of time would only give New Franklin another opportunity to protract the inordinate delay already suffered by Plaintiff in the fair and timely the resolution of this tragic case. New Franklin's conduct warrants the extreme penalty of striking its Answer. Plaintiff respectfully submits that this Court would be more than justified in exercising its sound discretion in striking the defendants' Answer and in entering a default judgment in favor of Plaintiff.

**WHEREFORE,** it is respectfully requested that the Court grant the instant motion in its entirety and issue an Order pursuant to Rule 37(b)(2)(c)

1) striking the Answer of defendants **New Franklin Rehabilitation & Health Care Facility, LLC, Franklin Center for Rehabilitation & Nursing, Inc., and Franklin Center for Rehabilitation & Nursing** on the grounds that the Plaintiff has been unduly prejudiced and his case significantly delayed due to the defendants' long history of willful and contumacious conduct, bad faith and fault in inexcusably delaying the completion of discovery; in failing to respond to Plaintiff's Supplemental Demand for Documents from New Franklin dated August 12, 2009, and Plaintiff's Second Demand for Documents from New Franklin dated November 20, 2009; in failing to comply with the Order of this Court dated December 21, 2009; in failing to comply with this Court's directive dated January 29, 2010, to respond to Plaintiff's demands; 2) and upon striking the Answer directing the Clerk to enter a default in favor of Plaintiff; and 3) for such other and further relief as the court deems justified under the circumstances.

Dated: New York, New York

February 8, 2010

                                              Yours, etc.,

                                              LEAHEY & JOHNSON, P.C.
                                              *Attorneys for Plaintiff*
                                              GEORGE W. BROWN
                                              120 Wall Street, Suite 2220
                                              New York, New York 10005
                                              (212) 269-7308

                              BY:   _____
                                              Christopher Delamere Clarke
                                              (CDC-6160)

TO:


Kopff, Nardelli & Dopf, LLP
Attorneys for Defendants
NEW FRANKLIN REHABILITATION & HEALTH CARE FACILITY
FRANKLIN CENTER FOR REHABILITATION & NURSING, INC.
FRANKLIN CENTER FOR REHABILITATION & NURSING
WILLIAM DUKE, M.D.
ISRAEL SHERMAN
440 Ninth Avenue
New York, New York 10001

Martin Clearwater & Bell LLP
Attorneys for Defendant
BROOKDALE HOSPITAL
220 East 42nd Street
New York, NY 10017-5842

Wagner, Doman & Leto, P.C.
Attorneys for Defendant
NY HOSPITAL MEDICAL CENTER OF QUEENS
227 Mineola Blvd.
Mineola, NY 11501