UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

GEORGE W. BROWN,                                    **ECF CASE**

                                                    **Case No.: 08 CV 1093 LMM**

                              Plaintiff,            **Lawrence J. McKenna U.S.D.J.**

   -against-                                 **ON SUBMISSION – DATE &**
                                                    **TIME TO BE DETERMINED**
THE BROOKDALE HOSPITAL MEDICAL                      **BY COURT**
CENTER, NEW FRANKLIN REHABILITATION &
HEALTH CARE FACILITY, LLC, FRANKLIN
CENTER FOR REHABILITATION &
NURSING, INC., FRANKLIN CENTER FOR
REHABILITATION & NURSING, ISRAEL
SHERMAN, WILLIAM DUKE, M.D.,
and THE NEW YORK HOSPITAL MEDICAL
CENTER OF QUEENS,

                              Defendants.

-----------------------------------------------------------------X


## MOTION FOR LEAVE TO FILE FIRST AMENDED ANSWER

Pursuant to the Federal Rules of Civil Procedure 15(a), and having been advised by counsel for the plaintiff that he will not consent to moving defendants', **NEW FRANKLIN REHABILITATION & HEALTH CARE FACILITY, LLC, s/h/a NEW FRANKLIN REHABILITATION & HEALTH CARE FACILITY, LLC, FRANKLIN CENTER FOR REHABILITATION & NURSING, INC., and FRANKLIN CENTER FOR REHABILITATION & NURSING (hereinafter "New Franklin"), ISRAEL SHERMAN, and WILLIAM DUKE, M.D.**, amendment of their Answers, defendants submit this motion requesting leave to file Amended Answers. (Copy of United States

{A0356757.DOC}

Magistrate Judge Henry Pittman's Order dated June 24, 2010, and a copy of plaintiff counsel's correspondence dated June 25, 2010, are attached hereto as **Exhibit "A"**).

## I.  INTRODUCTION

Pursuant to the Federal Rules of Civil Procedure (FRCP) 15(a) defendants, **NEW FRANKLIN, ISRAEL SHERMAN, and WILLIAM DUKE, M.D.**, through their counsel, Kopff, Nardelli & Dopf LLP, respectfully request leave to file First Amended Answers ("Amended Answers") to plaintiff's Complaint. The proposed Amended Answers are attached hereto as **Exhibit "B"**. The Amended Answers are necessary to enable defendants to add an affirmative defense not previously set forth in their original Answers.

Leave to grant defendants' motion to amend is within the sound discretion of this Court; defendants contend their motion should be granted as: (1) plaintiff will not be unfairly prejudiced by the amendment of the Answers; (2) the proposed amendment contains a meritorious defense; (3) defendants have neither previously amended their Answer, nor sought leave to do so; and (4) plaintiff refuses to agree to stipulate to allow defendants to amend their Answers.

## II.  <u>STATEMENT OF FACTS</u>

This action was commenced in February 2008, alleging, *inter alia,* that plaintiff sustained personal injuries due to the actions of the defendants. Plaintiff, George Brown, was a partial quadriplegic when he first came under the care of defendants having been involved in a serious motor vehicle action. Plaintiff's Complaint includes allegations that defendants "warehoused, ignored and abandoned him, treated him as a pariah, allowed infection and deep ulcerations and wounds to develop and remain without treatment or care..." Plaintiff is

{A0356757.DOC}

also claiming injuries allegedly sustained pursuant to New York Public Health Law Section

2801-d, which creates a private cause of action for *alleged* nursing home abuse.

Discovery is not complete in this case and a trial date has not yet been set.

**III.   ARGUMENT**

**A.    The Court should freely grant leave to amend.**

Leave to grant Defendants' motion to amend is within the sound discretion of this

Court. The Federal Rules of Civil Procedure 15(a), sets forth that leave to amend a pleading

"shall be freely given when justice so requires." *Interboro Packaging Corp. v. GP Plastics*

*Corp.* 2004 WL 2173376 (S.D.N.Y.).

**B.    Plaintiff Will Not Be Unfairly Prejudiced By Defendants' Amendment Of Their Answers.**

The plaintiff will not be unfairly prejudiced by amendment of defendants Answers

because plaintiff, by claiming injuries under New York Public Health Law Section 2801-d,

should have anticipated that defendants would have raised this affirmative defense. Further,

substantial discovery has been sought by plaintiff regarding his alleged injuries and claim for

damages. Further, discovery is continuing and in fact, no experts have yet been disclosed by

plaintiff, nor have any expert depositions been taken. A trial date has not been set.

In the absence of countervailing factors such as undue delay, bad faith or dilatory

motive, undue prejudice to the opposing party or futility of amendment, leave to amend shall

be freely given. *Pani v. Empire Blue Cross/Blue Shield* 1996 WL 734889 (S.D.N.Y.), citing

*Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 230, 9 L.Ed.2d 222 (1962).

{A0356757.DOC}

## *CONCLUSION*

For the foregoing reasons, Defendants, **NEW FRANKLIN, ISRAEL SHERMAN,** **and WILLIAM DUKE, M.D.,** respectfully request that this honorable Court grant them leave to file the attached First Amended Answers, adding an affirmative defense under New York Public Health Law section 2801-d.

Dated: August 4, 2010

        Respectfully Submitted,

        KOPFF, NARDELLI & DOPF LLP


        By: _____
             Mary E. Pearson (2999)
             Attorneys for Defendants
             NEW FRANKLIN REHABILITATION &
             HEALTH CARE FACILITY, LLC,
             s/h/a NEW FRANKLIN REHABILITATION
             & HEALTH CARE FACILITY, LLC,
             FRANKLIN CENTER FOR REHABILITATION
             & NURSING, INC., FRANKLIN CENTER
             FOR REHABILITATION & NURSING,
             ISRAEL SHERMAN and WILLIAM DUKE,
             M.D.
             440 Ninth Avenue, 15th Floor
             New York, New York 10001
             (212) 244-2999

TO:   LEAHEY & JOHNSON, P.C.
      Attorneys for Plaintiff
      120 Wall Street, Suite 2220
      New York, New York 10005
      (212) 269-7308

      MARTIN, CLEARWATER & BELL, LLP
      Attorneys for the Defendant
      THE BROOKDALE HOSPITAL MEDICAL CENTER
      220 East 42nd Street
      New York, New York 10017
      (212) 697-3122

{A0356757.DOC}

WAGNER, DOMAN & LETO, P.C.
Attorneys for the Defendant
NEW YORK HOSPITAL MEDICAL
CENTER OF QUEENS
227 Mineola Boulevard
Mineola, New York 11501
(516) 742-1444

**Exhibit A**

-06/23/2010  14:09 FAX  2126430862          KNO LLP                      ☐002/003

# KOPFF, NARDELLI & DOPF LLP

COUNSELLORS AT LAW

440 NINTH AVENUE

NEW YORK, NEW YORK 10001-1688

(212) 244-2999

TELECOPIER: (212) 643-0862

E-MAIL: knd@kndny.com

www.kndny.com

PETER C. KOPFF
GLENN W. DOPF
JOSEPH R. CAMMAROSANO
MICHAEL L. MANCI
MARTIN B ADAMS
EUGENE A WARD
MARY C. PEARSON
CATHERINE R. RICHTER
DENISE SAPANARA
RONNIE M. GRILL
TARA K. CURCILLO
CARAMIA R. HART
SELMA MOY
SUSAN B. FEINGLASS
MARC J. LUST
P. BRUIN HAYS III

VICTOR C. PIACENTILE          EILEEN M. BROWN
HEATHER S. SIEGEL             SETH A. ABRAMS
RALPH A. FOERTSCH             RICHARD M. MANIATIS
AMY C. LOMBARDO               KELLY D. MCINTYRE
PRIYANTHI R. GUNASEKERA       DANA M. ALBERT
BARBARA A. LEONHAUSER
REBECCA S. MOORE

CAMILLO NARDELLI
(1936-1987)

OF COUNSEL
MARIA ELYSE RABAR

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 6/24/10

June 22, 2010

*IN THE ABSENCE OF CONSENT, COUNSEL MUST MAKE A MOTION PURSUANT TO FED. R. CIV. P. 15*

## Via Facsimile 1-212-805-6111

Honorable Magistrate Judge Henry Pitman
Chief United States Magistrate Judge
United States Courthouse
500 Pearl Street – Room 750
New York, New York 10007

**SO ORDERED**

*[signature]*

HENRY PITMAN
**UNITED STATES MAGISTRATE JUDGE**

6-24-10

Re:     **Brown v. The Brookdale Hospital
        Medical Center, et al.
        Docket No. 08 cv 1093**

Dear Honorable Judge Pitman:

        This office represents defendants New Franklin Rehabilitation & Health Care Facility, LLC, Franklin Center for Rehabilitation & Nursing, Inc., Franklin Center for Rehabilitation & Nursing, Israel Sherman and William Duke, M.D.

        We respectfully request leave to amend the Answers served on behalf of our clients, adding an affirmative defense pursuant to New York Public Health Law Section 2801 (d).

        Upon request of the Court, we will promptly provide copies of our clients' proposed Amended Answers.

{A0352249.DOC}

KOPFF, NARDELLI & DOPF LLP

Honorable Magistrate Judge Henry Pitman
June 22, 2010
Page 2

       I thank the Court in advance for its attention to this request.

                          Respectfully submitted,

                          KOPFF, NARDELLI & DOPF LLP

                  By:       _____
                          Mary E. Pearson (2999)

MEP: cmz

cc:   LEAHEY & JOHNSON, P.C.
      Attorneys for Plaintiff
      120 Wall Street – Suite 2220
      New York, New York 10005
      Facsimile (212) 422-4751

      MARTIN, CLEARWATER & BELL, LLP
      Attorneys for the Defendant
      **THE BROOKDALE HOSPITAL MEDICAL CENTER**
      220 East 42nd Street
      New York, New York 10017
      Facsimile (212) 949-7054

      WAGNER, DOMAN & LETO, P.C.
      Attorneys for the Defendant
      **NEW YORK HOSPITAL MEDICAL
      CENTER OF QUEENS**
      227 Mineola Boulevard
      Mineola, New York 11501
      Facsimile (516) 742-1204

{A0352249.DOC}

*Leahey & Johnson, P.C.*
    *Attorneys at Law*

(212) 269-7306
FACSIMILE (212) 422-4751

*120 Wall Street, New York, N.Y. 10005*

June 25, 2010

**VIA FACSIMILE AND FIRST CLASS MAIL**
(212)-643-0862

Kopff, Nardelli & Dopf, LLP
440 Ninth Avenue
New York, New York 10001-1688
Attention: Mary E. Pearson, Esq.

Re:          **George W. Brown v. Brookdale Hospital, New Franklin Rehabilitation
            & Health Care Facility, Franklin Center for Rehabilitation & Nursing,
            Inc., Franklin Center for Rehabilitation & Nursing, William Duke,
            M.D. , Israel Sherman and New York Hospital Queens
            Docket No.: 08 CV 1093 LMM
            Venue: USDC/SDNY**

Dear Ms. Pearson:

        We have received the Court's So-Ordered response to your dated June 22, 2010,
in which you requested leave to amend the Answers of your clients in this case. Please be
advised that the Plaintiff does not consent to an amendment of the Answers served by the
New Franklin defendants and will oppose any such motion under Fed. R. Civ. P. 15.

Brown v Franklin Center for Rehabilitation
Attention:
June 25, 2010
Page 2

Very truly yours,

LEAHEY & JOHNSON, P.C.



Christopher Delamere Clarke
cclarke@leaheyandjohnson.com

MD/md

CC;

Martin Clearwater & Bell, P.C.
Attorneys for Defendant
BROOKDALE HOSPITAL
220 East 42nd Street
New York, New York 10017
Attention: Robert Drucker, Esq
Fax: 212-949-7054

Wagner, Doman & Leto, P.C.
Attorneys for Defendant
NEW YORK HOSPITAL QUEENS
227 Mineola Boulevard
Mineola, New York 11501
Attention: Diana DeLeo, Esq.
Fax: 516-742-1204

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------x

GEORGE W. BROWN,                                    **FIRST**
                                                    **AMENDED ANSWER**
                    Plaintiff,
                                                    08 CV 1093
          -against-
                                                    JURY TRIAL DEMANDED
THE BROOKDALE HOSPITAL MEDICAL CENTER,
NEW FRANKLIN REHABILITATION & HEALTH CARE
FACILITY, LLC, FRANKLIN CENTER FOR
REHABILITATION & NURSING, INC., FRANKLIN
CENTER FOR REHABILITATION & NURSING,
ISRAEL SHERMAN, WILLIAM DUKE, M.D., and
THE NEW YORK HOSPITAL MEDICAL CENTER OF
QUEENS,

                    Defendants.

----------------------------------------x

          Defendant,   NEW   FRANKLIN   REHABILITATION   &   HEALTH   CARE

FACILITY, LLC, s/h/a NEW FRANKLIN REHABILITATION & HEALTH CARE FACILITY,

LLC, FRANKLIN  CENTER  FOR   REHABILITATION  &  NURSING,  INC.,  FRANKLIN

CENTER FOR REHABILITATION & NURSING, by its attorneys, KOPFF, NARDELLI &

DOPF LLP, answers the plaintiff's Complaint as follows, upon information

and belief:

          1.    Denies  each  and  every  allegation  contained  in  the

paragraphs of the Complaint designated "2", "3", "4", "7", "80" and

"81".

          2.    Denies knowledge or information sufficient to form a

belief as to each and every allegation contained in the paragraphs of

the Complaint designated "1", "5", "6", "8", "9", "10", "11", "13",

"18", "19", "20", "21", "22", "23", "24", "25", "26", "27", "28", "29",

"30", "31", "32", "37", "38", "39", "40", "41", "42", "43", "44", "45",

"46", "47", "48", "49", "50", "51", "52", "53", "54", "55", "56", "57",

{A0356852.DOC}

"58", "59", "60", "61", "62", "63", "64", "65", "66", "67", "68", "69", "70", "71", "72", "73", "74", "75", "76", "77", "78" and "79".

<u>AS TO THE FIRST ALLEGED CAUSE OF ACTION</u>

3.   Defendant repeats and reiterates each denial and every denial of knowledge or information sufficient to form a belief as to each of the allegations of the Complaint reiterated and realleged by the plaintiff in the paragraph of the Complaint designated "82".

4.   Denies knowledge or information sufficient to form a belief as to each and every allegation contained in the paragraphs of the Complaint designated "83", "84", "90", "91", "92" and "97".

5.   Denies each and every allegation contained in the paragraphs of the Complaint designated "85", "86", "87", "88", "89", "93", "94", "95" and "96".

<u>AS TO THE SECOND ALLEGED CAUSE OF ACTION</u>

6.   Defendant repeats and reiterates each denial and every denial of knowledge or information sufficient to form a belief as to each of the allegations of the Complaint reiterated and realleged by the plaintiff in the paragraph of the Complaint designated "98".

7.   Denies knowledge or information sufficient to form a belief as to each and every allegation contained in the paragraph of the Complaint designated "99".

8.   Denies each and every allegation contained in the paragraphs of the Complaint designated "100", "101", "102", "103", "104", "105", "106", "107" and "108".

{A0356852.DOC}

## AS TO THE THIRD ALLEGED CAUSE OF ACTION

9.   Defendant repeats and reiterates each denial and every denial of knowledge or information sufficient to form a belief as to each of the allegations of the Complaint reiterated and realleged by the plaintiff in the paragraph of the Complaint designated "109".

10.   Denies knowledge or information sufficient to form a belief as to each and every allegation contained in the paragraphs of the Complaint designated "110", "113" and "117".

11.   Denies each and every allegation contained in the paragraphs of the Complaint designated "111", "112", "114", "115", "116", "118" and "119".

## AS TO THE FOURTH ALLEGED CAUSE OF ACTION

12.   Defendant repeats and reiterates each denial and every denial of knowledge or information sufficient to form a belief as to each of the allegations of the Complaint reiterated and realleged by the plaintiff in the paragraph of the Complaint designated "120".

13.   Denies knowledge or information sufficient to form a belief as to each and every allegation contained in the paragraphs of the Complaint designated "121", "122", "123", "124", "125", "126", "127", "128" and "129".

14.   Denies knowledge or information sufficient to form a belief as to each and every allegation contained in the paragraph of the Complaint designated "130".

{A0356852.DOC}

AS TO THE FIFTH ALLEGED CAUSE OF ACTION

15.    Defendant repeats and reiterates each denial and every denial of knowledge or information sufficient to form a belief as to each of the allegations of the Complaint reiterated and realleged by the plaintiff in the paragraph of the Complaint designated "131".

16.    Denies knowledge or information sufficient to form a belief as to each and every allegation contained in the paragraphs of the Complaint designated "132", "133", "134", "135", "136", "137", "138", "139", "140", "141" and "142".

AS TO THE SIXTH ALLEGED CAUSE OF ACTION

17.    Defendant repeats and reiterates each denial and every denial of knowledge or information sufficient to form a belief as to each of the allegations of the Complaint reiterated and realleged by the plaintiff in the paragraph of the Complaint designated "143".

18.    Denies knowledge or information sufficient to form a belief as to each and every allegation contained in the paragraphs of the Complaint designated "144", "145", "146", "147", "148", "149", "150", "151", "152" and "153".

AS TO THE SEVENTH ALLEGED CAUSE OF ACTION

19.    Defendant repeats and reiterates each denial and every denial of knowledge or information sufficient to form a belief as to each of the allegations of the Complaint reiterated and realleged by the plaintiff in the paragraph of the Complaint designated "154".

20.    Denies knowledge or information sufficient to form a belief as to each and every allegation contained in the paragraphs of the Complaint designated "155", "156", "157", "158", "159", "160" and "165".

{A0356852.DOC}

21.   Denies each and every allegation contained in the paragraphs of the Complaint designated "161", "162", "163" and "164".

### AS TO THE EIGHTH ALLEGED CAUSE OF ACTION

22.   Defendant repeats and reiterates each denial and every denial of knowledge or information sufficient to form a belief as to each of the allegations of the Complaint reiterated and realleged by the plaintiff in the paragraph of the Complaint designated "166".

23.   Denies knowledge or information sufficient to form a belief as to each and every allegation contained in the paragraphs of the Complaint designated "167", "168", "169", "170", "171", "172" and "177".

24.   Denies each and every allegation contained in the paragraphs of the Complaint designated "173", "174", "175" and "176".

### DAMAGES

25.   Denies each and every allegation contained in the paragraph of the Complaint designated "178".

### CERTIFICATE OF MERIT

26.   Denies knowledge or information sufficient to form a belief as to each and every allegation contained in the paragraph of the Complaint designated "179".

> AS AND FOR A FIRST AFFIRMATIVE DEFENSE, DEFENDANT
> NEW FRANKLIN REHABILITATION & HEALTH CARE
> FACILITY, LLC ALLEGES UPON INFORMATION AND BELIEF:

27.   That proper service of process was never effectuated upon the defendant in accordance with the New York Civil Practice Law and Rules, Section 311, and this Court lacks personal jurisdiction over the defendant.

{A0356852.DOC}

AS AND FOR A SECOND AFFIRMATIVE DEFENSE, DEFENDANT
NEW FRANKLIN REHABILITATION & HEALTH CARE
FACILITY, LLC ALLEGES UPON INFORMATION AND BELIEF:

28.  Whatever injuries plaintiff may have sustained at the time and place alleged in the Complaint were caused in whole or in part or were contributed to by the culpable conduct and want of care on the part of the plaintiff and without any negligence or fault or want of care on the part of the defendant and that any award will thereby be proportionately diminished or barred.

AS AND FOR A THIRD AFFIRMATIVE DEFENSE, DEFENDANT
NEW FRANKLIN REHABILITATION & HEALTH CARE
FACILITY, LLC ALLEGES UPON INFORMATION AND BELIEF:

29.  Whatever non-economic injuries plaintiff may have sustained as a result of the wrongdoing alleged in the Complaint will be limited as to the answering defendant by Article 16 of the New York State Civil Practice Law and Rules.

AS AND FOR A FOURTH AFFIRMATIVE DEFENSE, DEFENDANT
NEW FRANKLIN REHABILITATION & HEALTH CARE
FACILITY, LLC ALLEGES UPON INFORMATION AND BELIEF:

30.  Any damages awarded to plaintiff are subject to a set off pursuant to CPLR 4545, to the extent plaintiff received any reimbursement of his damages through any collateral source provider including but not limited to insurer, Workers' Compensation or Social Security/Disability.

{A0356852.DOC}

AS AND FOR A FIFTH AFFIRMATIVE DEFENSE, DEFENDANT
NEW FRANKLIN REHABILITATION & HEALTH CARE
FACILITY, LLC ALLEGES UPON INFORMATION AND BELIEF:

31.   Defendant invokes the protection of Public Health Law 2801(d)(1) with respect to the alleged cause of action for deprivation of the decedent's rights or benefits established for the well being of the resident by the terms of a contract(s) and/or by the terms of State and Federal statutes, rules and regulations, and reserves all its rights pursuant thereto.

WHEREFORE, defendant, NEW FRANKLIN REHABILITATION & HEALTH CARE FACILITY, LLC, demands judgment dismissing the Complaint herein, together with the costs and disbursements of this action.

Dated:   New York, New York
         August 10, 2010

                              Yours, etc.,

                              KOPFF, NARDELLI & DOPF LLP


                    By:   _____
                          Mary E. Pearson (2999)
                          Attorneys for Defendant
                          NEW   FRANKLIN   REHABILITATION   &
                          HEALTH CARE FACILITY, LLC
                          440 Ninth Avenue
                          15th Floor
                          New York, New York 10001
                          (212) 244-2999

TO:   LEAHEY & JOHNSON, PC
      Attorneys for Plaintiff
      120 Wall Street, Suite 2220
      New York, New York  10005
      (212) 269-7308

      MARTIN CLEARWATER & BELL
      Attorneys for Defendant
      THE BROOKDALE HOSPITAL MEDICAL CENTER
      220 East 42nd Street
      New York, New York  10017

{A0356852.DOC}

WAGNER, DOMAN & LETO, P.C.
Attorneys for Defendant
THE NEW YORK HOSPITAL MEDICAL CENTER OF QUEENS
227 Mineola Boulevard
Mineola, New York  11501
(516) 472-1204

{A0356852.DOC}

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------x

GEORGE W. BROWN,

                Plaintiff,

      -against-

THE BROOKDALE HOSPITAL MEDICAL CENTER,
NEW FRANKLIN REHABILITATION & HEALTH CARE
FACILITY, LLC, FRANKLIN CENTER FOR
REHABILITATION & NURSING, INC., FRANKLIN
CENTER FOR REHABILITATION & NURSING,
ISRAEL SHERMAN, WILLIAM DUKE, M.D., and
THE NEW YORK HOSPITAL MEDICAL CENTER OF
QUEENS,

                Defendants.

----------------------------------------x

**FIRST
AMENDED ANSWER**

08 CV 1093

JURY TRIAL DEMANDED

        Defendant, WILLIAM DUKE, M.D., by his attorneys, KOPFF, NARDELLI & DOPF LLP, answers the plaintiff's Complaint as follows, upon information and belief:

        1.    Denies each and every allegation contained in the paragraphs of the Complaint designated "2", "3", "4", "7", "8", "80" and "81".

        2.    Denies knowledge or information sufficient to form a belief as to each and every allegation contained in the paragraphs of the Complaint designated "1", "5", "6", "9", "10", "11", "13", "14", "15", "16", "17", "18", "19", "20", "21", "22", "23", "24", "25", "26", "27", "28", "29", "30", "31", "32", "33", "34", "35", "36", "37", "38", "39", "40", "41", "42", "43", "44", "45", "46", "47", "48", "49", "50", "51", "52", "53", "54", "55", "56", "57", "58", "59", "60", "61", "62", "63", "64", "65", "66", "67", "68", "69", "70", "71", "72", "73", "74", "75", "76", "77", "78" and "79".

{A0356855.DOC}

## AS TO THE FIRST ALLEGED CAUSE OF ACTION

3.      Defendant repeats and reiterates each denial and every denial of knowledge or information sufficient to form a belief as to each of the allegations of the Complaint reiterated and realleged by the plaintiff in the paragraph of the Complaint designated "82".

4.      Denies knowledge or information sufficient to form a belief as to each and every allegation contained in the paragraphs of the Complaint designated "83", "84", "90", "91", "92" and "97".

5.      Denies each and every allegation contained in the paragraphs of the Complaint designated "85", "86", "87", "88", "89", "93", "94", "95" and "96".

## AS TO THE SECOND ALLEGED CAUSE OF ACTION

6.      Defendant repeats and reiterates each denial and every denial of knowledge or information sufficient to form a belief as to each of the allegations of the Complaint reiterated and realleged by the plaintiff in the paragraph of the Complaint designated "98".

7.      Denies knowledge or information sufficient to form a belief as to each and every allegation contained in the paragraph of the Complaint designated "99".

8.      Denies each and every allegation contained in the paragraphs of the Complaint designated "100", "101", "102", "103", "104", "105", "106", "107" and "108".

{A0356855.DOC}

### AS TO THE THIRD ALLEGED CAUSE OF ACTION

9.     Defendant repeats and reiterates each denial and every denial of knowledge or information sufficient to form a belief as to each of the allegations of the Complaint reiterated and realleged by the plaintiff in the paragraph of the Complaint designated "109".

10.    Denies knowledge or information sufficient to form a belief as to each and every allegation contained in the paragraphs of the Complaint designated "110", "113" and "117".

11.    Denies each and every allegation contained in the paragraphs of the Complaint designated "111", "112", "114", "115", "116", "118" and "119".

### AS TO THE FOURTH ALLEGED CAUSE OF ACTION

12.    Defendant repeats and reiterates each denial and every denial of knowledge or information sufficient to form a belief as to each of the allegations of the Complaint reiterated and realleged by the plaintiff in the paragraph of the Complaint designated "120".

13.    Denies knowledge or information sufficient to form a belief as to each and every allegation contained in the paragraphs of the Complaint designated "121", "122", "123", "124", "125", "126", "127", "128" and "129".

14.    Denies knowledge or information sufficient to form a belief as to each and every allegation contained in the paragraph of the Complaint designated "130".

## AS TO THE FIFTH ALLEGED CAUSE OF ACTION

15.   Defendant repeats and reiterates each denial and every denial of knowledge or information sufficient to form a belief as to each of the allegations of the Complaint reiterated and realleged by the plaintiff in the paragraph of the Complaint designated "131".

16.   Denies knowledge or information sufficient to form a belief as to each and every allegation contained in the paragraphs of the Complaint designated "132", "133", "134", "135", "136", "137", "138", "139", "140", "141" and "142".

## AS TO THE SIXTH ALLEGED CAUSE OF ACTION

17.   Defendant repeats and reiterates each denial and every denial of knowledge or information sufficient to form a belief as to each of the allegations of the Complaint reiterated and realleged by the plaintiff in the paragraph of the Complaint designated "143".

18.   Denies knowledge or information sufficient to form a belief as to each and every allegation contained in the paragraphs of the Complaint designated "144", "145", "146", "147", "148", "149", "150", "151", "152" and "153".

## AS TO THE SEVENTH ALLEGED CAUSE OF ACTION

19.   Defendant repeats and reiterates each denial and every denial of knowledge or information sufficient to form a belief as to each of the allegations of the Complaint reiterated and realleged by the plaintiff in the paragraph of the Complaint designated "154".

20.   Denies knowledge or information sufficient to form a belief as to each and every allegation contained in the paragraphs of the Complaint designated "155", "156", "157", "158", "159", "160" and "165".

{A0356855.DOC}

21.   Denies each and every allegation contained in the paragraphs of the Complaint designated "161", "162", "163" and "164".

### AS TO THE EIGHTH ALLEGED CAUSE OF ACTION

22.   Defendant repeats and reiterates each denial and every denial of knowledge or information sufficient to form a belief as to each of the allegations of the Complaint reiterated and realleged by the plaintiff in the paragraph of the Complaint designated "166".

23.   Denies knowledge or information sufficient to form a belief as to each and every allegation contained in the paragraphs of the Complaint designated "167", "168", "169", "170", "171", "172" and "177".

24.   Denies each and every allegation contained in the paragraphs of the Complaint designated "173", "174", "175" and "176".

### DAMAGES

25.   Denies each and every allegation contained in the paragraph of the Complaint designated "178".

### CERTIFICATE OF MERIT

26.   Denies knowledge or information sufficient to form a belief as to each and every allegation contained in the paragraph of the Complaint designated "179".

{A0356855.DOC}

AS AND FOR A FIRST AFFIRMATIVE DEFENSE,
DEFENDANT WILLIAM DUKE, M.D. ALLEGES UPON
INFORMATION AND BELIEF:

27.   That proper service of process was never effectuated upon the defendant in accordance with the New York Civil Practice Law and Rules, Section 311, and this Court lacks personal jurisdiction over the defendant.

AS AND FOR A SECOND AFFIRMATIVE DEFENSE,
DEFENDANT WILLIAM DUKE, M.D. ALLEGES UPON
INFORMATION AND BELIEF:

28.   Whatever injuries plaintiff may have sustained at the time and place alleged in the Complaint were caused in whole or in part or were contributed to by the culpable conduct and want of care on the part of the plaintiff and without any negligence or fault or want of care on the part of the defendant and that any award will thereby be proportionately diminished or barred.

AS AND FOR A THIRD AFFIRMATIVE DEFENSE,
DEFENDANT WILLIAM DUKE, M.D. ALLEGES UPON
INFORMATION AND BELIEF:

29.   Whatever non-economic injuries plaintiff may have sustained as a result of the wrongdoing alleged in the Complaint will be limited as to the answering defendant by Article 16 of the New York State Civil Practice Law and Rules.

{A0356855.DOC}

AS AND FOR A FOURTH AFFIRMATIVE DEFENSE,
DEFENDANT WILLIAM DUKE, M.D. ALLEGES UPON
INFORMATION AND BELIEF:

30.     Any damages awarded to plaintiff are subject to a set off pursuant to CPLR 4545, to the extent plaintiff received any reimbursement of his damages through any collateral source provider including but not limited to insurer, Workers' Compensation or Social Security/Disability.

AS AND FOR A FIFTH AFFIRMATIVE DEFENSE,
DEFENDANT WILLIAM DUKE, M.D. ALLEGES
UPON INFORMATION AND BELIEF:

31.     Defendant invokes the protection of Public Health Law 2801(d)(1) with respect to the alleged cause of action for deprivation of the decedent's rights or benefits established for the well being of the resident by the terms of a contract(s) and/or by the terms of State and Federal statutes, rules and regulations, and reserves all his rights pursuant thereto.

WHEREFORE, defendant, WILLIAM DUKE, M.D., demands judgment dismissing the Complaint herein, together with the costs and disbursements of this action.

Dated:     New York, New York
           August 10, 2010

{A0356855.DOC}

Yours, etc.,

KOPFF, NARDELLI & DOPF LLP

By: _Mary E. P_____
      Mary E. Pearson (2999)
      Attorneys for Defendant
      WILLIAM DUKE, M.D.
      440 Ninth Avenue
      15th Floor
      New York, New York 10001
      (212) 244-2999

TO:    LEAHEY & JOHNSON, PC
       Attorneys for Plaintiff
       120 Wall Street, Suite 2220
       New York, New York  10005
       (212) 269-7308

       MARTIN CLEARWATER & BELL
       Attorneys for Defendant
       THE BROOKDALE HOSPITAL MEDICAL CENTER
       220 East 42nd Street
       New York, New York  10017

       WAGNER, DOMAN & LETO, P.C.
       Attorneys for Defendant
       THE NEW YORK HOSPITAL MEDICAL CENTER OF QUEENS
       227 Mineola Boulevard
       Mineola, New York  11501
       (516) 472-1204

{A0356855.DOC}

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------x

GEORGE W. BROWN,                               **FIRST
                                               AMENDED ANSWER**
                    Plaintiff,
                                               08 CV 1093
          -against-
                                               JURY TRIAL DEMANDED
THE BROOKDALE HOSPITAL MEDICAL CENTER,
NEW FRANKLIN REHABILITATION & HEALTH CARE
FACILITY, LLC, FRANKLIN CENTER FOR
REHABILITATION & NURSING, INC., FRANKLIN
CENTER FOR REHABILITATION & NURSING,
ISRAEL SHERMAN, WILLIAM DUKE, M.D., and
THE NEW YORK HOSPITAL MEDICAL CENTER OF
QUEENS,

                    Defendants.

----------------------------------------x

          Defendant, ISRAEL SHERMAN, by his attorneys, KOPFF, NARDELLI

& DOPF LLP, answers the plaintiff's Complaint as follows, upon

information and belief:

          1.    Denies each and every allegation contained in the

paragraphs of the Complaint designated "2", "3", "4", "7", "80" and

"81".

          2.    Denies knowledge or information sufficient to form a

belief as to each and every allegation contained in the paragraphs of

the Complaint designated "1", "5", "6", "8", "9", "10", "11", "13",

"18", "19", "20", "21", "22", "23", "24", "25", "26", "27", "28", "29",

"30", "31", "32", "37", "38", "39", "40", "41", "42", "43", "44", "45",

"46", "47", "48", "49", "50", "51", "52", "53", "54", "55", "56", "57",

"58", "59", "60", "61", "62", "63", "64", "65", "66", "67", "68", "69",

"70", "71", "72", "73", "74", "75", "76", "77", "78" and "79".

{A0356858.DOC}

## AS TO THE FIRST ALLEGED CAUSE OF ACTION

3.     Defendant repeats and reiterates each denial and every denial of knowledge or information sufficient to form a belief as to each of the allegations of the Complaint reiterated and realleged by the plaintiff in the paragraph of the Complaint designated "82".

4.     Denies knowledge or information sufficient to form a belief as to each and every allegation contained in the paragraphs of the Complaint designated "83", "84", "90", "91", "92" and "97".

5.     Denies each and every allegation contained in the paragraphs of the Complaint designated "85", "86", "87", "88", "89", "93", "94", "95" and "96".

## AS TO THE SECOND ALLEGED CAUSE OF ACTION

6.     Defendant repeats and reiterates each denial and every denial of knowledge or information sufficient to form a belief as to each of the allegations of the Complaint reiterated and realleged by the plaintiff in the paragraph of the Complaint designated "98".

7.     Denies knowledge or information sufficient to form a belief as to each and every allegation contained in the paragraph of the Complaint designated "99".

8.     Denies each and every allegation contained in the paragraphs of the Complaint designated "100", "101", "102", "103", "104", "105", "106", "107" and "108".

## AS TO THE THIRD ALLEGED CAUSE OF ACTION

9.   Defendant repeats and reiterates each denial and every denial of knowledge or information sufficient to form a belief as to each of the allegations of the Complaint reiterated and realleged by the plaintiff in the paragraph of the Complaint designated "109".

10.   Denies knowledge or information sufficient to form a belief as to each and every allegation contained in the paragraphs of the Complaint designated "110", "113" and "117".

11.   Denies each and every allegation contained in the paragraphs of the Complaint designated "111", "112", "114", "115", "116", "118" and "119".

## AS TO THE FOURTH ALLEGED CAUSE OF ACTION

12.   Defendant repeats and reiterates each denial and every denial of knowledge or information sufficient to form a belief as to each of the allegations of the Complaint reiterated and realleged by the plaintiff in the paragraph of the Complaint designated "120".

13.   Denies knowledge or information sufficient to form a belief as to each and every allegation contained in the paragraphs of the Complaint designated "121", "122", "123", "124", "125", "126", "127", "128" and "129".

14.   Denies knowledge or information sufficient to form a belief as to each and every allegation contained in the paragraph of the Complaint designated "130".

## AS TO THE FIFTH ALLEGED CAUSE OF ACTION

15.   Defendant repeats and reiterates each denial and every denial of knowledge or information sufficient to form a belief as to each of the allegations of the Complaint reiterated and realleged by the plaintiff in the paragraph of the Complaint designated "131".

16.   Denies knowledge or information sufficient to form a belief as to each and every allegation contained in the paragraphs of the Complaint designated "132", "133", "134", "135", "136", "137", "138", "139", "140", "141" and "142".

## AS TO THE SIXTH ALLEGED CAUSE OF ACTION

17.   Defendant repeats and reiterates each denial and every denial of knowledge or information sufficient to form a belief as to each of the allegations of the Complaint reiterated and realleged by the plaintiff in the paragraph of the Complaint designated "143".

18.   Denies knowledge or information sufficient to form a belief as to each and every allegation contained in the paragraphs of the Complaint designated "144", "145", "146", "147", "148", "149", "150", "151", "152" and "153".

## AS TO THE SEVENTH ALLEGED CAUSE OF ACTION

19.   Defendant repeats and reiterates each denial and every denial of knowledge or information sufficient to form a belief as to each of the allegations of the Complaint reiterated and realleged by the plaintiff in the paragraph of the Complaint designated "154".

20.   Denies knowledge or information sufficient to form a belief as to each and every allegation contained in the paragraphs of the Complaint designated "155", "156", "157", "158", "159", "160" and "165".

{A0356858.DOC}

21. Denies each and every allegation contained in the paragraphs of the Complaint designated "161", "162", "163" and "164".

### AS TO THE EIGHTH ALLEGED CAUSE OF ACTION

22. Defendant repeats and reiterates each denial and every denial of knowledge or information sufficient to form a belief as to each of the allegations of the Complaint reiterated and realleged by the plaintiff in the paragraph of the Complaint designated "166".

23. Denies knowledge or information sufficient to form a belief as to each and every allegation contained in the paragraphs of the Complaint designated "167", "168", "169", "170", "171", "172" and "177".

24. Denies each and every allegation contained in the paragraphs of the Complaint designated "173", "174", "175" and "176".

### DAMAGES

25. Denies each and every allegation contained in the paragraph of the Complaint designated "178".

### CERTIFICATE OF MERIT

26. Denies knowledge or information sufficient to form a belief as to each and every allegation contained in the paragraph of the Complaint designated "179".

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE, DEFENDANT ISRAEL SHERMAN ALLEGES UPON INFORMATION AND BELIEF:

27. That proper service of process was never effectuated upon the defendant in accordance with the New York Civil Practice Law and Rules, Section 311, and this Court lacks personal jurisdiction over the defendant.

{A0356858.DOC}

AS AND FOR A SECOND AFFIRMATIVE DEFENSE,
DEFENDANT ISRAEL SHERMAN ALLEGES UPON
INFORMATION AND BELIEF:

28.    Whatever injuries plaintiff may have sustained at the time and place alleged in the Complaint were caused in whole or in part or were contributed to by the culpable conduct and want of care on the part of the plaintiff and without any negligence or fault or want of care on the part of the defendant and that any award will thereby be proportionately diminished or barred.

AS AND FOR A THIRD AFFIRMATIVE DEFENSE,
DEFENDANT ISRAEL SHERMAN ALLEGES UPON
INFORMATION AND BELIEF:

29.    Whatever non-economic injuries plaintiff may have sustained as a result of the wrongdoing alleged in the Complaint will be limited as to the answering defendant by Article 16 of the New York State Civil Practice Law and Rules.

AS AND FOR A FOURTH AFFIRMATIVE DEFENSE,
DEFENDANT ISRAEL SHERMAN ALLEGES UPON
INFORMATION AND BELIEF:

30.    Any damages awarded to plaintiff are subject to a set off pursuant to CPLR 4545, to the extent plaintiff received any reimbursement of his damages through any collateral source provider including but not limited to insurer, Workers' Compensation or Social Security/Disability.

AS AND FOR A FIFTH AFFIRMATIVE DEFENSE,
DEFENDANT ISRAEL SHERMAN ALLEGES UPON
INFORMATION AND BELIEF:

31.    Defendant invokes the protection of Public Health Law 2801(d)(1) with respect to the alleged cause of action for deprivation of the decedent's rights or benefits established for the well being of

{A0356858.DOC}

the resident by the terms of a contract(s) and/or by the terms of State and Federal statutes, rules and regulations, and reserves all his rights pursuant thereto.

WHEREFORE, defendant, ISRAEL SHERMAN, demands judgment dismissing the Complaint herein, together with the costs and disbursements of this action.

Dated:     New York, New York
           August 10, 2010

                                    Yours, etc.,

                                    KOPFF, NARDELLI & DOPF LLP


                            By:  _Mary E. P_____
                                 Mary P. Pearson (2999)
                                 Attorneys for Defendant
                                 ISRAEL SHERMAN
                                 440 Ninth Avenue
                                 15th Floor
                                 New York, New York 10001
                                 (212) 244-2999

TO:   LEAHEY & JOHNSON, PC
      Attorneys for Plaintiff
      120 Wall Street, Suite 2220
      New York, New York  10005
      (212) 269-7308

      MARTIN CLEARWATER & BELL
      Attorneys for Defendant
      THE BROOKDALE HOSPITAL MEDICAL CENTER
      220 East 42nd Street
      New York, New York  10017

      WAGNER, DOMAN & LETO, P.C.
      Attorneys for Defendant
      THE NEW YORK HOSPITAL MEDICAL CENTER OF QUEENS
      227 Mineola Boulevard
      Mineola, New York  11501
      (516) 472-1204

{A0356858.DOC}